MICHAEL O'B. BOLDT, ESQ.
**MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**
1300 Mount Kemble Ave.
P.O. Box 2075
Morristown, NJ 07962-2075
(973) 993-8100
Attorneys for Defendants,
Rutgers, The State University of New Jersey and
Jewell Battle, in her Official Capacity as the
OPRA Administrator and Records Custodian of Rutgers University

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

CHRIS DOE,

        Plaintiff,                                 CIVIL ACTION NO.

     vs.                                   **NOTICE OF REMOVAL**
                                         (28 U.S.C. § 1446)

RUTGERS, THE STATE UNIVERSITY
OF NEW JERSEY, and JEWELL BATTLE,
IN HER OFFICIAL CAPACITY AS THE
OPRA ADMINISTRATOR AND RECORDS
CUSTODIAN OF RUTGERS UNIVERISTY,
          Defendants.

To:          Clerk
               United States District Court
               District of New Jersey
               Clarkson S. Fisher Building & U.S. Courthouse
               402 East State Street Room 2020
               Trenton, NJ 08608

On Notice to:   Clerk
               Superior Court of New Jersey
               Law Division – Middlesex County
               56 Paterson St.
               New Brunswick NJ 08903

COHN LIFLAND PEARLMAN
HERRMANN & KNOPF LLP
Walter M. Luers, Esq.
Park 80 West - Plaza One
250 Pehle Avenue, Suite 401
Saddle Brook, New Jersey 07663

JAMIE EPSTEIN, ESQ.
17 Fleetwood Drive
Hamilton, New Jersey 08690
Telephone: 856.979.9925
Attorneys for Plaintiff

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1331 and 1441, *et seq.*, defendants, Rutgers, The State University of New Jersey ("University") and Jewell Battle, in her Official Capacity as the OPRA Administrator and Records Custodian of Rutgers University ("Administrator") (together, "Defendants"), by their undersigned attorneys, hereby remove this action captioned Chris Doe vs. Rutgers, The State University of New Jersey and Jewell Battle, in her Official Capacity as the OPRA Administrator and Records Custodian of Rutgers University, Docket No. MID-L-05051-21 from the Superior Court of New Jersey, Law Division, Middlesex County, to the United States District Court, District of New Jersey.

**PLEASE TAKE FURTHER NOTICE** that a copy of this Notice of Removal is being filed with the Clerk of the Superior Court of New Jersey, Law Division, Middlesex County, and is being served on counsel for all named parties, thereby effecting removal pursuant to 28 U.S.C. § 1446(d).

**PLEASE TAKE FURTHER NOTICE** that by effecting removal of this civil action, Defendants reserve all rights to raise any and all defenses available under the Federal Rules of Civil Procedure including, but not limited to, Federal Rule of Civil Procedure 12.

**PLEASE TAKE FURTHER NOTICE** that in support of this removal, Defendants rely upon the following:

1.       The University and the Administrator are defendants in the civil action filed on August 26, 2021 in the Superior Court of New Jersey, Law Division, Middlesex County, Docket Number Docket No. MID-L-05051-21 and served on the Administrator on September 15, 2021. True and accurate copies of the Order to Show Cause, Amended Verified Complaint, Certification of Jaime Epstein and Brief served on the Administrator, are attached hereto as Exhibit A through D.

2.       Defendants are removing this action pursuant to 28 U.S.C. § 1331 to the United States District Court for the District of New Jersey, which is the judicial district and division in which the action is pending, based upon the existence of federal questions in this case, including the assertion of claims by plaintiff Chris Doe that the University is allegedly in violation of the federal Family Educational Rights and Privacy Act of 1974 ("FERPA"), 20 U.S.C.A. §1232g(a)(1), and its implementing regulations 34 C.F.R. § 99.11. See First Amended Verified Complaint (attached as Exhibit B), ¶ 59 ("as a matter of law, Defendants are prohibited from charging a student for the costs to search for or retrieve the student's own education records. 34 C.F.R. § 99.11(b), 20 U.S.C.A. §1232g(a)(1)"); Brief of Plaintiff in support of Order to Show Cause (attached as Exhibit C) at 2 (same), 8 ("Defendants denial of access to Plaintiffs student records unless a $7,020 special service charge is paid violates OPRA because a special service charge related to the retrieval of student records is prohibited by FERPA. 34 CFR § 99.11(b), 20 U.S.C. 1232g(a)(1)"). Plaintiff's Brief further states:

> But, it is not necessary to jump to disputing the service charge because a service charge is prohibited by the controlling federal law governing student records, to wit, FERPA, 20 U.S.C. 1232g(a)(1). Custodians must comply with all other applicable law that governs the type of record requested and in this case FERPA governs the requested student records. [Doe vs. Rutgers, 466 N.J. Super. 14, 24-26 (App. Div. 2021)]. Specifically, 34 C.F.R. 99.11 (b) states "An educational agency or institution may not charge a fee to search for or to retrieve the education

> records of a student." Here, Defendants prohibited $7,020 service charge constitutes a denial of access in violation of OPRA. Accordingly, the Court should disallow the special service charge and grant Plaintiffs proposed Order for access to his own student records within the requested identified emails.

(At 13.)

3.    Thus, this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

4.    Removal is therefore appropriate pursuant to 28 U.S.C. § 1441 *et seq*.

5.    Venue is appropriate because the state court action was filed within this district. 28 U.S.C. § 1441(a).

6.    This Notice of Removal is timely because it is filed in this court within 30 days after the receipt by the Administrator of a copy of the Order to Show Cause and Amended Verified Complaint in this action, which occurred on September 15, 2021. Removal is therefore timely under 28 U.S.C. § 1446(b).

7.    The University, which has not been properly served with the Order to Show Cause, Amended Verified Complaint or previously filed Verified Complaint, joins in the removal of the action. Although not properly served, the University learned of the pendency of this action through informal notice from plaintiff's counsel to outside counsel for the University on August 30, 2021.

8.    In accordance with 28 U.S.C. § 1447(b) there are attached to this Notice of Removal true and correct copies of all pleadings, process and orders served upon Defendants by the plaintiff in this case. See Exhibits A through E.

9.    In accordance with 28 U.S.C. § 1447(b) Defendants shall give prompt written notice of the removal of this case to the plaintiff, and shall file a copy of this Notice of Removal with the Clerk of the Superior Court of New Jersey, Law Division, Middlesex County.

WHEREFORE, defendants Rutgers, The State University of New Jersey and Jewell Battle, in her Official Capacity as the OPRA Administrator and Records Custodian of Rutgers University, respectfully request that this case proceed before this Court as an action properly removed.

MCELROY, DEUTSCH, MULVANEY
& CARPENTER, LLP
Attorneys for Defendants
Rutgers, The State University of New Jersey and
Jewell Battle, in her Official Capacity as the
OPRA Administrator and Records Custodian of Rutgers
University


By:  *s/Michael O'B. Boldt*
        Michael O'B. Boldt

Date:  September 29, 2021




4511339

# EXHIBIT A

COHN LIFLAND PEARLMAN
HERRMANN & KNOPF LLP
Walter M. Luers, Esq., No. 034041999
Park 80 West - Plaza One
250 Pehle Avenue, Suite 401
Saddle Brook, New Jersey 07663
(201) 845-9600
JAMIE EPSTEIN, ESQ.- 000000059920
17 Fleetwood Drive
Hamilton, New Jersey 08690
Telephone: 856.979.9925
Attorneys for Plaintiff

| | |
|---|---|
| Chris Doe,                               Plaintiff,<br>v.<br>RUTGERS, THE STATE UNIVERSITY OF<br>NEW JERSEY and Jewell Battle in his official<br>capacity as the OPRA ADMINISTRATOR and<br>RECORDS CUSTODIAN of Rutgers University,<br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: MIDDLESEX COUNTY<br>DOCKET NO. MID-L- 5051 - 21<br>CIVIL ACTION<br>**ORDER TO SHOW CAUSE** |

THIS MATTER being brought before the Court by Walter M. Luers, ESQ., attorney for

Plaintiff S.B., seeking relief by way of summary action pursuant to R. 4:67-1 and 2(a), based upon the

facts set forth in the verified complaint and supporting papers filed herewith; and the Court having

determined that this matter may be commenced by order to show cause as a summary proceeding

pursuant to N.J.S.A. 47:1A-6 and for good cause shown,

IT IS on this 9th _____ day of September _____, 2021 ORDERED that the Defendants

Rutgers, The State University of New Jersey and Jewell Battle in her official capacity as the OPRA

Administrator and Records Custodian of Rutgers University appear and Chris Doe is a fictitious name

used to protect the plaintiff/student's right to confidentiality of the plaintiff/student's records under state

and federal law which are the subject of civil action. Family Educational Rights and Privacy Act of

1974 (FERPA), 20 U.S.C.S. § 1232g, New Jersey Pupil Records Act, N.J.S.A. § 18A:36-19, *L.R. v.*

*Camden City Pub. Sch. Dist.*, 452 N.J. Super. 56, 86 (NJAD 2017) ("to safeguard the reasonable

privacy interests of parents and students against the opposing interests of third parties who may seek

access to their student records ") show cause on the 27th day of September _____,

2021 before the Honorable DENNIS V. NIEVES _____, at the

Middlesex County Courthouse, 56 Paterson Street, New Brunswick, New Jersey at 2 o'clock in the

____after noon or as soon thereafter as counsel can be heard, why judgment should not be entered:

      A. Ordering Defendants to provide copies of records in pdf media of:

          De-identified disciplinary records of other Rutgers Newark Graduate Students

charged with a separable offense;

          Plaintiff's own student records of Defendants' communications making

reference to Plaintiff as requested by Plaintiff in Plaintiff's OPRA Request of 4/3/21 and

4/13/21; and

          After *in-camera* review, the non-privileged portion of the redacted 102 page

record in response to item 4, OPRA search/response records improperly asserting

various privileges.

      B. An award of costs of this action and reasonable attorneys' fees;

      C. Such other, further and different relief as the Court may deem equitable

and just.

      IT IS FURTHER ORDERED AS FOLLOWS:

      A. A copy of this order to show cause, verified complaint and all supporting

affidavits or certification submitted in support of this application be served upon the Defendants

PERSONALLY OR BY OVERNIGHT DELIVERY WITH SIGNATURE CONFIRMATION ONLY

within seven (7) days of the date hereof, in accordance with Rules 4:4-3 and R. 4:4-4, this being

original process. DELIVERY BY REGULAR MAIL AND CERTIFIED MAIL, RETURN RECEIPT

REQ-UESTED, SHALL NOT CONSTITUTE EFFECTIVE SERVICE.

      B. The plaintiff must file with the Court their proof of service of the pleadings on the

Defendants no later than three (3) days before the return date.

C. Defendants shall file and serve a written answer, an answering affidavit or a motion returnable on the return date to this order to show cause and the relief requested in the verified complaint and proof of service of the same within fifteen (15) days of service. The answer, answering affidavit or a motion, as the case may be, must be filed ~~with the Clerk of the Superior Court in Middlesex County and a courtesy copy of the papers must be sent directly to the chambers of~~ via eCourts ~~_____ by hand delivery or overnight carrier.~~

D. The plaintiff must file and serve any written reply to the defendants' order to show cause opposition by no later than three (3) days before the return date. The reply papers must be filed ~~with the Clerk of the Superior Court in Middlesex County and a courtesy copy of the reply papers must be sent directly to the chambers of _____ by hand delivery or overnight carrier.~~ via eCourts

E. If the defendants do not file and serve opposition to this order to show cause, the application may ~~will~~ be decided on the papers on the return date and relief may be granted by default, provided that the plaintiff files a proof of service and a proposed form of order at least three (3) days prior to the return date.

F. If the plaintiff has not already done so, a proposed form of order addressing the relief sought on the return date (along with a self-addressed return envelope with return address and postage) must be submitted to the court no later than three (3) days before the return date.

G. Defendants take notice that the Plaintiff has filed a lawsuit against you in the Superior Court of New Jersey. The verified complaint attached to this order to show cause states the basis of the lawsuit. If you dispute this complaint, you, or you attorney, must file a written answer, answering affidavit or a motion returnable on the return date to the order to show cause and proof of service before the return date of the order to show cause.

H. These documents must be filed ~~with the Clerk of the Superior Court~~ in the county listed via eCourts above. A directory of these offices is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf. Include a

$175 filing fee payable to the "Treasurer State of New Jersey." You must also send a copy of your answer, answering affidavit or motion to the Plaintiff's attorney whose name and address appear above, or to the Plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve your answer, answering affidavit or motion with the fee or judgment may be entered against you by default.

I. If you cannot afford an attorney, you may call the Legal Services office in the county in which you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJLAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.us/prose/10153_deputyclerklawref.pdf.

J. The Court will entertain argument, but not testimony, on the return date of the order to show cause, unless the Court and parties are advised to the contrary no later than three days before the return date.

K. ABSENT A SHOWING OF EXCEPTION AND UNFORESEEN CIRCUMSTANCES, THE COURT WILL NOT ENTERTAIN ADJOURNMENT REQUESTS RECEIVED ON THE DAY BEFORE THE RETURN DATE.

/s/ Dennis V. Nieves

HON. DENNIS V. NIEVES JSC

# EXHIBIT B

COHN LIFLAND PEARLMAN
HERRMANN & KNOPF LLP
Walter M. Luers, Esq., No. 034041999
Park 80 West - Plaza One
250 Pehle Avenue, Suite 401
Saddle Brook, New Jersey 07663
(201) 845-9600
JAMIE EPSTEIN, ESQ.- 008081990
17 Fleetwood Drive
Hamilton, New Jersey 08690
Telephone: 856.979.9925
Attorneys for Plaintiff

| | |
|---|---|
| Chris Doe[1],            Plaintiff,<br>v.<br>RUTGERS, THE STATE UNIVERSITY OF NEW JERSEY and Jewell Battle in her official capacity as the OPRA ADMINISTRATOR and RECORDS CUSTODIAN of Rutgers University, Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: MIDDLESEX COUNTY<br>DOCKET NO. MID-L-005051-21<br>CIVIL ACTION<br>**FIRST AMENDED VERIFIED COMPLAINT** |

Plaintiff Chris Doe, through counsel, Law Offices of Walter M. Luers, LLC &

Jamie Epstein, Attorney at Law, and by way of verified complaint against the Defendants

Rutgers, The State University of New Jersey and Jewell Battle in her official capacity as the

OPRA Administrator and Records Custodian of Rutgers University, alleges as follows:

### PRELIMINARY STATEMENT

1.      This is an action under the Open Public Records Act, N.J.S.A. 47:1A-1 et seq., seeking a copy

of his own student records from 1/1/17 to the present and the de-identified disciplinary records of other

Rutgers Newark Graduate Students charged with a separable offense as per Plaintiff's OPRA Request

received by Defendant on 4/3/21 and 4/13/21.

### PARTIES

---

1 Chris Doe is a fictitious name used to protect the plaintiff/student's right to confidentiality of the plaintiff/student's records under state and federal law which are the subject of civil action. The *Federal Family Educational Rights and Privacy Act of 1974* (FERPA), 20 U.S.C.S. § 1232g, *New Jersey Pupil Records Act*, N.J.S.A. § 18A:36-19, *L.R. v. Camden City Pub. Sch. Dist.*, 452 N.J. Super. 56, 86 (NJAD 2017) ("to safeguard the reasonable privacy interests of parents and students against the opposing interests of third parties who may seek access to their student records ")

2. Plaintiff Chris Doe is a citizen of the State of New Jersey, a natural person and a former student of Rutgers University. Chris Doe's current State of residence is New Jersey.

3. Defendant Rutgers, the State University of New Jersey, is a public entity of the State of New Jersey and is a public agency within the meaning of N.J.S.A. 47:1A-1.1. With respect to requests for public records, on information and belief, Rutgers' principal place of business is 65 Bergen Street, Suite 1346, Newark, New Jersey. Rutgers is a public institution of higher education and is subject to all applicable state and federal laws pertaining to the maintenance and dissemination of its students' records.

4. Defendant Jewell Battle, sued in her official capacity as the OPRA Administrator and Records Custodian of Rutgers, is a "custodian of a government record" as that term is defined by OPRA, N.J.S.A. 47:1A-1.1. On information and belief, Defendant University Custodian of Records' principal place of business is 65 Bergen Street, Suite 1346, Newark, New Jersey.

## JURISDICTION AND VENUE

5. Venue is properly laid in Middlesex County. R. 4:3-2(a).

6. This Court has subject matter jurisdiction pursuant to OPRA, N.J.S.A. 47:1A-6.

## FACTUAL ALLEGATIONS

7. From September 2010 to October 2017, Plaintiff was a student at Rutgers University in the graduate school of business - Newark.

8. While at Rutgers University, all of Plaintiff's personally identifiable student records were non-public records because of Plaintiff's's status as a student.

9. Rutgers University receives funding under programs that are administered by the United States Department of Education. As such, Rutgers University is subject to the Family Educational Rights and Privacy Act ("FERPA"), which requires Rutgers University to not disclose personally identifiable

2

information from a student's records. Doing so risks loss of funding.

10.     Because Plaintiff was a student of Rutgers, Plaintiff was within the class of persons whose

personally identifiable information was protected by FERPA.

11.     Rutgers University's duty to safeguard the privacy of Plaintiff's personally identifiable

information continues indefinitely, regardless of whether Plaintiff is a student at Rutgers.

## I.      THE 4/3/21 OPRA REQUEST (OPRA1)

12.     Via 4/3/21, email, Plaintiff's attorney, Jamie Epstein, Esquire, transmitted Plaintiff's OPRA

Request for Defendants to deliver the following records in pdf format via email:

> Records, whether in electronic or paper media, which make reference to [plaintiff's
> name, initials and student id #]. Documents requested include, but are not limited to:
> **(1) academic records:** [plaintiff's initials] file kept by Dr. Edward Bonder, Associate Professor,
> Faculty Arts and Sciences - Department of Biological Sciences; (b) Dr. Wayne Eastman,
> Professor Rutgers Business School – Supply Chain Management; (c) Dr. Francis Bartkowski,
> Professor Faculty Arts and Sciences – Department of English; (d) Dr. Kinna Perry, Associate
> Dean Graduate School-Newark; (e) Dr. Kyle Farmbry, Dean of the Graduate School-Newark.
> Date range 1/1/17 to present.
> **(2) communications records** such as emails, memos, text messages, voice mail, letters, etc.,
> sent or received by staff, administrators, contractors or agents of the University.
> **search information:**
> **senders or recipients**: Dr. Edward Bonder, Associate Professor, Faculty Arts and Sciences -
> Department of Biological Sciences; (b) Dr. Wayne Eastman, Professor Rutgers Business School
> – Supply Chain Management; (c) Dr. Francis Bartkowski, Professor Faculty Arts and Sciences –
> Department of English; (d) Dr. Kinna Perry, Associate Dean Graduate School-Newark; (e) Dr.
> Kyle Farmbry, Dean of the Graduate School-Newark: (e) [plaintiff's real name] or [plaintiff's
> initials]
> **body or subject:** [plaintiff's name] or [plaintiff's initials].
> **date range:** 1/1/2017 to present
> **(3) other student discipline records:** with all personal identification information (PII)
> redacted: the disciplinary case file of any Rutgers Newark Graduate Student charged with a
> separable[2] offense from 1/1/2015 to present.

---

2   (this footnote was appended to item #3) A separable offense is defined by Rutgers University as, "*2. Separable
*Violations*  Separable violations are very serious violations of academic integrity that affect a more significant portion of
the coursework compared to nonseparable violations. Separable violations are often characterized by substantial
premeditation or planning and clearly dishonest or malicious intent on the part of the student committing the violation.
Below are some examples of violations that are most often considered separable. Again, the list is certainly not
exhaustive and classification of a given violation as separable or nonseparable is always heavily dependent on the exact
facts and circumstances of the violation.
    ·   A second nonseparable violation.
    ·   Substantial plagiarism on a major assignment.
    ·   Copying or using unauthorized materials, devices, or collaboration on a major exam.

3

**4. OPRA Requests Response Search Records:**
a. Emails with attachments of the University Ethics and Compliance Office of the Custodian's search in response to [plaintiff 's] OPRA Request of 3/13/18 or 3/16/18.
b. The metadata showing the folders, sub-folders and files containing the records of the Records Custodian's search in response to [plaintiff's] OPRA Request of 3/13/18 or 3/16/18 Record Request.

13. Attached to the 4/3/21 OPRA Request was Plaintiff's executed Authorization for Defendants to provide the records to Plaintiff's attorney, Jamie Epstein, Esquire.

13.A. The identified professors were exclusively involved in Plaintiff's discipline except.

14. On 4/14/21, Defendant responded to Plaintiff's 4/3/21 OPRA Request:

In regards to item 1, academic records, Defendant provided the following partial response: Please see attached for academic records provide by Dr. Edward Bonder in response to this portion of the request consisting of 2 files (Impact_of_Employee_Referral_copy.pdf and Wentzel_Tomczak_Henkel_2014.pdf ) and requested an extension to 4/22/21.
In regards to item 2, communication records, Defendant requested an extension to 4/22/21.
In regards to item 3, other students' disciplinary records, Defendants denied the request as overly-broad.
In regards to item 4, Defendant requested an extension to 4/22/21.

15. On 4/22/21, in response to the 4/3/21 request, Defendants provided 2 records in response to item 1, academic records (truman_thesis.pdf and Hearing_Board_Roster.pdf) and requested an extension to 4/28/21.

16. On 4/28/21, Defendants provided 5 records in response to item 1, academic records (Al_Prelim_Report.(1).pdf, Comparison_Report_(1).docx, Open_Case.docx Prelim_Al_Report.pdf, [plaintiffs name].pdf ) and extended their response to 5/6/21.

17. On 5/6/21, Defendants extended their response deadline to 5/13/21.

18. On 5/13/21, Defendants extended their response deadline to 5/20/21.

- Having a substitute take an examination.
- Making up or falsifying evidence or data or other source materials for a major assignment, including falsification by selectively omitting or altering data that do not support one's claims or conclusions.
- Facilitating dishonesty by another student on a major exam or assignment.
- Intentionally destroying or obstructing another student's work.
- Knowingly violating research or professional ethics.
- Any violation involving potentially criminal activity."

4

19.    On 5/20/21, Defendants extended their response deadline to 5/27/21.

20.    On 5/27/21, Defendants provided 1 heavily redacted 102 page record in response to item 4,

OPRA search/response records asserting various privileges (i.e., attorney-client, work product,

deliberative, etc.)

21.    On 5/27/21, Defendants extended their response deadline to 6/3/21.

22.    On 6/3/21, Defendants extended their response deadline to 6/10/21.

23.    On 6/10/21, Defendants advised they had located 1,400 responsive records and asked if the

search criteria could be narrowed.

24.    On 6/10/21, Plaintiff responded,

"its been over 2 months since the request was received by your office. you are saying request
#2, where "[plaintiff] is in the subject or body of the communication record", there are 1200
records? I can narrow the request by eliminating sender/recipient "(e) [plaintiff's name]
[plaintiff's name] or [plaintiff's initials]", how many responsive records do you get now?
remember to include any attachments to the emails."

25.    On 6/10/21, Defendants extended their response deadline to 6/15/21.

26.    On 6/16/21, Defendants requested the search criteria of "plaintiff's initials" be eliminated.

27.    On 6/16/21, Plaintiffs responded, as per the 6/10/21 email plaintiff's name and initials may only

be eliminated from the sender/recipient search criteria.

28.    On 6/16/21, Defendants extended their response deadline to 6/23/21.

29.    On 6/17/21, Plaintiff wrote Defendant, the request is over 2 months old how many records have

you found are responsive to each item, 1. , 2. , 3?

30.    On 6/22/21, Defendants wrote Plaintiffs;

Please note the following regarding your request:
1. We have provided you responsive records for portion 1 of your request. The number of pages
for these records does not count towards the calculation of the special services fee.
2. In accordance with your previous correspondence, we are not processing the portion of your
request seeking [plaintiff's name] [plaintiff's name]'s emails. The number of responsive records
are as follows for the remainder of individuals identified in this portion of your request:

5

- Bonder: 134 pages of responsive email records
- Bartkowski: 372 pages of responsive email records
- Perry: 751 pages of responsive email records
- Farmbry: 703 pages of responsive email records

The total number of pages of responsive email records is 1960. The University understands that you do not wish to further narrow your request. Please see below for information regarding the special services fee to process portion 2 of your request.

Pursuant to N.J.S.A. 47:1A-5(c), an agency is authorized to impose a special service charge where the agency must make an extraordinary expenditure of time and effort to accommodate a request to inspect government records.

This request has 1,960 pages to be reviewed and potentially redacted. At the rate of 40 pages per hour, the request will require 49 hours. As the University does not charge for the first four hours of review and redaction, the special services fee shall be $2,025 based on 45 hours at $45.00 dollars per hour, as summarized below:

Total Pages: 1960
Total time for review/redaction (40 pages/hour): 49 hours
Actual cost ($45.00/hour x 49 hours): $2,205
Total waived ($45.00 x first 4 hours): $180.00
Total charged: $2,025

If you choose to request the records, you must pay the special service charge prior to the work commencing.


## II. THE 4/13/21 OPRA REQUEST (OPRA2)

31.    On 4/13/21, Plaintiff submitted another OPRA Request:

Records, whether in electronic or paper media, which make reference to [plaintiff's name, initials, student id #] Documents requested include, but are not limited to:

**(1) academic records:** [plaintiff's initials]'s file kept by (a) Dr. Daniel Wentzel, Distinguished Professor Materials Science and Engineering and (b) Dr. Sengu Yeniyurt, Dean's Research Professor and the Chair of the Marketing Department . Date range 1/1/17 to present.

(2) **communications records** such as emails, memos, text messages, voice mail, letters, etc., sent or received by staff, administrators, contractors or agents of the University.

**search information:**
**senders or recipients:** (a) Dr. Daniel Wentzel, Distinguished Professor Materials Science and Engineering and (b) Dr. Sengu Yeniyurt, Dean's Research Professor and the Chair of the Marketing Department . (e) [plaintiff] or [plaintiff's initials]
**body or subject:** [plaintiff] or [plaintiff's initials]
**date range:** 1/1/2017 to present
**(3) OPRA Requests Response Search Records:**
    a. Emails with attachments of the University Ethics and Compliance Office of the Custodian's search in response to [plaintiff's] OPRA Request of 4/6/21.
    b. The metadata showing the folders, sub-folders and files containing the records of the Records Custodian's search in response to [plaintiff's] OPRA Request of 4/6/21.

6

32.   Attached to the 4/13/21 OPRA Request was Plaintiff's executed Authorization for Defendants to provide the records to Plaintiff's attorney, Jamie Epstein, Esquire.

34.   The identified professors were exclusively involved in Plaintiff's discipline except for Professor Yeniyurt, who was Plaintiff's professor before he was involved in Plaintiff's discipline..

33.   On 4/22/21, Defendants extended their response deadline to 4/29/21.

35.   On 4/29/21, Defendants extended their response deadline to 5/6/21.

36.   On 5/6/21, Defendants extended their response deadline to 5/13/21.

37.   On 5/13/21, Defendants extended their response deadline to 5/20/21.

38.   On 5/20/21, Defendants extended their response deadline to 5/27/21.

39.   On 5/27/21, Defendants extended their response deadline to 6/3/21.

40.   On 6/3/21, Defendants extended their response deadline to 6/10/21.

41.   On 6/10/21, Defendants extended their response deadline to 6/15/21.

42.   On 6/17/21, Defendants extended their response deadline to 6/22/21.

43.   On 6/24/21, Defendants extended their response deadline to 7/1/21.

44.   On 7/3/21, Defendants extended their response deadline to 7/9/21.

45.   On 7/12/21, Defendants provided the following 5 records to request 1 academic information;

([plaintiff] NOTES.docx, Event_Data_Term_Paper_-_Truman_[plaintiff].docx

truman_thesis.pdf, truman_thesis_highlights.pdf, [plaintiff] _Thesis_Highlighted.pdf )

46.   Also on 7/12/21, Defendant wrote Plaintiff in response to Request 2 for communication records:

> We are only able to process the portions of your request seeking communications records of Dr. Sengu Yeniyurt and [plaintiff's name]. We were not able to conduct a search of Dr. Wentzel's emails as he is not in our IT system. However, we have included his name as a keyword in the search of Dr. Yeniyurt and [plaintiff's name]'s emails in addition to the keywords you provided. As stated in your other public records request, we are aware that you do not wish to narrow: The number of responsive records are as follows for the remainder of individuals identified in this portion of your request:
> - Yeniyurt: 4031 pages of responsive email records
> - [plaintiff's name]: 577 pages of responsive email records

7

The total number of pages of responsive email records is 4608. Please see below for information regarding the special services fee to process portion 2 of your request.

Pursuant to N.J.S.A. 47:1A-5(c), an agency is authorized to impose a special service charge where the agency must make an extraordinary expenditure of time and effort to accommodate a request to inspect government records.

This request has 4608 pages to be reviewed and potentially redacted. At the rate of 40 pages per hour, the request will require 115 hours. As the University does not charge for the first four hours of review and redaction, the special services fee shall be $4995 based on 111 hours at $45.00 dollars per hour, as summarized below:

Total Pages: 4608
Total time for review/redaction (40 pages/hour): 115 hours
Actual cost ($45.00/hour x 49 hours): $5175
Total waived ($45.00 x first 4 hours): $180
Total charged: $4995

If you choose to request the records, you must pay the special service charge prior to the work commencing.

### III.    *Doe v. Rutgers, State Univ. of N.J.*, 466 N.J. Super. 14 (NJAD 2021)

46.    On 1/12/21, the Appellate Division decided the parties' prior OPRA civil action on appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-1651-18.

47.    The Court reversed and required Rutgers provide Doe access to his own academic transcripts, discipline records, and financial records because the request was not overly broad.

48.    The Appellate Division affirmed the denial of the request for access to other types of his student records such as communication records making reference to Doe as overly broad. *Id.* at 28-29

49.    On 4/2/21, Defendants sent 367 pages of records purportedly in compliance with the 1/12/21 Order of the Appellate Division for Plaintiff's own academic transcripts, discipline records, and financial records.

50.    The 4/3/21 and 4/13/21 OPRA Requests included  requests for communication records of professors (see ¶¶ 12, 13A, 31, 34, *infra.*) who were exclusively involved in Plaintiff's discipline which were Plaintiff's discipline records subject to the Order for access of the Appellate Division.

51.    Specifically, in regards to Plaintiff's prior request for de-identified disciplinary records of other

Rutgers Newark Graduate Students charged with a separable offense, the Appellate Division, at 30, held,

> Lastly, we turn to Request Five seeking disciplinary files — with PII redacted — of all Rutgers Newark graduate students charged with a separable offense from January 1, 2013 to the present. Despite plaintiff's efforts to comply with OPRA's requirement that student records not disclose the student's identity, N.J.S.A. 47:1A-1.1, the trial court was correct in ruling the records were not subject to disclosure because the request was overbroad. Plaintiff fails to provide any reference to disciplinary guidelines indicating what charge might result in a student being separated or expelled from a graduate program. Leaving it to defendants to research and compile a database to determine what discipline records were exempted or could be redacted makes the request overbroad.

52.    Plaintiff's 4/3/21 OPRA Request, item 2 request (*supra*, ¶12, n. 2), fully conforms with the Appellate Division's specifications as how to properly delineate the request for de-identified other students' disciplinary records.

## FIRST COUNT

### (OPEN PUBLIC RECORDS ACT – N.J.S.A. 47:1A-1, ET SEQ.)

53.    Plaintiff hereby repeats and incorporates by reference paragraphs 1-52 of this Verified Complaint.

54.    Defendants' denial of access to Plaintiff's 4/3/21 OPRA Request, item 2, for de-identified disciplinary records of other Rutgers Newark Graduate Students charged with a separable offense because it was overly-broad (*supra*, ¶14) constituted a denial of access in violation of OPRA.

55.    Plaintiff's 4/3/21 and 4/13/21 Request for communication records were with professors who were exclusively involved in Plaintiff's discipline (except for Professor Yeniyurt who was involved in both Plaintiff's academics and discipline).

56.    Those communication records were Plaintiff's own discipline records.

57.    On 1/12/21, the Appellate Division ordered Defendants to give Plaintiff access to his own discipline records.

57.    By failing to give Plaintiff access to his own discipline records, Defendant's violated the

9

Appellate Division's Order.

58.    Defendants' service charges of $2,025 and $4,995 constitute a denial of access to Plaintiffs' 4/3/21 and 4/13/21 request for 7,020 pages of Plaintiff's own student discipline records of Defendants' communications making reference to Plaintiff.

59.    As matter of law, Defendants are prohibited from charging a student for the costs to search for or retrieve the student's own education records. 34 CFR § 99.11(b), 20 U.S.C. 1232g(a)(1).

60.    Defendants gave Plaintiff access to 99 pages of records of Defendants search in response to Plaintiff's 2018 OPRA Requests but those records were heavily redacted.

61.    Defendant claimed those redactions were permitted under attorney client and ACD privilege.

62.    Plaintiff is entitled to access to any record where the privilege does not apply.

63.    The information requested by Plaintiff and withheld by Defendants are public records within the definition of N.J.S.A. 47:1A-1.1.

64.    Defendants violated OPRA by not providing access to the information sought by Plaintiff.

WHEREFORE, Plaintiff demands:

A.    An order or judgment compelling access to of PDF copies of the following records:

    i.    De-identified disciplinary records of other Rutgers Newark Graduate Students charged with a separable offense;

    ii.    Plaintiff's own student records of Defendants' communications making reference to Plaintiff.;

    iii.    Based on an in-camera review, the non-privileged records of the heavily redacted 99 page record in response to item 4, OPRA search/response records improperly asserting various privileges.

B.    An award of costs of this action and reasonable attorneys' fees; and

C.    Such other, further and different relief as the Court may deem equitable

and just.

## DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designates Walter M. Luers as trial counsel.

## CERTIFICATION PURSUANT TO R. 1:38-7(B)

I certify that confidential personal identifiers have been redacted from documents now submitted to the Court, and will be redacted from all documents submitted in the future.

## CERTIFICATION OF NO OTHER ACTIONS

Pursuant to R. 4:5-1, it is hereby stated that the matter in controversy is not the subject of any other action pending in any other court or of a pending arbitration proceeding to the best of my knowledge and belief. To the best of my belief, no other action or arbitration proceeding is pending or contemplated. Further, other than the parties set forth in this pleading, I know of no other parties that should be joined in the above action. In addition, I recognize the continuing obligation of each party to file and serve on all parties and the Court an amended certification if there is a change in the facts stated in this original certification.

Respectfully submitted,

*Walter M. Luers, Esq/s*
WALTER M. LUERS, ESQ.
Dated: 8/2/21

JAMIE EPSTEIN, ESQ.
Dated: 8/2/21

## VERIFICATION

I, Chris Doe am the Plaintiff in the within case and do hereby verify the following statements are made based upon personal knowledge or is based upon information and belief, as this is the understanding of the law as it has been explained to me.

11

I certify on this 30th' day of August, 2021, the foregoing statements made by me are true and that if the statements are willfully false or misleading, I understand that I am subject to punishment.

Chris Doe, Plaintiff

# EXHIBIT C

# SUPERIOR COURT OF NEW JERSEY
## MIDDLESEX COUNTY
## LAW DIVISION

# DOCKET NUMBER MID-L-005051-21

### Chris Doe, Plaintiff
### -against-
Rutgers, The State University of New Jersey and Jewell
Battle, in her official capacity as the OPRA administrator
and records custodian of Rutgers University, Defendants

## ON ORDER TO SHOW CAUSE AND VERIFIED COMPLAINT

# BRIEF OF PLAINTIFF
### (Plaintiff Pb1-Pb17)

JAMIE EPSTEIN, ESQ., Bar ID. 008081990
JAMIE EPSTEIN, ATTORNEY AT LAW
17 Fleetwood Drive, Hamilton, NJ. 08690
Tel: (856) 979-9925

Walter M. Luers, Esq., Bar ID. 034041999
COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP
Park 80 West - Plaza One, 250 Pehle Avenue, Suite 401
Saddle Brook, New Jersey 07663
(201) 845-9600

## TABLE OF CONTENTS

TABLE OF AUTHORITIES..................................................................................................ii

PRELIMINARY STATEMENT........................................................................................1

STATEMENT OF FACTS..............................................................................................3

LEGAL ARGUMENT.....................................................................................................3

    1.   NEW JERSEY OPEN PUBLIC RECORDS ACT (OPRA)....................................3

    2.   DE-IDENTIFIED DISCIPLINARY RECORDS OF OTHER RUTGERS NEWARK
        GRADUATE STUDENTS CHARGED WITH A SEPARABLE OFFENS..........................5

    3.   PLAINTIFF'S STUDENT RECORDS, INCLUDING RUTGERS
        COMMUNICATIONRECORDS THAT MADE REFERENCE TO PLAINTIFF.................8

    4.   BASED ON AN IN-CAMERA REVIEW, THE NON-PRIVILEGED RECORDS OF
        THE HEAVILY REDACTED 99 PAGE RECORD IN RESPONSE TO ITEM 4,
        OPRA SEARCH/RESPONSE RECORDS IMPROPERLY ASSERTING VARIOUS
        PRIVILEGES.......................................................................................................13

CONCLUSION..............................................................................................................17

*Doe v. Rutgers, State Univ. of N.J.*, 466 *N.J. Super.* 14 (NJAD 2021)......................................18

*D.F. v. Collingswood Bd. of Educ.*, 2016 *N.J. Super.* Unpub. LEXIS 2449.............................................34

# TABLE OF AUTHORITIES

**Cases**                                                                                    **Pages**

*Asbury Park Press v. Ocean County Prosecutor's Office*, 374 *N.J. Super.* 312 (Law Div. 2004)..........................................................................................................................3

*Bent v Twp. of Stafford Police Dep't.*, 381 *N.J. Super.* 30 (App. Div. 2005)..........................14

*Burke v. Brandes*, 429 *N.J. Super.* 169 (App. Div. 2012)........................................................6

*Ciesla v. N.J. Dept. of Health & Senior Servs.*, 429 *N.J. Super.* 127 (App. Div. 2012).........14

*Courier News v. Hunterdon County Prosecutor's Office*, 358 *N.J. Super.* 373 (App. Div. 2003)......................................................................................................................4,5

*Courier Post v. Lenape Regional High School District*, 360 *N.J. Super.* 191 (Law Div.2002)..........................................................................................................................11

*Corr. Med. Servs. v. State, Dep't of Corr.*, 426 *N.J. Super.* 106 (App. Div. 2012)................15

*D.F. v. Collingswood Bd. of Educ.*, 2016 *N.J. Super.* Unpub. LEXIS 2449..........................................................................................................................15

*Doe v. Rutgers, State Univ. of N.J.*, 466 *N.J. Super.* 14 (NJAD 2021).........................1, 2, 3, 5, 9, 13, 14

*Education Law Center. v. New Jersey Dept. of Education*, 198 *N.J.* 274 (2009)..................14

*Fair Share Housing Center, Inc. v. New Jersey State League of Municipalities, 208 N.J. 489 (2011)*..........................................................................................................................3

*Fisher v. Div. of Law*, 400 *N.J. Super.* 61 (App. Div. 2008)..............................................12

*Gannet New Jersey Partners LP v. County of Middlesex*, 379 *N.J. Super.* 205 (App. Div. 2005)..........................................................................................................................14

*Hartz Mountain Indus., Inc. v. N.J. Sports & Exposition Auth.*, 369 *N.J. Super.* 175 (App. Div. 2004)..........................................................................................................................15

*In re Liquidation of Integrity Ins. Co.*, 165 *N.J.* 75 (2000)............................................14,15

*K.L. v. Evesham Tp. Bd. of Educ.*, 423 *N.J. Super.* 337.......................................................16

*Loigman v. Kimmelman*, 102 *N.J.* 98 (1986).......................................................................4

*L.R. v. Camden City Pub. Sch. Dist.*, 452 *N.J. Super.* 56 (NJAD 2017)............................................1,16

*MAG Entm't, LLC v. Div. of Alcoholic Beverage Control*, 375 *N.J. Super.* 534 (App. Div. 2005)............................................................................................................................15

*Newark Morning Ledger,* 423 *N.J. Super.* 140 (App. Div. 2011)............................................4

*N. Jersey Media Grp., Inc. v. Bergen Cty. Prosecutor's Office*, 447 *N.J. Super.* 182 (App. Div. 2016)............................................................................................................................5,14

*N.J. Builders Ass'n v. N.J. Council on Affordable Hous.*, 390 *N.J. Super.* 166 (App. Div.1979)............................................................................................................................4,6

*Renna v. Cnty. of Union*, 407 *N.J. Super.* 230 (App. Div. 2009)............................................7

*Spectraserv, Inc. v. Middlesex Cnty. Utilities Auth.*, 416 *N.J. Super.* 565 (App. Div. 2010)............3,6

*Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973)............................................14

## FEDERAL STATUTES

*Family Educational Rights and Privacy Act of 1974 (FERPA)*, 20 U.S.C.S. § 1232g.............. *In passim*

*Family Educational Rights and Privacy,* 73 Fed. Reg. 15, 574, 15, 583 (Mar. 24, 2008)................6

*Family Educational Rights and Privacy,* 73 Fed. Reg. 74,806, 74, 831 (Dec. 9, 2008)....................6

34 C.F.R. § 99.11(b)............................................................................................2,8,13

34 C.F.R. § 99.31 (b) (1)............................................................................................6

## NEW JERSEY STATUTES

*New Jersey Pupil Records Act, N.J.S.A.* § 18A:36-19........................................................1

*N.J.S.A.* 47:1A et seq............................................................................................ *In passim*

N.J.S.A. § 47:1A-6............................................................................................17

## APPENDIX TABLE OF CONTENTS

4/3/21 OPRA REQUEST.................................................................................................1

4/13/21 OPRA REQUEST.............................................................................................5

4/14/21 OPRA RESPONSE...........................................................................................6

6/22/21 OPRA RESPONSE.........................................................................................10

7/12/21 OPRA RESPONSE.........................................................................................14

5/26/21 OPRA RECORDS IN RESPONSE TO 4/3/21 REQUEST #4..........................................18-119

iv

COHN LIFLAND PEARLMAN
HERRMANN & KNOPF LLP
Walter M. Luers, Esq., No. 034041999
Park 80 West - Plaza One
250 Pehle Avenue, Suite 401
Saddle Brook, New Jersey 07663
(201) 845-9600
JAMIE EPSTEIN, ESQ.- 008081990
17 Fleetwood Drive
Hamilton, New Jersey 08690
Telephone: 856.979.9925
Attorneys for Plaintiff

| | |
|---|---|
| Chris Doe[1], | SUPERIOR COURT OF NEW JERSEY |
| Plaintiff, | LAW DIVISION: MIDDLESEX COUNTY |
| v. | DOCKET NO. MID-L-005051-21 |
| RUTGERS, THE STATE UNIVERSITY OF NEW JERSEY and Jewell Battle in her official capacity as the OPRA ADMINISTRATOR and RECORDS CUSTODIAN of Rutgers University, Defendants. | CIVIL ACTION |
| | **BRIEF** |

## PRELIMINARY STATEMENT

In this case, Doe submitted new OPRA Requests on 4/3/21 and 4/13/21 to Rutgers for the same

records the Appellate Division previously affirmed were properly denied by this Court as overly broad.

*Doe v. Rutgers, State Univ. of N.J.*, 466 N.J. Super. 14 (NJAD 2021)(*Doe I*)(attached)   However, in

this new request, Doe fully conformed the records search terms in accord with the Appellate Division's

opinion.

Doe again requested access to de-identified disciplinary records of other Rutgers Newark

Graduate Students charged with a separable offenses which *Doe I* held Plaintiff was entitled to via

OPRA. *Id.* at 26  FERPA regulations provide that third parties without parental consent are entitled to

---

[1]      "Chris Doe is a fictitious name used to protect the plaintiff/student's right to confidentiality of
the plaintiff/student's records under state and federal law which are the subject of civil action. The
*Federal Family Educational Rights and Privacy Act of 1974* (FERPA), 20 U.S.C.S. § 1232g, *New
Jersey Pupil Records Act*, N.J.S.A. § 18A:36-19, *L.R. v. Camden City Pub. Sch. Dist.*, 452 N.J. Super.
56, 86 (NJAD 2017) ("to safeguard the reasonable privacy interests of parents and students against the
opposing interests of third parties who may seek access to their student records ")" *Doe* at 14, n.1

Pb1

access to education records where personal identification information (PII) is removed.  As per the
Appellate Division Opinion, Doe additionally included "any reference to disciplinary guidelines
indicating what charge might result in a student being separated or expelled from a graduate program."
and also included Rutgers own policy's definition of a separable offense. *Id.* Despite fully conforming
the new OPRA Requests, Rutgers still denied access as overly broad in violation of OPRA and contrary
to the Appellate Division's specific holding on this particular request.

Second, Doe requested access to his own student records, including Rutgers communication
records that made reference to Doe and five of the professors who were involved in his discipline.
Rutgers did not deny access to Doe's own student records because the request was improper or the
records were exempt.  Rutgers identified 4,658 pages of records, which Rutgers, in violation of the *Doe
I*, was required to give Plaintiff access to those discipline records. Instead, Rutgers denied access unless
Doe paid service charges of $2,025 and $4,995.  OPRA Requests for student records to Rutgers are
subject to other applicable laws including the *Family Educational Rights and Privacy Act of 1974
(FERPA)*, 20 U.S.C.S. § 1232g. Under *FERPA*, Rutgers is prohibited from charging Doe for the costs
to search for or retrieve Doe's own student records.  34 CFR § 99.11(b), 20 U.S.C. 1232g(a)(1)  It is
also Doe's position Rutgers' service charges are not warranted.

Finally, in response to Doe's 4/3/21 Request Item 4 for records of the OPRA responses in *Doe I*,
Rutgers provided 102 pages of heavily redacted records. Rutgers denied access to redacted portion of
the records on the grounds of an "advisory, consultation, deliberative" privilege.  Doe has requested an
in-camera review of the redactions to determine if Rutgers asserted privilege applies.

## STATEMENT OF FACTS

Plaintiff shall rely on the facts as set forth in the Verified Complaint at ¶¶7-48 and for background purposes, the Appellate Division's *Doe I.* opinion at p.21-22.  On 1/12/21, the Appellate Division reversed and remanded in part. *Id.* at 30  The Court reversed and required Rutgers provide Doe access to his own academic transcripts, discipline records, and financial records because the request was not overly broad. The Appellate Division affirmed the denial of the request for access to other types of his student records such as communication records making reference to Doe as overly broad. *Id.* at 28-29   The Appellate Division also affirmed the denial of the request for access to Rutgers search for the responsive OPRA Request Records. *Id.* at 29  The Appellate Division also affirmed the denial of the request for the records of the search access to other Rutgers Newark graduate students' disciplinary records as overly broad. *Id.* at 30

It appeared Rutgers had provided the reversed ordered records – but they did not. On 4/3/21 and 4/13/21, Doe cured the request as required by the Appellate Division for the affirmed denied his student records of communications, the 2018 OPRA Search and other students' discipline records and resubmitted it to Defendants. But again, Rutgers not only denied access which is the subject of this civil action but also violated Plaintiffs litigant's rights by withholding 4,658 pages of his ordered discipline records.


## ARGUMENT

### 1.    NEW JERSEY OPEN PUBLIC RECORDS ACT (OPRA)

The purpose of OPRA is to "maximize public knowledge about public affairs in order to ensure an informed citizenry and to minimize the evils inherent in a secluded process." *Asbury Park Press v. Ocean County Prosecutor's Office,* 374 N.J. Super. 312, 329 (Law Div. 2004); *see, N.J.S.A.* 47:1A-1. "Any limitations on the right of access...shall be construed in favor of the public's right of access."

Pb3

*N.J.S.A.* 47:1A-1. "[W]ithout access to information contained in the records maintained by public agencies, citizens cannot monitor the operation of our government or hold public officials accountable for their actions." *Fair Share Housing Center, Inc. v. New Jersey State League of Municipalities,* 208 N.J. 489, 501 (2011).

*N.J.S.A.* 47:1A-5(i) deems a Custodian's failure to respond with all records within a request as a denial of OPRA. OPRA explicitly places the burden on the Custodian to prove that a denial was lawfully justified. *N.J.S.A.* 47:1A-6. The custodian is obliged to "locate and redact [the requested] documents, isolate exempt documents, . . . identify requests that require 'extraordinary expenditure of time and effort' and warrant assessment of a 'service charge,' and, when unable to comply with a request, 'indicate the specific basis'" thereof. *Spectraserv, Inc. v. Middlesex Cnty. Utilities Auth.*, 416 N.J. Super. 565, 576, (App. Div. 2010) (quoting *N.J. Builders Ass'n v. N.J. Council on Affordable Hous.*, 390 N.J. Super. 166, 177 (App. Div.), *certif. denied*, 190 N.J. 394 (2007)). The overly broad basis for denial is premised upon the fifth and final clause of the previous sentence, which arises from *N.J.S.A.* 47:1A-5(g) and mandates if "the custodian is unable to comply with a request for access, the custodian shall indicate the specific basis therefor on the request form and promptly return it to the requestor." *N.J.S.A.* 47:1A-5(g).

OPRA does not allow the Custodian to circumvent the statutory mandate of "shall indicate the specific basis thereof" for the denial in the OPRA Response but then will not be bound by the "specific basis for the denial thereof" in the custodian's opposition to a requestor's OPRA Complaint. In other words, the custodian cannot tell the judge in opposition to the requestor's OPRA Complaint, "it does not matter what the denial was, I can raise whatever denials I want now!"

When attempting to utilize any exception, "a public agency seeking to restrict the public's right of access to government records must produce specific reliable evidence sufficient to meet a statutorily recognized basis for confidentiality." *Courier News v. Hunterdon County Prosecutor's Office,* 358 N.J.

Pb4

Super. 373, 382-83 (App. Div. 2003). "The reasons for withholding documents must be specific."

*Newark Morning Ledger,* 423 N.J. Super. at 162. Courts will "simply no longer accept conclusory and

generalized allegations of exemptions...but will require a relatively detailed analysis in manageable

segments." *Loigman v. Kimmelman,* 102 N.J. 98, 110 (1986) (internal quotation marks and citations

omitted). "Absent such a showing, a citizen's right of access is **unfettered**." *Courier News,* 358 N.J. at

383 (emphasis added). In accessing whether an agency's denial is proper, "a court must be guided by

the overarching public policy in favor of a citizen's right to access." *Ibid.*


### 2.  DE-IDENTIFIED DISCIPLINARY RECORDS OF OTHER RUTGERS NEWARK GRADUATE STUDENTS CHARGED WITH A SEPARABLE OFFENSE.

In *Doe I,*

> plaintiff submitted another OPRA request (Request Five) seeking documents in electronic or paper media of "[t]he disciplinary case file of any and all Rutgers Newark Graduate [s]tudent charged with a separable offense from 1/1/2013 to present" but "with all [PII] redacted." Defendants denied that request on March 28 as "overly broad" and requiring research by the custodian.

*Id.* at 22

The Appellate Division held,

> Lastly, we turn to Request Five seeking disciplinary files — with PII redacted — of all Rutgers Newark graduate students charged with a separable offense from January 1, 2013 to the present. Despite plaintiff's efforts to comply with OPRA's requirement that student records not disclose the student's identity, N.J.S.A. 47:1A-1.1, the trial court was correct in ruling the records were not subject to disclosure because the request was overbroad. Plaintiff fails to provide any reference to disciplinary guidelines indicating what charge might result in a student being separated or expelled from a graduate program. Leaving it to defendants to research and compile a database to determine what discipline records were exempted or could be redacted makes the request overbroad.
> *Id.* at 30

On 4/3/21 (Pa1), cured the request and re-submitted it to Defendants:

> **Records, whether in electronic or paper media, which make reference to plaintiff's** name, initials and student id #]. Documents requested include, but are not limited to:**(3) other student discipline records:** with all personal identification information (PII)

redacted: the disciplinary case file of any Rutgers Newark Graduate Student charged with a separable₂ offense from 1/1/2015 to present.

As required by the Appellate Division, Doe included in the request, "any reference to disciplinary guidelines indicating what charge might result in a student being separated or expelled from a graduate program.":

> A separable offense is defined by Rutgers University as, "**2. Separable Violations** *S*eparable violations are very serious violations of academic integrity that affect a more significant portion of the coursework compared to non-separable violations. Separable violations are often characterized by substantial premeditation or planning and clearly dishonest or malicious intent on the part of the student committing the violation. Below are some examples of violations that are most often considered separable. Again, the list is certainly not exhaustive and classification of a given violation as separable or non-separable is always heavily dependent on the exact facts and circumstances of the violation.
> • A second non-separable violation.
> • Substantial plagiarism on a major assignment.
> • Copying or using unauthorized materials, devices, or collaboration on a major exam.
> • Having a substitute take an examination.
> • Making up or falsifying evidence or data or other source materials for a major assignment, including falsification
> by selectively omitting or altering data that do not support one's claims or conclusions.
> • Facilitating dishonesty by another student on a major exam or assignment.
> • Intentionally destroying or obstructing another student's work.
> • Knowingly violating research or professional ethics.
> • Any violation involving potentially criminal activity."

On 4/14/21, Defendants responded (Pa6) and denied access to the Request, item 3, other students' disciplinary records, as overly-broad.

In *Doe I,* the Court first held higher education records were public records subject to public access via OPRA because no other law prohibited. Id. 23-24 The other law that regulated access to student records was the "*Family Educational Rights and Privacy,* 73 Fed. Reg. 15,574, 15,583 (Mar. 24, 2008); 73 Fed. Reg. 74,806, 74,831 (Dec. 9, 2008), that support, respectively, the proposition that disclosure is not barred under FERPA once "all identifiers have been removed[.]" 73 Fed. Reg. At 15,583." *Doe I* at 24  Second, the Court further held, other student's records were subject public access

Pb6

via OPRA as long as they were de-identified by redacting PII. ("*FERPA* regulations provide that third parties without parental consent are allowed access to education records where PII is removed. 34 C.F.R. § 99.31(b)(1)") *Id.* 26 The Court concluded by rejecting Defendants' argument that since they disclose student records via *FERPA* they are exempt from disclosing them via OPRA. *Id.*

The Appellate Division then discussed at length the standards for courts to apply in analyzing whether an OPRA Request is overbroad. *Id.* 27-28

> OPRA "only allows requests for records, not requests for information." *Burke v. Brandes*, 429 N.J. Super. 169, 174, 57 A.3d 552 (App. Div. 2012) (quoting *Bent v Twp. of Stafford Police Dep't.*, 381 N.J. Super. 30, 37, 884 A.2d 240 (App. Div. 2005)). The custodian is obliged to "locate and redact [the requested] documents, isolate exempt documents, . . . identify requests that require 'extraordinary expenditure of time and effort' and warrant assessment of a 'service charge,' and, when unable to comply with a request, 'indicate the specific basis'" thereof. *Spectraserv, Inc. v. Middlesex Cnty. Utils. Auth.*, 416 N.J. Super. 565, 576, 7 A.3d 231 (App. Div. 2010) (quoting *N.J. Builders Ass'n v. N.J. Council on Affordable Hous.*, 390 N.J. Super. 166, 177, 915 A.2d 23 (App. Div. 2007) (quoting N.J.S.A. 47:1A-5(a)- (j))). If "the custodian is unable to comply with a request for access, the custodian shall indicate the specific basis therefor on the request form and promptly return it to the requestor." N.J.S.A. 47:1A-5(g).

> While an exact definition of an impermissibly overly broad request is abstract, courts have found requests that require a custodian to exercise his discretion, survey employees, or undertake research to determine whether a record is responsive are overly broad and not encompassed by OPRA. We have concluded plaintiff's requests for "any and all documents and data . . . relied upon, considered, reviewed, or otherwise utilized" were impermissibly overbroad because they require the custodian to exercise discretion to determine whether to comply. *N.J. Builders Ass'n*, 390 N.J. Super. at 172. Thus, an OPRA applicant "must identify with reasonable clarity those documents that are desired, and a party cannot satisfy this requirement by simply requesting all of an agency's documents. OPRA does not authorize unbridled searches of an agency's property." *Bent*, 381 N.J. Super. at 37; *see also Renna v. Cnty. of Union*, 407 N.J. Super. 230, 245, 970 A.2d 414 (App. Div. 2009) ("The custodian must have before it sufficient information to make the threshold determination as to the nature of the request and whether it falls within the scope of OPRA.").

Specifically, in regards to Plaintiff's request for other "Rutgers Newark Graduate students discipline records charged with separable offenses", the Appellate Division held , id. 30, the defect in Plaintiff's request was:

Pb7

Lastly, we turn to Request Five seeking disciplinary files — with PII redacted — of all Rutgers Newark graduate students charged with a separable offense from January 1, 2013 to the present. Despite plaintiff's efforts to comply with OPRA's requirement that student records not disclose the student's identity, N.J.S.A. 47:1A-1.1, the trial court was correct in ruling the records were not subject to disclosure because the request was overbroad. **Plaintiff fails to provide any reference to disciplinary guidelines indicating what charge might result in a student being separated or expelled from a graduate program**. Leaving it to defendants to research and compile a database to determine what discipline records were exempted or could be redacted makes the request overbroad. (emphasis added)

On 4/3/21, Plaintiff corrected the request in conformance with the requirements of the Appellate

Division, adding,

Below are some examples of violations that are most often considered separable. Again, the list is certainly not exhaustive and classification of a given violation as separable or nonseparable is always heavily dependent on the exact facts and circumstances of the violation.
• A second nonseparable violation.
• Substantial plagiarism on a major assignment.
• Copying or using unauthorized materials, devices, or collaboration on a major exam.
• Having a substitute take an examination.
• Making up or falsifying evidence or data or other source materials for a major assignment, including falsification
by selectively omitting or altering data that do not support one's claims or conclusions.
• Facilitating dishonesty by another student on a major exam or assignment.
• Intentionally destroying or obstructing another student's work.
• Knowingly violating research or professional ethics.
• Any violation involving potentially criminal activity."

Accordingly, Plaintiff's 4/3/21 was not overbroad. Defendants denial of access violated OPRA.

The Court should grant Plaintiff's Order for Defendants to provide access to the disciplinary files —

with PII redacted — of all Rutgers Newark graduate students charged with a separable offense from

January 1, 2013 to the present.

**3.     PLAINTIFF'S STUDENT RECORDS, INCLUDING RUTGERS COMMUNICATION RECORDS THAT MADE REFERENCE TO PLAINTIFF.**

Defendants denial of access to Plaintiff's student records unless a $7,020 special service charge

is paid violates OPRA because a special service charge related to the retrieval of student records is

prohibited by FERPA. 34 CFR § 99.11(b), 20 U.S.C. 1232g(a)(1). Additionally, Defendants are not

entitled to a service charge because the search should be performed by the Custodian and the service

charge notice is deficient.  Finally, and most importantly, these records were limited to professors who

were involved with Plaintiff's discipline – meaning they were Plaintiff's discipline records.  Defendants

were ordered to provide Plaintiff with his own discipline by the Appellate Division. *Doe I,* 31

Defendants violated that Order and now Defendants require Plaintiff pay $7,025 to access the very

records they were ordered to give Plaintiff access to.

In *Doe I*, at 21, Plaintiff requested,

> Any and all documents, whether in electronic or paper media, which make
> reference to   [Chris  Doe or Chris Doe's initials] between 1/1/2017 to present.
> Documents requested include, but are not limited to: (d) communications records such
> as emails, memos, text messages, voice mail, letters, etc., sent or received by staff,
> administrators, contractors or agents of the  University. Email search: where the sender
> or recipients is a staff, administrator, contractor or  agent of the University and the body
> or subject of the email refers to [Chris Doe or Chris Doe's legal name initials or Chris
> Doe's student number].

The Appellate Division, at 29, affirmed the denial of access because,

> Subcategory (d)'s request for "communications records" is overbroad as it is not
> the type of routine search required by OPRA. The request would be disruptive to
> defendants' operations because it would require an unreasonable labor expense given the
> university's numerous departmental servers, faculty and staff desktop computers, email
> accounts, and individual voicemail accounts. In fact, defendants sought to resolve the
> request by telling plaintiff he would need to identify senders and/or recipients instead,
> but he chose not to respond.

As per the Appellate Division's holding, Plaintiff cured the defect in his subsequent 4/3/21 (Pa1)

and 4/13/21 (Pa5) requests by "identifying senders and/or recipients" (as underlined below):

> Records, whether in electronic or paper media, which make reference to [plaintiff's
> name, initials and student id #]. Documents requested include, but are not limited to:
> **(2) communications records** such as emails, memos, text messages, voice mail, letters,
> etc., sent or received by staff, administrators, contractors or agents of the University.
> **search information:**
> **senders or recipients**: Dr. Edward Bonder, Associate Professor, Faculty Arts and
> Sciences - Department of Biological Sciences; (b) Dr. Wayne Eastman, Professor

Pb9

Rutgers Business School – Supply Chain Management; (c) Dr. Francis Bartkowski, Professor Faculty Arts and Sciences – Department of English; (d) Dr. Kinna Perry, Associate Dean Graduate School-Newark; (e) Dr. Kyle Farmbry, Dean of the Graduate School-Newark: (e) [plaintiff's real name] or [plaintiff's initials][2]
**body or subject:** [plaintiff's name] or [plaintiff's initials].
**date range:** 1/1/2017 to present

In response, on 6/22/21 (Pa10), Defendants this time did not, like last time, deny access because

n the request was overbroad, instead their response denied access because:

Please note the following regarding your request:
1. We have provided you responsive records for portion 1 of your request. The number of pages for these records does not count towards the calculation of the special services fee.
2. In accordance with your previous correspondence, we are not processing the portion of your request seeking [plaintiff's name] [plaintiff's name]'s emails. The number of responsive records are as follows for the remainder of individuals identified in this portion of your request:
- Bonder: 134 pages of responsive email records
- Bartkowski: 372 pages of responsive email records
- Perry: 751 pages of responsive email records
- Farmbry: 703 pages of responsive email records
The total number of pages of responsive email records is 1960. The University understands that you do not wish to further narrow your request. Please see below for information regarding the special services fee to process portion 2 of your request.
Pursuant to N.J.S.A. 47:1A-5(c), an agency is authorized to impose a special service charge where the agency must make an extraordinary expenditure of time and effort to accommodate a request to inspect government records.
This request has 1,960 pages to be reviewed and potentially redacted. At the rate of 40 pages per hour, the request will require 49 hours. As the University does not charge for the first four hours of review and redaction, the special services fee shall be $2,025 based on 45 hours at $45.00 dollars per hour, as summarized below:
Total Pages: 1960
Total time for review/redaction (40 pages/hour): 49 hours
Actual cost ($45.00/hour x 49 hours): $2,205
Total waived ($45.00 x first 4 hours): $180.00
Total charged: $2,025
If you choose to request the records, you must pay the special service charge prior to the work commencing.

On 4/13/21, Plaintiff submitted another OPRA Request (Pa5), which include a request for

---

2  Plaintiff subsequently compromised and granted Defendants' request to reduce the number of responsive records by removing "plaintiff real name or initials" as a sender/recipient.

communication records in addition to those requested on 4/3/21:

> Records, whether in electronic or paper media, which make reference to [plaintiff's name, initials, student id #] Documents requested include, but are not limited to:
> **(2) communications records** such as emails, memos, text messages, voice mail, letters, etc., sent or received by staff, administrators, contractors or agents of the University.
> **search information:**
> **senders or recipients**: (a) Dr. Daniel Wentzel, Distinguished Professor Materials Science and Engineering and (b) Dr. Sengu Yeniyurt, Dean's Research Professor and the Chair of the Marketing Department . (e) [plaintiff] or [plaintiff's initials][3]
> **body or subject:** [plaintiff] or [plaintiff's initials]
> **date range:** 1/1/2017 to present

On 7/12/21, Defendant wrote Plaintiff in response (Pa14) to Request 2 for communication records:

> We are only able to process the portions of your request seeking communications records of Dr. Sengu Yeniyurt and [plaintiff's name]. We were not able to conduct a search of Dr. Wentzel's emails as he is not in our IT system. However, we have included his name as a keyword in the search of Dr. Yeniyurt and [plaintiff's name]'s emails in addition to the keywords you provided. As stated in your other public records request, we are aware that you do not wish to narrow:
> The number of responsive records are as follows for the remainder of individuals identified in this portion of your request:
> - Yeniyurt: 4031 pages of responsive email records
> - [plaintiff's name]: 577 pages of responsive email records
> The total number of pages of responsive email records is 4608. Please see below for information regarding the special services fee to process portion 2 of your request.
> Pursuant to N.J.S.A. 47:1A-5(c), an agency is authorized to impose a special service charge where the agency must make an extraordinary expenditure of time and effort to accommodate a request to inspect government records.
> This request has 4608 pages to be reviewed and potentially redacted. At the rate of 40 pages per hour, the request will require 115 hours. As the University does not charge for the first four hours of review and redaction, the special services fee shall be $4995 based on 111 hours at $45.00 dollars per hour, as summarized below:
> Total Pages: 4608
> Total time for review/redaction (40 pages/hour): 115 hours
> Actual cost ($45.00/hour x 49 hours): $5175
> Total waived ($45.00 x first 4 hours): $180
> Total charged: $4995
> If you choose to request the records, you must pay the special service charge prior to the work commencing.

---

3  Plaintiff again subsequently compromised and granted Defendants' request to reduce the number of responsive records by removing "plaintiff real name or initials" as a sender/recipient.

Defendants fail to identify the position and salary of the employee who would have the minimum requirements hourly pay rate to perform the search. But of more significance, Defendants fail to provide the basis to deviate from the law that requires the custodian, at no expense to the requester, to search her own records herself. ("agency's custodian of records ordinarily should be able to identify privileged material". *Courier Post v. Lenape Regional High School District*, 360 N.J. Super. 191, 202-205 (Law Div.2002) Defendants in their special service charge demand have fail to properly meet their burden for an exception to the legal requirement for the custodian to search the records herself.

In sum, Defendants require a $45 hourly rate for 53 hours to review 1960 pages and another 111 hours[4] to review 4,608 pages. (based on a 40 hour work week = over 4 weeks) But Defendants indicate, for the 4/13/21 Request, there are 4031 pages of responsive emails with the name Yeniyurt and 577 with plaintiff's name. But Plaintiff only requested emails with both names.

If the production of government records involves "an extraordinary expenditure of time and effort[,]" N.J.S.A. 47:1A-5(c) authorizes a public agency to impose a "special service charge[.]" This section provides in pertinent part:

> Whenever the nature, format, manner of collation, or volume of a government record embodied in the form of printed matter to be inspected, examined, or copied pursuant to this section is such that the record cannot be reproduced by ordinary document copying equipment in ordinary business size or involves an extraordinary expenditure of time and effort to accommodate the request, the public agency may charge, in addition to the actual cost of duplicating the record, **a special service charge that shall be reasonable and shall be based upon the actual direct cost of providing the copy or copies** [.] ... The requester shall have the opportunity to review and object to the charge prior to it being incurred. (emphasis added)

A custodian's imposition of an improper service charge constitutes a denial of access in violation of OPRA. *Fisher v. Div. of Law*, 400 N.J. Super. 61, 70 (App. Div. 2008) (affirming GRC permitting 52.5

4 111 hours is being used even though contradicted by Defendants, Actual cost ($45.00/hour x **49 hours**): $5175 **111 hours** X $45 = $4,995.

hours to review 15,000 emails under the limited appellate review of an agency decision) Additionally, Defendants should have previously included all records, including emails, related to Plaintiff's discipline in complying with the mandate of the Appellate Division. At minimum, the emails of Administrators Perry and Farmbry and Professors Bonder, Eastman and Bartowski are highly unlikely to relate to any other matter than Plaintiff's discipline since he did not have them as professors and they were only involved with Plaintiff's discipline. Their emails, if they relate to Plaintiff's discipline were also required to be provided when Defendants' provided the disciplinary records mandated by the Appellate Division. *Id.* 31 Defendants are not entitled charge Plaintiff for those ordered discipline related emails to be produced now.

But, it is not necessary to jump to disputing the service charge because a service charge is prohibited by the controlling federal law governing student records, to wit, FERPA, 20 U.S.C. 1232g(a) (1) Custodians must comply with all other applicable law that governs the type of record requested and in this case FERPA governs the requested student records. *Doe,* at 24-26 Specifically, 34 C.F.R. § 99.11 (b) states "An educational agency or institution may not charge a fee to search for or to retrieve the education records of a student." Here, Defendants prohibited $7,020 service charge constitutes a denial of access in violation of OPRA. Accordingly, the Court should disallow the special service charge and grant Plaintiff's proposed Order for access to his own student records within the requested identified emails.

4.     **BASED ON AN IN-CAMERA REVIEW, THE NON-PRIVILEGED RECORDS OF THE HEAVILY REDACTED 99 PAGE RECORD IN RESPONSE TO 4/3/21 ITEM 4, OPRA SEARCH/RESPONSE RECORDS IMPROPERLY ASSERTING VARIOUS PRIVILEGES.**

On 4/3/21, Plaintiff made the following OPRA Request (Pa1):

**4. OPRA Requests Response Search Records:**

a. Emails with attachments of the University Ethics and Compliance Office of the

Pb13

Custodian's search in response to [plaintiff's] OPRA Request of 3/13/18 or 3/16/18.
b. The metadata showing the folders, sub-folders and files containing the records of the Records Custodian's search in response to [plaintiff's] OPRA Request of 3/13/18 or 3/16/18 Record Request.

These same records were request in *Doe* at the time of the original request. The Appellate Division affirmed the denial of access because the records may "require disclosure of inter-agency or intra-agency advisory, consultative, or deliberative material" (ACD) *Doe* at 30  But the request was precluded because the records were requested before they existed as Court stated at 29-30;

> With respect to Request Three, seeking documents or emails regarding Requests One and Two, and Request Four, seeking metadata responding to all requests, they both seek records that did not yet exist at the time of the request. Hence, they are not yet government records. OPRA's plain language defines a record as a document, information, or data "that has been made, maintained or kept on file . . . or that has been received."

Plaintiff has cured this defect by requesting the 2018 OPRA Request response in 2021.  The only basis for denial of access is if there are legitimate privilege exemptions regarding the Defendants search for responsive records to the two 2018 OPRA Requests.   On 5/26/21, Defendants provided 1 heavily redacted 99 page record (Pa18-117) in response to item 4, OPRA search/response records asserting various privileges[5] (i.e., attorney-client, work product, deliberative, etc.)  Defendants provided no privilege log or Vaughn Index[6].  Defendants response was a follows:

> Please note advisory, consultative, and deliberative material has been redacted in the responsive record. OPRA specifically states that government records "shall not include inter-agency or intra-agency advisory, consultative, or deliberative material." N.J.S.A. 47:1A-1.1. Courts have construed this exemption to encompass the deliberative process privilege. See Ciesla v. N.J. Dept. of Health & Senior Servs., 429 N.J. Super. 127, 137 (App. Div. 2012). That privilege "'permits the government to withhold documents that reflect advisory opinions, recommendations, and deliberations comprising part of a process by which governmental decisions and policies are formulated.'" Education Law

---

5       Although Defendants asserted a privacy privilege, a review of the embedded noted redaction did not identify any redaction based on privacy.
6       *N. Jersey Media Grp., Inc. v. Bergen Cty. Prosecutor's Office*, 447 N.J. Super. 182, 191 (App. Div. 2016)("a *Vaughn* index, in which the custodian of records identifies responsive documents and the exemptions it claims warrant non-disclosure. *Vaughn v. Rosen*, 484 F.2d 820, 826-27, 157 U.S. App. D.C. 340 (D.C. Cir. 1973)")

Center. v. New Jersey Dept. of Education, 198 N.J. 274, 285-86 (2009) (quoting In re Liquidation of Integrity Ins. Co., 165 N.J. 75, 83 (2000)). Moreover, the deliberative process privilege is absolute, as OPRA "contains no limitation or qualification on this exemption." Ciesla, 429 N.J. Super. at 143.

Moreover, the Courts have consistently held that the advisory, consultative and deliberative exemption in OPRA is equivalent to the deliberative process privilege that exempts pre-decisional documents from public disclosure. OPRA thus "shields from disclosure documents 'deliberative in nature, containing opinions, recommendations, or advice about agency policies,' and 'generated before the adoption of an agency's policy or decision.'" Bent v. Stafford Police Department, 381 N.J. Super. 30, 37 (App. Div. 2005)(quoting Gannet New Jersey Partners LP v. County of Middlesex, 379 N.J. Super. 205, 219 (App. Div. 2005)).

The responsive record has also been redacted pursuant to OPRA's privacy exemption. OPRA specifically places on the University "a responsibility and an obligation to safeguard from public access a citizen's personal information with which it has been entrusted when disclosure thereof would violate the citizen's reasonable expectation of privacy." Serrano v. South Brunswick Twp., 358 N.J. Super. 352, 368 (App. Div. 2003).

Please note, the responsive record has been redacted pursuant to OPRA's attorney-client privilege exemption N.J.S.A. 47:1A-1.1. OPRA specifically exempts "Any record within the attorney-client privilege…" and states "…redactions may apply for information contained in the invoices that are protected under the privilege." N.J.S.A. 47:1A-1.1. In order to uphold the University's obligations to protect privileged material, we have redacted any and all information within the record that exempt pursuant to this provision.

None of the ACD cases relied on by Defendants involve a OPRA Request for the Plaintiff's prior OPRA Request search records as is the case here. To establish the applicability of the deliberative process privilege, Defendant has the initial burden of showing that the documents that it seeks to protect are pre-decisional (that is, created prior to a clearly-defined decision or policy) and deliberative in nature (containing opinions, recommendations, or advice about agency policies). *In re Liquidation of Integrity Ins. Co.*, 165 N.J. 75, 82, 754 A.2d 1177 (2000) In this case, Plaintiff is at a loss as to how the search for OPRA records itself can have anything to do with policy. *Corr. Med. Servs. v. State, Dep't of Corr.*, 426 N.J. Super. 106, 123 (App. Div. 2012) (This is because every decision an agency makes arguably involves a policy. Thus, every document reflecting pre-decisional and deliberative communications, regardless of its policy implications, would be exempt from public access. Instead, the deliberative process privilege as incorporated in the agency memorandum exception protects only

those documents involved in policy formulation.)

The only way a record requester can know if they were denied access for an incorrectly asserted privilege is by having the Court conduct an *in-camera* review. As a matter of law, the *in-camera* review is mandatory in public records cases:

> We have stated, "the court is obliged when a claim of confidentiality or privilege is made by the public custodian of the record, to inspect the challenged document *in-camera* to determine the viability of the claim." *MAG Entm't, LLC v. Div. of Alcoholic Beverage Control*, 375 N.J. Super. 534, 545, 868 A.2d 1067 (App. Div. 2005) (citing *Hartz Mountain Indus., Inc. v. N.J. Sports & Exposition Auth.*, 369 N.J. Super. 175, 183, 848 A2d 793 (App. Div. 2004)). The purpose of an in-camera inspection is to allow both parties the opportunity to address principles related to the claim of confidentiality and privilege; in-camera review also allows the government custodian to argue specifically "why the document should be deemed privileged or confidential or otherwise exempt from the access obligation." *Ibid.* (quoting *Hartz Mountain, supra,* 369 N.J. Super. at 183).

*D.F. v. Collingswood Bd. of Educ.*, 2016 N.J. Super. Unpub. LEXIS 2449, *6-7, 2016 WL 6647784 (*N.J. Court Rules 1:36-3,* unpublished opinion attached )(lower court reversed, Jamie Epstein for plaintiff); *see also, L.R. v. Camden City Public School Dist.*, 452 N.J. Super. 56, 89, 171 A.3d 227, 247, 2017 N.J. Super. LEXIS 145, *46, (lower court reversed, Jamie Epstein for plaintiff) *affirmed in part by* 238 N.J. 547, 548, 213 A.3d 912, 913, 2019 N.J. LEXIS 988, *1, 2019 WL 3210234 ; *K.L. v. Evesham Tp. Bd. of Educ.,* 423 N.J. Super. 337, 362, 32 A.3d 1136, 1150, 2011 N.J. Super. LEXIS 217, *32; ("the Board declined to disclose the document until plaintiff filed his OPRA lawsuit and the court ordered *in camera* review".) (lower court reversed, Jamie Epstein for plaintiff), *certification denied by* 210 N.J. 108, 40 A.3d 732, 2012 N.J. LEXIS 477 (2012). Accordingly, Plaintiff requests this Court grant his proposed order for an in-camera review and order access of the non-privileged records of the heavily redacted 99 page record in response to item 4 (Pa18-119), OPRA search/response records improperly asserting various privileges.

In fairness to Plaintiff, Defendant should also be ordered to submit a privilege log to allow

Plaintiff to make meaningful objections to the marked up redacted 99 pages of records.

## CONCLUSION

For the above stated reasons in this brief and in the pleadings, Plaintiff requests his proposed order to show cause be granted compelling Defendants to give Plaintiff access to PDF copies of the following records:

i. De-identified disciplinary records of other Rutgers Newark Graduate Students charged with a separable offense;
ii. Plaintiff's own student records of Defendants' communications making reference to Plaintiff.;
iii. Based on an in-camera review, the non-privileged records of the heavily redacted 99 page record in response to item 4, OPRA search/response records improperly asserting various privileges.

In the event, Plaintiff obtains any relief, Plaintiff shall thereafter make an application for prevailing party fees and costs. *N.J.S.A.* § 47:1A-6

Respectfully submitted,

JAMIE EPSTEIN, ESQUIRE

*Walter M. Luers, Esq/s*
WALTER M. LUERS, ESQ.
ATTORNEYS FOR PLAINTIFF

Pb17

## _Doe v. Rutgers, State Univ. of N.J._

Superior Court of New Jersey, Appellate Division

October 28, 2020, Argued; January 12, 2021, Decided

DOCKET NO. A-5285-18T2

**Reporter**

466 N.J. Super. 14 *; 245 A.3d 261 **; 2021 N.J. Super. LEXIS 4 ***; 2021 WL 100236

CHRIS DOE [1], Plaintiff-Appellant, v. RUTGERS, THE STATE UNIVERSITY OF NEW JERSEY, and CASEY WOODS in his Official Capacity as the OPRA Administrator and Records Custodian of RUTGERS UNIVERSITY, Defendants-Respondents.

**Subsequent History:** [***1] Approved for Publication January 12, 2021.

**Prior History:** On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-1651-18.

## Core Terms

records, requests, documents, emails, attorney's fees, disclosure, student records, defendants', regulations, redacted, higher education, trial court, confidential, Graduate, exempt, staff, Subcategory, overbroad, government records, financial records, discipline, sender

## Case Summary

### Overview

HOLDINGS: [1]-In a suit wherein plaintiff's requests for various records, including his own graduate student records, was denied, the denial was reversed, in part, because the Open Public Records Act (OPRA), _N.J.S.A. §§ 47:1A-1_ to - 47:1A-13, allowed plaintiff to obtain copies of his own academic transcripts, discipline records, and financial records subject to redaction to preclude the identity of other students; [2]-The court further held that a remand was necessary for the trial court to determine whether plaintiff was entitled

---

[1] Chris Doe is a fictitious name used to protect the plaintiff/student's right to confidentiality of the plaintiff/student's records under state and federal law which are the subject of civil action. Federal Family Educational Rights and Privacy Act of 1974 (FERPA), 20 U.S.C.S. §1232g, New Jersey Pupil Records Act, N.J.S.A. 18A:36-19, L.R. v. Camden City Pub. Sch. Dist., 452 N.J. Super. 56, 86 (App. Div. 2017) ("to safeguard the reasonable privacy interests of parents and students against the opposing interests of third parties who may seek access to their student records")

to any attorney's fees related to his efforts to obtain the records; [3]-The court noted that there was nothing in the Federal Family Educational Rights and Privacy Act of 1974 (FERPA), *20 U.S.C.S. § 1232g*, that precluded higher education students from obtaining their own student records through OPRA.

## Outcome
Judgment affirmed in part and reversed; case remanded to trial court with directions.

## LexisNexis® Headnotes

Administrative Law > ... > Freedom of Information > Methods of Disclosure > Record Requests

Civil Procedure > ... > Discovery > Electronic Discovery > Discoverability of Electronic Information

*HN1*[↧] **Methods of Disclosure, Record Requests**

The Open Public Records Act (OPRA), *N.J.S.A. §§ 47:1A-1* to - 47:1A-13, provides for ready access to government records by the citizens of this State. Government records are defined as any paper, written or printed book, document, drawing, map, plan, photograph, microfilm, data processed or image processed document, information stored or maintained electronically or by sound-recording or in a similar device, or any copy thereof, that has been made, maintained or kept on file in the course of his or its official business by any officer, commission, agency or authority of the State or of any political subdivision thereof, including subordinate boards thereof, or that has been received in the course of his or its official business by any such officer, commission, agency or authority of the State or of any political subdivision thereof, including subordinate boards thereof.

Administrative Law > ... > Freedom of Information > Compliance With Disclosure Requests > Notification Requirements

Administrative Law > ... > Freedom of Information > Methods of Disclosure > Record Requests

Administrative Law > ... > Freedom of Information > Methods of Disclosure > Public Inspection

466 N.J. Super. 14, *14; 245 A.3d 261, **261; 2021 N.J. Super. LEXIS 4, ***1

*HN2*[⬇] **Compliance With Disclosure Requests, Notification Requirements**

The Superior Court of New Jersey, Appellate Division's over-arching public policy favors a citizen's right of access. *N.J.S.A. § 47:1A-1*. Accordingly, the Open Public Records Act (OPRA), *N.J.S.A. §§ 47:1A-1* to - 47:1A-13, directs that all government records shall be subject to public access unless exempt, and any limitations on the right of access shall be construed in favor of the public's right of access. *N.J.S.A. § 47:1A-1*. OPRA only applies to records made, maintained or kept on file in the course of a public agency's official business, as well as any document received in the course of the agency's official business. *N.J.S.A. § 47:1A-1.1*.

Administrative Law > ... > Freedom of Information > Methods of Disclosure > Record Requests

Civil Procedure > Appeals > Standards of Review > De Novo Review

Administrative Law > ... > Enforcement > Judicial Review > Standards of Review

Administrative Law > ... > Freedom of Information > Defenses & Exemptions From Public Disclosure > Statutory Exemptions

*HN3*[⬇] **Methods of Disclosure, Record Requests**

Among the records specifically exempted under the Open Public Records Act (OPRA), *N.J.S.A. §§ 47:1A-1* to - 47:1A-13, are those kept by any public institution of higher education, deemed to be privileged and confidential, such as information concerning student records or grievance or disciplinary proceedings against a student to the extent disclosure would reveal the identity of the student. Also exempt are any federal law, federal regulation, or federal order, *N.J.S.A. § 47:1A-1*, and any information that is protected by any federal law, federal regulation, or federal order, *N.J.S.A. § 47:1A-9(a)*. The appellate court reviews de novo the trial court's legal conclusions regarding plaintiff's OPRA requests.

Education Law > Administration & Operation > School Safety > Constitutional Rights

Education Law > Students > Student Records

*HN4*[⬇] **School Safety, Constitutional Rights**

Case 1:21-cv-17811 Document 1 Filed 09/29/21 Page 50 of 206 PageID: 50
MID-L-005051-21 08/31/2021 4:26:05 PM Pg 26 of 44 Trans ID: LCV20212021170

466 N.J. Super. 14, *14; 245 A.3d 261, **261; 2021 N.J. Super. LEXIS 4, ***1

*N.J.A.C. 6A:32-2.1* defines a student record as information related to an individual student gathered within or outside the school district and maintained within the school district, regardless of the physical form in which it is maintained.

> Administrative Law > ... > Freedom of Information > Methods of Disclosure > Public Inspection

> Administrative Law > ... > Freedom of Information > Methods of Disclosure > Record Requests

### *HN5*[⤓] **Methods of Disclosure, Public Inspection**

Considering Open Public Records Act (OPRA's), *N.J.S.A. §§ 47:1A-1* to - 47:1A-13's, commitment to allowing access to public records, we conclude that OPRA requires the disclosure of higher education records if they do not contain PII. Generally, the public's interest in nondisclosure is based on the need to keep the information confidential. *N.J.S.A. § 47:1A-1.1* only exempts public higher education records from disclosure that reveal a student's identity.

> Education Law > ... > Student Records > Family Educational Rights & Privacy Act > Access & Inspection

> Education Law > Administration & Operation > Student Financial Aid > Eligibility for Financial Aid

### *HN6*[⤓] **Family Educational Rights & Privacy Act, Access & Inspection**

There is nothing in the Federal Family Educational Rights and Privacy Act of 1974 (FERPA), *20 U.S.C.S. § 1232g*, or its regulations that precludes higher education students from obtaining their own student records through OPRA. FERPA is a funding statute with corresponding regulations establishing procedures for administrative enforcement and administrative remedies for improper disclosure of student records. It prohibits the federal funding of educational institutions that have a policy or practice of releasing education records to unauthorized persons. FERPA does not itself establish procedures for disclosure of school records. It defines education records as records, files, documents, and other materials containing information directly related to a student, which are maintained by an educational agency or institution or by a person acting for such agency or institution. *20 U.S.C.S. § 1232g(a)(4)(A)*. FERPA regulations provide that third parties without parental consent are allowed access to education records where PII is removed. *34 C.F.R. § 99.31(b)(1)*.

Case 1:21-cv-17811   Document 1   Filed 09/29/21   Page 51 of 206 PageID: 51
MID-L-005051-21   08/31/2021 4:26:05 PM   Pg 27 of 44 Trans ID: LCV20212021170

466 N.J. Super. 14, *14; 245 A.3d 261, **261; 2021 N.J. Super. LEXIS 4, ***1

Administrative Law > ... > Freedom of Information > Enforcement > Burdens of Proof

Evidence > Burdens of Proof > Allocation

Administrative Law > ... > Freedom of Information > Methods of Disclosure > Record Requests

Administrative Law > ... > Freedom of Information > Compliance With Disclosure Requests > Notification Requirements

Administrative Law > ... > Freedom of Information > Compliance With Disclosure Requests > Processing Fees

## *HN7*[⬆]  Enforcement, Burdens of Proof

If a public agency denies a requestor access, the Open Public Records Act (OPRA), *N.J.S.A. §§ 47:1A-1* to - 47:1A-13, places the burden on the agency to prove the denial was authorized by law. *N.J.S.A. § 47:1A-6*. An agency seeking to restrict the public's right of access to government records must produce specific reliable evidence sufficient to meet a statutorily recognized basis for confidentiality. Absent the necessary proofs, a citizen's right of access is unfettered. In assessing the sufficiency of the agency's proofs submitted in support of its claim for nondisclosure, a court must be guided by the over-arching public policy in favor of a citizen's right of access. *N.J.S.A. § 47:1A-1*. If it is determined access has been improperly denied, the access sought shall be granted, and a prevailing party shall be entitled to a reasonable attorney's fee. *N.J.S.A. § 47:1A-6*.

Administrative Law > ... > Freedom of Information > Compliance With Disclosure Requests > Notification Requirements

Administrative Law > ... > Freedom of Information > Methods of Disclosure > Record Requests

Administrative Law > ... > Freedom of Information > Compliance With Disclosure Requests > Processing Fees

## *HN8*[⬆]  Compliance With Disclosure Requests, Notification Requirements

The Open Public Records Act (OPRA), *N.J.S.A. §§ 47:1A-1* to - 47:1A-13, only allows requests for records, not requests for information. The custodian is obliged to locate and redact the requested documents, isolate exempt documents, identify requests that require extraordinary expenditure of time and effort and warrant assessment of a service charge,

Case 1:21-cv-17811 Document 1 Filed 09/29/21 Page 52 of 206 PageID: 52
MID-L-005051-21 08/31/2021 4:26:05 PM Pg 28 of 44 Trans ID: LCV20212021170

466 N.J. Super. 14, *14; 245 A.3d 261, **261; 2021 N.J. Super. LEXIS 4, ***1

and, when unable to comply with a request, indicate the specific basis thereof. *N.J.S.A. §
47:1A-5(a)-(j)*. If the custodian is unable to comply with a request for access, the custodian
shall indicate the specific basis therefor on the request form and promptly return it to the
requestor. *N.J.S.A. § 47:1A-5(g)*.


Administrative Law > ... > Freedom of Information > Methods of Disclosure > Record
Requests

## *HN9*[⬇] **Methods of Disclosure, Record Requests**

While an exact definition of an impermissibly overly broad request is abstract, courts have
found requests that require a custodian to exercise his discretion, survey employees, or
undertake research to determine whether a record is responsive are overly broad and not
encompassed by the Open Public Records Act (OPRA), *N.J.S.A. §§ 47:1A-1* to - 47:1A-13.
Thus, an OPRA applicant must identify with reasonable clarity those documents that are
desired, and a party cannot satisfy this requirement by simply requesting all of an agency's
documents. OPRA does not authorize unbridled searches of an agency's property. The
custodian must have before it sufficient information to make the threshold determination as
to the nature of the request and whether it falls within the scope of OPRA.


Administrative Law > ... > Freedom of Information > Methods of Disclosure > Record
Requests

Governments > Legislation > Interpretation

## *HN10*[⬇] **Methods of Disclosure, Record Requests**

The Open Public Records Act's (OPRA), *N.J.S.A. § 47:1A-1.1*, plain language defines a
record as a document, information, or data that has been made, maintained or kept on file
or that has been received. A court looks first to the plain language of the statute to
determine the Legislature's intent.


Administrative Law > ... > Defenses & Exemptions From Public
Disclosure > Interagency Memoranda > Deliberative Process Privilege

Evidence > Privileges > Government Privileges > Freedom of Information Act

## *HN11*[⬇] **Interagency Memoranda, Deliberative Process Privilege**

Case 1:21-cv-17811 Document 1 Filed 09/29/21 Page 53 of 206 PageID: 53
MID-L-005051-21 08/31/2021 4:28:05 PM Pg 29 of 44 Trans ID: LCV20212021176

466 N.J. Super. 14, *14; 245 A.3d 261, **261; 2021 N.J. Super. LEXIS 4, ***1

Moreover, the requests are not permissible under OPRA because they seek inter-agency or intra-agency advisory, consultative, or deliberative material that is part of the decision-making process as to implementation of policy. *N.J.S.A. 47:1A-1.1.*

Education Law > Students > Student Records

## *HN12*[⬇] **Students, Student Records**

In L.R. I, the Superior Court of New Jersey, Appellate Division has held that school districts must afford parents and guardians a reasonable opportunity to comment upon the proposed redactions of records relating to their own child. This allows them to show how his or her child might be readily identified within the community, despite good faith efforts by school employees to perform effective and thorough redactions of the child's records.

**Counsel:** Jamie Epstein argued the cause for appellant.

Michael O'B. Boldt argued the cause for respondents (McElroy, Deutsch, Mulvaney & Carpenter, LLP, attorneys; Michael O'B. Boldt, of counsel and on the brief).

**Judges:** Before Judges Alvarez[2], Sumners and Geiger. The opinion of the court was delivered by SUMNERS, JR., J.A.D.

**Opinion by:** SUMNERS, JR.

## Opinion

[*20] [**264] The opinion of the court was delivered by

SUMNERS, JR., J.A.D.

Defendant Rutgers University, through its records custodian defendant Casey Woods, denied plaintiff Chris Doe's requests under the *Open Public Records Act (OPRA), N.J.S.A. 47:1A-1 to - 13*, [**265] for various records, including his own Rutgers graduate student records, and for attorney's fees and costs (collectively "attorney's fees"). Following an order to show cause hearing to determine whether defendants' denial violated OPRA, the trial court agreed with defendants' action and issued an order dismissing the requests as overbroad.

We reverse the court's order that plaintiff is not entitled to his own student records subject to redaction of personally identifiable information (PII) and remand [***2] to the court to

_____

[2] Judge Alvarez did not participate in oral argument but has, with the consent of counsel, been added to the panel deciding this matter.

Case 1:21-cv-17811 Document 1 Filed 09/29/21 Page 54 of 206 PageID: 54
MID-L-005051-21 08/31/2021 4:26:05 PM Pg 30 of 44 Trans ID: LCV20212021170

466 N.J. Super. 14, *20; 245 A.3d 261, **265; 2021 N.J. Super. LEXIS 4, ***2

determine if plaintiff is entitled to attorney's fees related to the release of those records. We also reverse and remand the court's order that plaintiff is not allowed attorney's fees related to defendants' voluntary release of information pertaining to copies of specific university professors' and administrators' disclosable employment records. The remand is to allow the court the opportunity to issue findings of facts and conclusions of law regarding plaintiff's entitlement to attorney's fees. The court shall also determine if plaintiff is entitled to attorney's fees related to the student records that we conclude he is entitled to receive. We affirm all other aspects of the court's order.

[*21] I

Plaintiff, a former student at the State University's Graduate School of Business, Newark campus, submitted OPRA requests to Woods, Interim OPRA Administrator and Records Custodian. On March 13, 2018, he sought the following:

[Request One]. Any and all documents, whether in electronic or paper media, which make reference to [Chris Doe or Chris Doe's initials] between 1/1/2017 to present. Documents requested include, but are not limited to: (a) financial records (requested immediately [***3] pursuant to [N.J.S.A.] 47:1A-5) such as bills, invoices, receipts, ledger accounts, payments, both sides of canceled checks, etc.; (b) academic records such as records kept by staff who provided [Chris Doe] educational services, transcripts, notes, letters, emails, reports, tests, etc.; (c) administrative records such as health records, discipline records, etc.; (d) communications records such as emails, memos, text messages, voice mail, letters, etc., sent or received by staff, administrators, contractors or agents of the University. Email search: where the sender or recipients is a staff, administrator, contractor or agent of the University and the body or subject of the email refers to [Chris Doe or Chris Doe's legal name initials or Chris Doe's student number].

[Request Two]. Regarding each employee listed below, the following information is requested: title, position, salary, payroll record, length of service, data contained in the information which disclose conformity with specific experiential, educational or medical qualifications required for employment, date of separation (if any) and the reason and the employee's employment contract (which is requested immediately pursuant [***4] to [N.J.S.A.] 47:1A-5)[:] (a) Dr. Edward Bonder, Associate Professor, Faculty of Arts and Sciences — Department of Biological Sciences; (b) Dr. Wayne Eastman, Professor[,] Rutgers Business School — Supply Chain Management; (c) Dr. Francis Bartkowski, Professor[,] Faculty [of] Arts and Sciences — Department of English; (d) Dr. Kinna Perry, Associate Dean of Graduate School-Newark; (e) Dr. Kyle Farmbry, Dean of the Graduate School-Newark.

Case 1:21-cv-17811  Document 1  Filed 09/29/21  Page 55 of 206 PageID: 55
MID-L-005051-21  08/31/2021 4:26:05 PM  Pg 31 of 44 Trans ID: LCV20212021170

466 N.J. Super. 14, *21; 245 A.3d 261, **265; 2021 N.J. Super. LEXIS 4, ***4

[Request Three]. Any and all documents or emails which refer to Record Request Information Item[s] [One] and [Two] **[\*\*266]** above either in the body of the email or document or in its attachment.

[Request Four]. Any and all records created including metadata in responding to this OPRA request.

Defendants replied that same day that Request Two records would be provided "as soon as is practicable," but the other requests were denied because they were "overly broad" and did not adequately "describe the documents sought." To obtain his academic transcript that was sought in Request One, plaintiff was directed to a university website.

**[\*22]** Three days later, plaintiff submitted another OPRA request (Request Five) seeking documents in electronic or paper media of "[t]he disciplinary **[\*\*\*5]** case file of any and all Rutgers Newark Graduate [s]tudent charged with a separable offense from 1/1/2013 to present" but "with all [PII] redacted." Defendants denied that request on March 28 as "overly broad" and requiring research by the custodian.

Within a few days of the original request, and before receiving the Request Two records that defendants advised would be provided, plaintiff filed an order to show cause and verified complaint in the Law Division to obtain all the sought-after records. After the court entered an order to show cause, plaintiff filed a second amended verified complaint. Defendants provided the records responsive to Request Two shortly thereafter: forty-five days after the request was initially made. The court subsequently issued an order and written opinion denying plaintiff's OPRA requests for unprovided records and attorney's fees.

II

We first point out, with the exception of attorney's fees, we reject plaintiff's contention that a remand is necessary because the trial court failed to comply with *Rule 1:7-4(a)*, which requires the court to set forth its factual findings and conclusions of law dismissing his OPRA requests. Relying upon *MAG Ent., LLC v. Div. of Alcoholic Beverage Control, 375 N.J. Super. 534, 549, 868 A.2d 1067 (App. Div. 2005)*, the court found that plaintiff made **[\*\*\*6]** "'[w]holesale requests' for generalized information to be analyzed and compiled by the responding agency [that were] outside of OPRA's scope." Plaintiff did not comply with defendants' request by narrowing the emails sought by "content and/or subject," "specific date or range of [transmission] dates," and "identify[ing] the sender and[/]or recipient thereof." Finding the demand was inconsistent with OPRA's legislative intent, the court explained plaintiff's requests were not "well defined," thereby requiring Woods to make an impermissibly subjective analysis to determine **[\*23]** what records were sought. *Paff v. Galloway Twp. (Paff II), 229 N.J. 340, 355, 162 A.3d 1046 (2017)*.

III

Case 1:21-cv-17811 Document 1 Filed 09/29/21 Page 56 of 206 PageID: 56
MID-L-005051-21 08/31/2021 4:26:05 PM Pg 32 of 44 Trans ID: LCV20212021170

466 N.J. Super. 14, *23; 245 A.3d 261, **266; 2021 N.J. Super. LEXIS 4, ***6

_HN1_[⚓] "OPRA provides for ready access to government records by the citizens of this State." _Burnett v. Cnty. of Bergen, 198 N.J. 408, 421-22, 968 A.2d 1151 (2009)_ (citing _Mason v. City of Hoboken, 196 N.J. 51, 64-65, 951 A.2d 1017 (2008)_). Government records are defined as

> any paper, written or printed book, document, drawing, map, plan, photograph, microfilm, data processed or image processed document, information stored or maintained electronically or by sound-recording or in a similar device, or any copy thereof, _that has been made, maintained or kept on file_ in the course of his or its official business by any officer, commission, agency or authority of the State or of any political subdivision thereof, including subordinate [***7] boards [**267] thereof, or that _has been received_ in the course of his or its official business by any such officer, commission, agency or authority of the State or of any political subdivision thereof, including subordinate boards thereof. The terms shall not include inter-agency or intra-agency advisory, consultative, or deliberative material.
> [_N.J.S.A._ 47:1A-1.1 (emphasis added).]

_HN2_[⚓] Our "overarching public policy" favors "a citizen's right of access." _Courier News v. Hunterdon Cnty. Prosecutor's Off., 358 N.J. Super. 373, 383, 817 A.2d 1017 (App. Div. 2003)_ (citing _N.J.S.A._ 47:1A-1). Accordingly, OPRA directs that "all government records shall be subject to public access unless exempt[,]" and "any limitations on the right of access . . . shall be construed in favor of the public's right of access." _N.J.S.A._ 47:1A-1. OPRA only applies to records "made, maintained or kept on file in the course of [a public agency's] official business[,]" as well as any document "received in the course of [the agency's] official business[.]" _N.J.S.A._ 47:1A-1.1.

_HN3_[⚓] Among the records specifically exempted under OPRA are those kept by "any public institution of higher education, . . . deemed to be privileged and confidential[,]" such as "information concerning student records or grievance or disciplinary proceedings against a student _to the extent disclosure would reveal the identity of the [***8] student_." _Ibid._ (emphasis added). Also exempt are [*24] "any federal law, federal regulation, or federal order[,]" _N.J.S.A._ 47:1A-1, and any information that is protected by any "federal law[,] federal regulation[,] or federal order[,]" _N.J.S.A._ 47:1A-9(a). We review de novo the trial court's legal conclusions regarding plaintiff's OPRA requests. _Paff v. Galloway Twp. (Paff I), 444 N.J. Super. 495, 501, 134 A.3d 42 (App. Div. 2016)_ (citation omitted).

Both parties rely on our decision in _L.R. v. Camden City Pub. Sch. Dist., (L.R. I), 452 N.J. Super. 56, 95, 171 A.3d 227 (App. Div. 2017)_, affirmed by an equally divided Supreme Court, _L.R. v. Camden City Pub. Sch. Dist. (L.R. II), 238 N.J. 547, 550, 213 A.3d 912 (2019)_ (Patterson, J., concurring), where we ruled that a request under OPRA, the New Jersey Pupil Records Act, _N.J.S.A._ 18A:36-19, and the _Federal Family Educational Rights_

Case 1:21-cv-17811 Document 1 Filed 09/29/21 Page 57 of 206 PageID: 57
MID-L-005051-21 08/31/2021 4:26:05 PM Pg 33 of 44 Trans ID: LCV20212021170

466 N.J. Super. 14, *24; 245 A.3d 261, **267; 2021 N.J. Super. LEXIS 4, ***8

*and Privacy Act of 1974 (FERPA), 20 U.S.C. § 1232g*, for unredacted "[student] records"[3] that do not "incidentally mention or identify other students[,]" are accessible to the student or the student's parent, guardian, or authorized legal representative. Plaintiff argues he is entitled to his own student records that were deemed disclosable under OPRA in the *L.R.* decisions. Plaintiff also cites published responses by the Department of Education to comments made to the agency's proposed regulations, *Family Educational Rights and Privacy, 73 Fed. Reg. 15,574, 15,583 (Mar. 24, 2008)*; *73 Fed. Reg. 74,806, 74,831 (Dec. 9, 2008)*, that support, respectively, the proposition that disclosure is not barred under FERPA once "all identifiers have been removed[.]" *73 Fed. Reg. at 15,583*.

Defendants contend [***9] that *L.R.* I, albeit in dicta, specifically stated its ruling does not apply to higher education institutions:

> As a starting point to our de novo legal analysis, we note it is clear and essentially undisputed that the school records sought here are within the scope of OPRA's broad definition of "government record[s.]" *N.J.S.A. 47:1A-1.1.* They are [**268] not "higher education" records exempted from OPRA under *N.J.S.A. 47:1A-1.1.*

> [*25] [*452 N.J. Super. at 82-83* (alteration in original).]

In response, plaintiff maintains that *L.R.* I recognized that disclosure of higher education student records after redaction of PII was permitted under *N.J.S.A. 47:1A-1.1. Id. at 79.* Although the parties argued the impact of the *L.R.* decisions before the trial court, the court did not address their arguments.

*HN5*[⚓] Considering OPRA's commitment to allowing access to public records, we conclude that *OPRA* requires the disclosure of higher education records if they do not contain PII. "Generally, the public's interest in nondisclosure is based on the need to keep the information confidential." *L.R. I, 452 N.J. Super. at 89* (quoting *Keddie v. Rutgers, 148 N.J. 36, 51, 689 A.2d 702 (1997)*). *N.J.S.A. 47:1A-1.1* only exempts public higher education records from disclosure that reveal a student's identity. Plaintiff should be given copies of the requested Rutgers's records that do not reveal the identity of other students. [***10] This includes plaintiff's access to his own academic, discipline, and financial records as long as identifiable references to other students are removed. In reaching this conclusion, we are fully cognizant of defendants' need to maintain and implement system-wide protocols under FERPA to safeguard confidentiality of its students' records. *Gundlach v. Reinstein, 924 F. Supp. 684, 692 (E.D. Pa. 1996)* (citation omitted) ("FERPA was adopted to address systematic, not individual, violations of students' privacy and confidentiality rights through unauthorized releases of sensitive

---

[3] *HN4*[⚓] *N.J.A.C. 6A:32-2.1* defines a student record as "information related to an individual student gathered within or outside the school district and maintained within the school district, regardless of the physical form in which it is maintained."

Case 1:21-cv-17811 Document 1 Filed 09/29/21 Page 58 of 206 PageID: 58
MID-L-005051-21 08/31/2021 4:26:05 PM Pg 34 of 44 Trans ID: LCV20212021170

466 N.J. Super. 14, *25; 245 A.3d 261, **268; 2021 N.J. Super. LEXIS 4, ***10

educational records."), *aff'd, 114 F.3d 1172 (3d Cir. 1997)*. That said, allowing plaintiff access to his own university records with appropriate redactions does not breach OPRA's goal to protect confidential information.

Defendants contend plaintiff requested confidential "education records" that are subject to and protected by FERPA. Defendants argue that requiring a public university to disclose a student's own records to the student under OPRA would "substantially and needlessly impede [their] compliance with FERPA's [*26] requirements" and increase the chances that student privacy would be violated. We disagree.

*HN6*[⚓] There is nothing in FERPA or its regulations that precludes higher education students from [***11] obtaining their own student records through OPRA. "FERPA is a funding statute with corresponding regulations establishing procedures for administrative enforcement and administrative remedies for improper disclosure of student records." *State v. J.S.G., 456 N.J. Super. 87, 100, 192 A.3d 1 (App. Div. 2018)* (citations omitted). It "prohibit[s] the federal funding of educational institutions that have a policy or practice of releasing education records to unauthorized persons." *Gonzaga v. Doe, 536 U.S. 273, 276, 122 S. Ct. 2268, 153 L. Ed. 2d 309 (2002)*. "FERPA does not itself establish procedures for disclosure of school records." *K.L. v. Evesham Tp. Bd. of Educ., 423 N.J. Super. 337, 363, 32 A.3d 1136 (App. Div. 2011)*. It defines education records as "records, files, documents, and other materials" containing information directly related to a student, which "are maintained by an educational agency or institution or by a person acting for such agency or institution." *Owasso Indep. Sch. Dist. No. 1-011 v. Falvo, 534 U.S. 426, 429, 122 S. Ct. 934, 151 L. Ed. 2d 896 (2002)* (quoting *20 U.S.C. § 1232g(a)(4)(A)*). FERPA regulations provide that third parties without parental consent are allowed access to education records where PII is removed. *34 C.F.R. § 99.31(b)(1)*. [**269] Defendants fail to cite any provision of FERPA or its regulations that precludes plaintiff's access to the requested records under OPRA.

IV

Concluding that FERPA does not preclude plaintiff's OPRA requests does not end our inquiry. We must consider whether the trial court properly denied his requests based upon [***12] OPRA's limitations.

*HN7*[⚓] If a public agency denies a requestor access, OPRA places the burden on the agency to prove "the denial . . . [was] authorized by law." *N.J.S.A. 47:1A-6*. An agency "seeking to [*27] restrict the public's right of access to government records must produce specific reliable evidence sufficient to meet a statutorily recognized basis for confidentiality." *Courier News, 358 N.J. Super. at 382-83*. Absent the necessary proofs, "a citizen's right of access is unfettered." *Id. at 383*. In assessing the sufficiency of the agency's proofs submitted in support of its claim for nondisclosure, "a court must be

Case 1:21-cv-17811 Document 1 Filed 09/29/21 Page 59 of 206 PageID: 59
MID-L-005051-21 08/31/2021 4:26:05 PM Pg 35 of 44 Trans ID: LCV20212021170

466 N.J. Super. 14, *27; 245 A.3d 261, **269; 2021 N.J. Super. LEXIS 4, ***12

guided by the overarching public policy in favor of a citizen's right of access." *Ibid.* (citing *N.J.S.A. 47:1A-1*). If it is determined access has been improperly denied, the access sought shall be granted, and a prevailing party shall be entitled to a reasonable attorney's fee. *N.J.S.A. 47:1A-6*.

*HN8*[⚓] OPRA "only allows requests for records, not requests for information." *Burke v. Brandes, 429 N.J. Super. 169, 174, 57 A.3d 552 (App. Div. 2012)* (quoting *Bent v Twp. of Stafford Police Dep't., 381 N.J. Super. 30, 37, 884 A.2d 240 (App. Div. 2005))*. The custodian is obliged to "locate and redact [the requested] documents, isolate exempt documents, . . . identify requests that require 'extraordinary expenditure of time and effort' and warrant assessment of a 'service charge,' and, when unable to comply with a request, 'indicate the specific basis'" [***13] thereof. *Spectraserv, Inc. v. Middlesex Cnty. Utils. Auth., 416 N.J. Super. 565, 576, 7 A.3d 231 (App. Div. 2010)* (quoting *N.J. Builders Ass'n v. N.J. Council on Affordable Hous., 390 N.J. Super. 166, 177, 915 A.2d 23 (App. Div. 2007)* (quoting *N.J.S.A. 47:1A-5(a)- (j)*)). If "the custodian is unable to comply with a request for access, the custodian shall indicate the specific basis therefor on the request form and promptly return it to the requestor." *N.J.S.A. 47:1A-5(g)*.

*HN9*[⚓] While an exact definition of an impermissibly overly broad request is abstract, courts have found requests that require a custodian to exercise his discretion, survey employees, or undertake research to determine whether a record is responsive are overly broad and not encompassed by OPRA. We have concluded plaintiff's requests for "any and all documents and data . . . relied upon, considered, reviewed, or otherwise utilized" were impermissibly [*28] overboard because they require the custodian to exercise discretion to determine whether to comply. *N.J. Builders Ass'n, 390 N.J. Super. at 172*. Thus, an OPRA applicant "must identify with reasonable clarity those documents that are desired, and a party cannot satisfy this requirement by simply requesting all of an agency's documents. OPRA does not authorize unbridled searches of an agency's property." *Bent, 381 N.J. Super. at 37*; *see also Renna v. Cnty. of Union, 407 N.J. Super. 230, 245, 970 A.2d 414 (App. Div. 2009)* ("The custodian must have before it sufficient information to make the threshold determination as to the nature of the request and whether it falls within the [***14] scope of OPRA.").

[**270] As to Request One, we conclude some of the records sought are disclosable and some are not. Woods's certification in response to the order to show cause provides that "searching all of the mail accounts on the University's email systems is practically impossible and also very disruptive to certain other operations within the University's Office of Information Technology, which is impossible for gathering electronic documents from the University's e-mail servers[.]" He suggests "narrowing the search to specific senders/recipients as well as a date range could greatly improve the chances [of] having a successful search[.]" This limitation should not impede defendants' ability to respond to

466 N.J. Super. 14, *28; 245 A.3d 261, **270; 2021 N.J. Super. LEXIS 4, ***14

plaintiff's request in subcategory (a) for financial records. Rutgers, like any organization that maintains financial records for its clients, in this case students, should be able to generate its financial history with plaintiff. Defendants have not proffered any reason that suggests an impediment to locating those records.

With the exception of plaintiff's academic transcripts and discipline records, we agree with the trial court that subcategories (b), (c), and (d) are overbroad **[***15]** as they require Woods to exercise his discretion, survey staff, or undertake research to determine if he was responsive to the request. Educational service records sought in subcategory (b) are undefined. The subcategory's request for "records kept by staff" such as "notes, letters, emails, **[*29]** reports, tests, etc.[,]" requires Woods to identify and search the universe of locations where these records might be maintained and thus constitutes an unbridled records search. In the initial reply to plaintiff's request, Woods noted "[d]ue to the University's size and the sheer number of employees, we cannot perform open-ended searches on our servers using only a keyword, our [Office of Information Technology] staff require[s] individual sender/receiver identities to perform an email search."

Subcategory (c)'s request for "health records" is not subject to *OPRA* because the *Health Insurance Portability and Accountability Act of 1996 (HIPAA), 42 U.S.C. §§1320d-1 to - 9*, and its related regulations govern a patient's right to inspect and obtain copies of the patient's medical records to protect unauthorized disclosure. *See Smith v. Datla, 451 N.J. Super. 82, 102, 164 A.3d 1110 (App. Div. 2017)*; *Bernetich, Hatzell & Pascu, LLC v. Med. Records Online, Inc., 445 N.J. Super. 173, 180, 136 A.3d 955 (App. Div. 2016)*. Plaintiff's claim that defendants did not rely upon HIPAA as a reason for denying his request **[***16]** is of no import because the release of health care is of significant public interest for us to consider. *See Zaman v. Felton, 219 N.J. 199, 226-27, 98 A.3d 503 (2014)*. In addition, the requests would require research to determine where plaintiff received health care through or at the university. Subcategory (d)'s request for "communications records" is overbroad as it is not the type of routine search required by OPRA. The request would be disruptive to defendants' operations because it would require an unreasonable labor expense given the university's numerous departmental servers, faculty and staff desktop computers, email accounts, and individual voicemail accounts. In fact, defendants sought to resolve the request by telling plaintiff he would need to identify senders and/or recipients instead, but he chose not to respond.

With respect to Request Three, seeking documents or emails regarding Requests One and Two, and Request Four, seeking metadata responding to all requests, they both seek records that did not yet exist at the time of the request. Hence, **[*30]** they are not yet government records. **[**271]** *HN10*[⊺] OPRA's plain language defines a record as a document, information, or data "that has been made, maintained or kept on file . . . or that has been received." **[***17]** *N.J.S.A. 47:1A-1.1. See McGovern v. Rutgers, 211 N.J. 94,*

Case 1:21-cv-17811 Document 1 Filed 09/29/21 Page 61 of 206 PageID: 61
MID-L-005051-21 08/31/2021 4:26:05 PM Pg 37 of 44 Trans ID: LCV20212021170

466 N.J. Super. 14, *30; 245 A.3d 261, **271; 2021 N.J. Super. LEXIS 4, ***17

*108, 47 A.3d 724 (2012)* (looking first to the plain language of the statute to determine the Legislature's intent). Both requests are also not subject to disclosure under OPRA because they are open-ended demands tantamount to an "any and all" request disfavored by caselaw. To comply, defendants would have to search through all of Rutgers's files and analyze the information contained therein to identify for plaintiff the records sought. *HN11*[⬆] Moreover, the requests are not permissible under OPRA because they seek "inter-agency or intra-agency advisory, consultative[,] or deliberative material" that is part of the decision-making process as to implementation of policy. *Ciesla v. N.J. Dep't of Health & Senior Servs., 429 N.J. Super. 127, 137, 57 A.3d 40 (App. Div. 2012)* (citing *N.J.S.A. 47:1A-1.1*; *Educ. Law Ctr. v. N.J. Dep't of Educ., 198 N.J. 274, 284, 966 A.2d 1054 (2009)*; *In re Liquidation of Integrity Ins. Co., 165 N.J. 75, 83, 754 A.2d 1177 (2000))*.

Lastly, we turn to Request Five seeking disciplinary files — with PII redacted — of all Rutgers Newark graduate students charged with a separable offense from January 1, 2013 to the present. Despite plaintiff's efforts to comply with OPRA's requirement that student records not disclose the student's identity, *N.J.S.A. 47:1A-1.1*, the trial court was correct in ruling the records were not subject to disclosure because the request was overbroad. Plaintiff fails to provide any reference to disciplinary guidelines indicating what charge might result [***18] in a student being separated or expelled from a graduate program. Leaving it to defendants to research and compile a database to determine what discipline records were exempted or could be redacted makes the request overbroad.[4]


**[*31]** V

In sum, we conclude OPRA only allows plaintiff to obtain copies of his own academic transcripts, discipline records, and financial records subject to redaction to preclude the identity of other students. We remand for the trial court to determine whether plaintiff is entitled to any attorney's fees related to his efforts to obtain these records. Each party should be afforded the opportunity to present their respective positions to the court. We leave it to the court's discretion to allow oral argument. We also remand for the court to issue findings of facts and conclusions of law [***19] regarding plaintiff's entitlement to

---

[4] *HN12*[⬆] In *L.R. I*, we held

that school districts must afford parents and guardians a reasonable opportunity to comment upon the proposed redactions of records relating to their own child. . . . [This allows them to] show how his or her child might be readily identified within the community, despite good faith efforts by school employees to perform effective and thorough redactions of the child's records.

[*452 N.J. Super. at 92.*]

Thus, we question whether a more circumscribed OPRA request would require that graduate students be afforded the opportunity to review and object to a proposed redaction of their disciplinary files to prevent disclosure of their identity. Because this issue was not before us, we do not address it.

466 N.J. Super. 14, *31; 245 A.3d 261, **271; 2021 N.J. Super. LEXIS 4, ***19

attorney's fees related to defendants' voluntary release of information pertaining to specific university professors' and administrators' disclosable records. We take no position as to whether plaintiff is entitled to any attorney's fees that the court shall consider on remand.

[**272] Affirmed in part and reversed and remanded in part consistent with this opinion. We do not retain jurisdiction.

End of Document


Neutral
As of: August 31, 2021 5:38 PM Z

### *D.F. v. Collingswood Bd. of Educ.*

Superior Court of New Jersey, Appellate Division

September 22, 2016, Argued; November 10, 2016, Decided

DOCKET NO. A-5311-14T2

**Reporter**
2016 N.J. Super. Unpub. LEXIS 2449 *; 2016 WL 6647784

D.F., a Minor, Individually and by his Parent and Legal Guardian, A.C., Plaintiffs-Appellants, v. ***COLLINGSWOOD*** BOARD OF EDUCATION, Defendant-Respondent.

**Notice:** NOT FOR PUBLICATION WITHOUT THE APPROVAL OF THE APPELLATE DIVISION.

PLEASE CONSULT NEW JERSEY *RULE 1:36-3* FOR CITATION OF UNPUBLISHED OPINIONS.

**Prior History:** [*1] On appeal from Superior Court of New Jersey, Law Division, Camden County, Docket No. L-3813-10.

### Core Terms

records, attorney client privilege, redacted, trial judge, in-camera, billing, plaintiffs', un-redacted, disclosure, trial strategy, privilege log

**Counsel:** Walter M. Luers argued the cause for appellant (Law Offices of Walter M. Luers, L.L.C., attorneys; Mr. Luers, of counsel and on the briefs; Jamie ***Epstein***, on the briefs).

Walter F. Kawalec, III argued the cause for respondent (Marshall Dennehey Warner Coleman & Goggin, attorneys; Mr. Kawalec and Richard L. Goldstein, on the brief).

**Judges:** Before Judges O'Connor and Whipple.

### Opinion

PER CURIAM

Plaintiffs, A.C. and D.F., a parent and minor child, appeal from October 8, 2010, November 12, 2010, and June 26, 2015 orders denying their request for the disclosure of

2016 N.J. Super. Unpub. LEXIS 2449, *1

documents pursuant to *New Jersey's Open Public Records Act (**OPRA**), N.J.S.A. 47:1A-1 to -12*.

D.F. was a student in the ***Collingswood*** Public School system. In 2009, his mother, A.C., brought an administrative claim and ultimately, a federal lawsuit asserting D.F.'s educational rights were violated under the *Individuals with Disabilities Act (IDEA). 20 U.S.C.A. §§ 1400-1482*. In June 2010, plaintiffs' counsel filed a request with the ***Collingswood*** Board of Education (the Board) for records pursuant to ***OPRA***, *N.J.S.A. 47:1A-1 to-12*. In particular, the request sought:

> All records, including, but not limited to, bills, vouchers, [*2] contracts, etc., whether in electronic or paper media, whether received or sent, which makes reference to attorney's fees from 11/11/09 to present which make reference to . . . [D.F.] and/or his mother, [A.C.].
> I also request a copy of the Board's current contract with the Board's attorney and/or law firm.
>
> Immediate access is requested for these "bills, vouchers, contracts", pursuant to ***OPRA*** *N.J.S.A. 47:1A-5(e)*.

The Board responded stating invoices for legal services were available for inspection and copying, but the names of certain persons identified in the records had been redacted under the attorney client privilege.

Plaintiffs filed a complaint and order to show cause under ***OPRA***, seeking disclosure of the 162 redacted names in the billing records. On October 8, 2010, the trial judge ordered the Board to provide the un-redacted billing records for in-camera review and provide justification for the redactions in a legal memorandum. The Board complied, providing un-redacted records and a letter brief on October 21, 2010. Plaintiffs only received the letter brief. In the letter brief, the Board argued for the application of attorney client privilege in ***OPRA*** cases. The Board also argued the identities of [*3] individuals employed by the Board who sought legal counsel should be protected because a chilling effect could result from the revelation of their identities, particularly where plaintiffs were involved in litigation against the Board. The Board also argued the information, if unredacted, could give plaintiffs insight into the Board's legal strategy.

On November 12, 2010, the trial judge denied plaintiffs' order to show cause without prejudice:

> While I do not know the - how each and every person whose name is set forth in the un-redacted bills fits in the case it would certainly seem to me that there are references to fact witnesses, there are references to professionals, there are references to the staff of the ***Collingswood*** Board of Education and requiring the Board of Education's

counsel to reveal those persons with whom he or she is speaking, particularly when the date of the communication is also noted can certainly give rise to insight into counsel's trial strategy, theories of the case and would undermine the client's - potentially undermine the client's rights and strategy in this litigation.

The trial judge dismissed the complaint without prejudice because of the on-going litigation, [*4] but opined the rationale for redaction might not exist after the completion of litigation.

Plaintiff filed an appeal, which we dismissed as interlocutory without addressing the merits. After completion of the IDEA litigation, plaintiffs filed a second appeal, which we dismissed as interlocutory by order of April 21, 2015. Plaintiffs returned to the Law Division, moving for summary judgment before a second judge. Plaintiffs argued defendant had not provided a sufficient factual basis to establish it was entitled to assert the attorney client privilege for the 162 redacted names and should, at the very least, be ordered to serve and file a privilege log. Plaintiffs also argued they had an interest in disclosure of the names under the *Family Educational Rights and Privacy Act (FERPA), 20 U.S.C.A. § 1232*, because D.F.'s records were allegedly disclosed to other people without his consent. Plaintiffs also sought costs and attorney's fees.

The second judge denied the application because the law of the case doctrine precluded him from revisiting the trial judge's previous ruling. This appeal followed.

On appeal, plaintiffs argue the court erred by failing to require defendant to submit evidence in the form of [*5] a privilege log or certification to support the claim of attorney client privilege, the privilege does not apply to names in billing records, the court erred by relying on the attorney work-product privilege as a reason for non-disclosure, and the court's findings were inconsistent. Plaintiffs also argue the Board should be foreclosed from now supplementing the record to establish the privilege's application, and the Board's actions may have violated plaintiffs' right to know who was given access to his records pursuant to FERPA. Plaintiffs also argue they are entitled to an award of fees.

This court reviews a trial court's determination of whether access to public records was warranted under **OPRA** de novo. *Paff v. N.J. State Firemen's Ass'n, 431 N.J. Super. 278, 286, 69 A.3d 118 (App. Div. 2013)*.

We now turn to our review of the dismissal of plaintiffs' complaint and order to show cause by the trial judge on November 12, 2010. The judge required the Board to provide un-redacted billing records for in camera review and submission of a legal brief to support

Case 1:21-cv-17811  Document 1  Filed 09/29/21  Page 66 of 206 PageID: 66
MID-L-005051-21  08/31/2021 4:26:05 PM  Pg 42 of 44  Trans ID: LCV20212021170

2016 N.J. Super. Unpub. LEXIS 2449, *5

finding the names privileged. Plaintiff asserts it was error not to require the Board to produce a privilege log or *Vaughn*[1] index. We disagree.

When a government custodian is unable to comply with the **OPRA** request relying [*6] upon attorney client privilege, the "mere assertion of privilege" is not enough. *Burke v. Brandes, 429 N.J. Super. 169, 178, 57 A.3d 552 (App. Div. 2012)*. When stating the reasons for the denial of a request, the government agency need not reveal the privileged material, but must follow the standard in *Rule 4:10-2(e)*, "which permits the party claiming privilege to 'describe the nature of the documents . . . not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.'" *Paff v. New Jersey Dep't of Labor, Bd. of Review, 379 N.J. Super. 346, 354, 878 A.2d 31 (App. Div. 2005)* (quoting *R. 4:10-2(e)*).

When attorney client privilege has been claimed in an **OPRA** action, courts have either ordered a privilege log to be produced or conducted an in-camera review in order to determine whether the privilege applies. *N.J.S.A. 47:1A-1 to-12* does not mandate a privilege log must be filed when a government agency asserts a claim of attorney client privilege. We have stated, "the court is obliged when a claim of confidentiality or privilege is made by the public custodian of the record, to inspect the challenged document *in-camera* to determine the viability of the claim." *MAG Entm't, LLC v. Div. of Alcoholic Beverage Control, 375 N.J. Super. 534, 545, 868 A.2d 1067 (App. Div. 2005)* (citing *Hartz Mountain Indus., Inc. v. N.J. Sports & Exposition Auth., 369 N.J. Super. 175, 183, 848 A.2d 793 (App. Div. 2004))*. The purpose of an in-camera inspection is to allow both parties the opportunity to address principles related [*7] to the claim of confidentiality and privilege; in-camera review also allows the government custodian to argue specifically "why the document should be deemed privileged or confidential or otherwise exempt from the access obligation." *Ibid.* (quoting *Hartz Mountain, supra, 369 N.J. Super. at 183*).

The judge herein was within his discretion to conduct an in-camera review to determine the validity of defendant's claim of privilege. However, that does not end the inquiry.

After conducting the in-camera review, the judge did "not know how each and every person whose name is set forth in the un-redacted bills fits in the case." In other words, the in-camera review did not demonstrate whether the redacted names were subject to the privilege. Rather than ask the Board for additional information to clarify the assertion of the attorney client privilege vis-a-vis the redacted names, the judge, sua sponte, dismissed plaintiffs' complaint because disclosure of the redacted names could reveal trial strategy in

---

[1] *Vaughn v. Rosen, 484 F.2d 820, 157 U.S. App. D.C. 340 (D.C. Cir. 1973)*.

the underlying litigation. The judge then opined his rationale might not apply in the future after the resolution of the underlying litigation.

Hence, the trial judge left unanswered the questions of the applicability of the attorney client [*8] privilege, as well as whether the completion of the underlying litigation was a changed circumstance requiring disclosure of the redacted names.

The judge erred in dismissing the complaint because the records could "give rise to insight into counsel's trial strategy." "A party's right to access public records is not abridged because it may be involved in other litigation with the governmental agency required to respond to the *OPRA* request." *MAG, supra, 375 N.J. Super. at 545*. In *MAG*, we said, "[t]he fact that litigation was pending between the [the parties] when MAG made its public records request does not, in itself, relieve the government agency of its obligation to comply with *OPRA*." *Id. at 544*. "Documents that are 'governmental records' and subject to public access under *OPRA* are no less subject to public access because the requesting party is opposing the public entity in possession of material sought in collateral litigation." *Id. at 545*. The pendency of collateral litigation "neither diminishes nor expands the requestor's right of access to government records under *OPRA*." *N.J. Builders Ass'n. v. N.J. Council on Affordable Hous., 390 N.J. Super. 166, 182, 915 A.2d 23 (App. Div. 2007)*. In *Spectraserv, Inc. v. Middlesex Cty. Utils. Auth., 416 N.J. Super. 565, 581, 7 A.3d 231 (App. Div. 2010)*, we stated that "although the pendency of collateral litigation 'neither diminishes nor expands the requestor's right of access to government records under *OPRA*,' [*9] it is not a fact to be ignored." (internal citations omitted).

The blanket dismissal of plaintiffs' complaint because disclosure of redacted names could give rise to insight into trial strategy is error for the same reason the judge could not determine the applicability of the attorney client privilege. The Board's submission did not identify which of the 162 redacted names were employees and/or administrators, whether any sought legal counsel, and more significantly, whether any were not employees of the Board or third parties. The submission did not distinguish fact witnesses from expert witnesses and did not establish whether any of the individuals were actual clients. Any determination the information provided would give insight into trial strategy is speculative.

Armed with the foregoing analysis we turn to whether the second judge's determination that his review was precluded by the law of the case doctrine. We conclude it was not because the trial judge did not make findings regarding the attorney client privilege and because the trial judge suggested the completion of the underlying litigation might be a changed circumstance. Plaintiffs argue defendant should not be permitted [*10] to supplement the record with information it should have provided initially. We disagree and direct the scope of the inquiry, including the request for fees to the discretion of the trial judge. We reverse the dismissal of plaintiffs' complaint and remand the matter for amplification of these issues consistent with this opinion.

2016 N.J. Super. Unpub. LEXIS 2449, *10

Reversed and remanded. We do not retain jurisdiction.

End of Document

# EXHIBIT D

COHN LIFLAND PEARLMAN
HERRMANN & KNOPF LLP
Walter M. Luers, Esq., No. 034041999
Park 80 West - Plaza One
250 Pehle Avenue, Suite 401
Saddle Brook, New Jersey 07663
(201) 845-9600
JAMIE EPSTEIN, ESQ.- 008081990
17 Fleetwood Drive
Hamilton, New Jersey 08690
Telephone: 856.979.9925
Attorneys for Plaintiff

| | |
|---|---|
| Chris Doe,                              Plaintiff,<br>v.<br>RUTGERS, THE STATE UNIVERSITY OF NEW JERSEY and Jewell Battle in her official capacity as the OPRA ADMINISTRATOR and RECORDS CUSTODIAN of Rutgers University, Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: MIDDLESEX COUNTY<br>DOCKET NO. MID-L-_____-____<br>CIVIL ACTION<br>**CERTIFICATION** |

I, JAMIE EPSTEIN, ESQ., of full age, hereby certify:

1.    I am an attorney of the State of New Jersey and co-ounsel for Plaintiff.

2.    Attached hereto as Pa1 is a copy of Plaintiff's 4/3/21 OPRA request.

3.    Attached hereto as Pa4 is a copy of Plaintiff's 4/13/21 OPRA request

4.    Attached hereto as Pa6 is a copy of Defendants' 4/14/21 response to Plaintiff's 4/3/21 OPRA for de-identified disciplinary records of other Rutgers Newark Graduate Students charged with a separable offense.

5.    Attached hereto as Pa10 is a copy of Defendants' 6/22/21 response to Plaintiff's 4/3/21 OPRA Request denying access for Plaintiff's own student records of Defendants' communications making reference to Plaintiff unless Plaintiff paid a special service charge of $2,025.

6.    Attached hereto as Pa14 is a copy of Defendants' 7/12/21 denial of access to Plaintiff's 4/13/21 OPRA Request for Plaintiff's own student records of Defendants' communications making reference to

1

Plaintiff unless Plaintiff paid a $4,995 special service charge.

7.  Attached hereto as Pa18 is the 5/26/21 heavily redacted 102 page record in response to item 4, OPRA search/response records improperly asserting various privileges.

8.  All of the documents attached hereto are true and correct copies thereof, except Plaintiff's personal identification information has been redacted.

I certify that the foregoing statements made by me are true. I understand that if any of the statements made by me are willfully false, I am subject to punishment.

JAMIE EPSTEIN, ESQ.

Dated: 8/2/21

2

### State of New Jersey - Government Records Request

**Record Custodian Information:** Jewell Battle, University Custodian of Records, Rutgers, The State University of New Jersey, 65 Bergen Street, Ste. 1346, Newark, New Jersey 07101-1709, Phone: (973) 972-1981, Fax: (973)972-7174, Email: opraru@uec.rutgers.ed

**Record Requester Information:**
Jamie Epstein, Esq., 17 Fleetwood Dr., Hamilton 08690, je@jamieepsteinlaw.com, on behalf of Z.H. (███s authorization for release of his student records is attached)

**Preferred Delivery:**
**X PDF via E-Mail ___Pick Up ___US Mail ___On Site**
Under penalty of N.J.S.A. 2C:28-3, I certify that **I X Have Not/ ___ Have** been convicted of any indictable offense under the laws of New Jersey, or any other state, or in United States.

**Dated: 4/3/21**                 **Jamie Epstein, Esquire**

**Payment Information:**
**Maximum Authorized Cost $ tbd Payment Method: Cash___ Check X Money Order ___**
*Fees: Letter Size @ $0.05/page Legal Size @ $0.07/page. Electronic Records: shall be provided free of charge, but agency may charge for cost of media, programming, clerical, supervisory assistance and/or substantial use of information technology. Delivery: Delivery/postage fees additional depending upon delivery type. Additional Charges: may be charged if extraordinary time/effort required, depending upon request.*

**Record Request Information:**
Records, whether in electronic or paper media, which make reference to ███████████ student id #136003725. Documents requested include, but are not limited to:
**(1) academic records:** ███'s file kept by Dr. Edward Bonder, Associate Professor, Faculty Arts and Sciences - Department of Biological Sciences; (b) Dr. Wayne Eastman, Professor Rutgers Business School – Supply Chain Management; (c) Dr. Francis Bartkowski, Professor Faculty Arts and Sciences – Department of English; (d) Dr. Kinna Perry, Associate Dean Graduate School-Newark; (e) Dr. Kyle Farmbry, Dean of the Graduate School-Newark. Date range 1/1/17 to present.

**(2) communications records** such as emails, memos, text messages, voice mail, letters, etc., sent or received by staff, administrators, contractors or agents of the University.
**search information:**
**senders or recipients**: Dr. Edward Bonder, Associate Professor, Faculty Arts and Sciences - Department of Biological Sciences; (b) Dr. Wayne Eastman, Professor Rutgers Business School – Supply Chain Management; (c) Dr. Francis Bartkowski, Professor Faculty Arts and Sciences – Department of English; (d) Dr. Kinna Perry, Associate Dean Graduate School-Newark; (e) Dr. Kyle Farmbry, Dean of the Graduate School-Newark: (e) ████████████
**body or subject:** ███████████████
**date range:** 1/1/2017 to present

**(3) other student discipline records:** with all personal identification information (PII) redacted: the disciplinary case file of any Rutgers Newark Graduate Student charged with a

**Pa-1**

separable[1] offense from 1/1/2015 to present.

**4. OPRA Requests Response Search Records:**
    a. Emails with attachments of the University Ethics and Compliance Office of the Custodian's search in response to ███'s OPRA Request of 3/13/18 or 3/16/18.
    b. The metadata showing the folders, sub-folders and files containing the records of the Records Custodian's search in response to ███'s OPRA Request of 3/13/18 or 3/16/18 Record Request.

---

1  A separable offense is defined by Rutgers University as, "**2. *Separable Violations*** Separable violations are very serious violations of academic integrity that affect a more significant portion of the coursework compared to nonseparable violations. Separable violations are often characterized by substantial premeditation or planning and clearly dishonest or malicious intent on the part of the student committing the violation. Below are some examples of violations that are most often considered separable. Again, the list is certainly not exhaustive and classification of a given violation as separable or nonseparable is always heavily dependent on the exact facts and circumstances of the violation.
- A second nonseparable violation.
- Substantial plagiarism on a major assignment.
- Copying or using unauthorized materials, devices, or collaboration on a major exam.
- Having a substitute take an examination.
- Making up or falsifying evidence or data or other source materials for a major assignment, including falsification by selectively omitting or altering data that do not support one's claims or conclusions.
- Facilitating dishonesty by another student on a major exam or assignment.
- Intentionally destroying or obstructing another student's work.
- Knowingly violating research or professional ethics.
- Any violation involving potentially criminal activity."

**Pa-2**

## DELEGATION OF EDUCATIONAL RECORD RIGHTS

I, ███████████, student number ██████████, do hereby authorize my designated representative, Jamie Epstein, Attorney at Law, 17 Fleetwood Drive, Hamilton, NJ. 08690, Tel: (856) 979-9925, JE@JamieEpsteinLaw.com, to be permitted to inspect, review and obtain copies of the contents of my student records maintained by Rutgers University. I further authorize my representative to have communications with representatives of Rutgers University regarding information related to my educational records. In authorizing this release, I have been fully informed of all information relevant to this activity for which consent is being provided. I understand that the granting of this consent is voluntary and shall remain in effect until revoked, that it may be revoked at any time and if revoked, that revocation is not retroactive.

3-13-2018
dated

## State of New Jersey - Government Records Request

**Record Custodian Information:** Jewell Battle, University Custodian of Records, Rutgers, The State University of New Jersey, 65 Bergen Street, Ste. 1346, Newark, New Jersey 07101-1709, Phone: (973) 972-1981, Fax: (973)972-7174, Email: opraru@uec.rutgers.ed

**Record Requester Information:**
Jamie Epstein, Esq., 17 Fleetwood Dr., Hamilton 08690; je@jamieepsteinlaw.com, on behalf of Z.H. (████'s authorization for release of his student records is attached)

**Preferred Delivery:**
**X PDF via E-Mail ___Pick Up ___US Mail ___On Site**
Under penalty of N.J.S.A. 2C:28-3, I certify that **I X Have Not/ ___ Have** been convicted of any indictable offense under the laws of New Jersey, or any other state, or in United States.

**Dated: 4/13/21**                    **Jamie Epstein, Esquire**

**Payment Information:**
**Maximum Authorized Cost $ tbd Payment Method: Cash___ Check X Money Order ___**
*Fees: Letter Size @ $0.05/page Legal Size @ $0.07/page. Electronic Records: shall be provided free of charge, but agency may charge for cost of media, programming, clerical, supervisory assistance and/or substantial use of information technology. Delivery: Delivery/postage fees additional depending upon delivery type. Additional Charges: may be charged if extraordinary time/effort required, depending upon request.*

**Record Request Information:**
Records, whether in electronic or paper media, which make reference to ████████ student id #136003725. Documents requested include, but are not limited to:
**(1) academic records:** ████'s file kept by (a) Dr. Daniel Wentzel, Distinguished Professor Materials Science and Engineering and (b) Dr. Sengu Yeniyurt, Dean's Research Professor and the Chair of the Marketing Department . Date range 1/1/17 to present.
**(2) communications records** such as emails, memos, text messages, voice mail, letters, etc., sent or received by staff, administrators, contractors or agents of the University.
**search information:**
**senders or recipients**: (a) Dr. Daniel Wentzel, Distinguished Professor Materials Science and Engineering and (b) Dr. Sengu Yeniyurt, Dean's Research Professor and the Chair of the Marketing Department . (e)
**body or subject** ████████████
**date range:** 1/1/2017 to present

**(3) OPRA Requests Response Search Records:**
        a. Emails with attachments of the University Ethics and Compliance Office of the Custodian's search in response to ████'s OPRA Request of 4/3/21.
        b. The metadata showing the folders, sub-folders and files containing the records of the Records Custodian's search in response to ████.'s OPRA Request of 4/3/21.

**Pa-4**

## DELEGATION OF EDUCATIONAL RECORD RIGHTS

I, ███████████, student number ███████████, do hereby authorize my designated representative, Jamie Epstein, Attorney at Law, 17 Fleetwood Drive, Hamilton, NJ. 08690, Tel: (856) 979-9925, JE@JamieEpsteinLaw.com, to be permitted to inspect, review and obtain copies of the contents of my student records maintained by Rutgers University. I further authorize my representative to have communications with representatives of Rutgers University regarding information related to my educational records. In authorizing this release, I have been fully informed of all information relevant to this activity for which consent is being provided. I understand that the granting of this consent is voluntary and shall remain in effect until revoked, that it may be revoked at any time and if revoked, that revocation is not retroactive.

████████████     3-12-2018
                                dated

**Subject:** [Records Center] Open Public Records Act Request :: R006575-040521
**From:** Rutgers Open Public Records Center <rutgers@mycusthelp.net>
**Date:** 4/14/2021, 10:25 PM
**To:** "je@jamieepsteinlaw.com" <je@jamieepsteinlaw.com>

**Attachments:**
Impact_of_Employee_Referral_copy.pdf
Wentzel_Tomczak_Henkel_2014.pdf

--- Please respond above this line ---

Reference: Rutgers Open Public Records Request, # R006575-040521

Dear Mr. Epstein,

Please accept this letter as the University Custodian of Records response to your request for records pursuant to the Open Public Records Act ("OPRA"). On April 05, 2021, this office received your request for the following:

"Record Request Information:
Records, whether in electronic or paper media, which make reference to ███████████ (a.k.a. ████)
student id #████████. Documents requested include, but are not limited to:

(1) academic records: ████.'s file kept by Dr. Edward Bonder, Associate Professor, Faculty Arts and
Sciences - Department of Biological Sciences; (b) Dr. Wayne Eastman, Professor Rutgers Business
School – Supply Chain Management; (c) Dr. Francis Bartkowski, Professor Faculty Arts and Sciences –
Department of English; (d) Dr. Kinna Perry, Associate Dean Graduate School-Newark; (e) Dr. Kyle
Farmbry, Dean of the Graduate School-Newark. Date range 1/1/17 to present.

(2) communications records such as emails, memos, text messages, voice mail, letters, etc., sent or
received by staff, administrators, contractors or agents of the University.
search information:
senders or recipients: Dr. Edward Bonder, Associate Professor, Faculty Arts and Sciences -

**Pa-6**

Department of Biological Sciences; (b) Dr. Wayne Eastman, Professor Rutgers Business School –
Supply Chain Management; (c) Dr. Francis Bartkowski, Professor Faculty Arts and Sciences –
Department of English; (d) Dr. Kinna Perry, Associate Dean Graduate School-Newark; (e) Dr. Kyle
Farmbry, Dean of the Graduate School-Newark: (e) ███████████
body or subject: ███████████
date range: 1/1/2017 to present

(3) other student discipline records: with all personal identification information (PII) redacted:
the disciplinary case file of any Rutgers Newark Graduate Student charged with aseparable1 offense from 1/1/2015 to present.
4. OPRA Requests Response Search Records:
a. Emails with attachments of the University Ethics and Compliance Office of the Custodian's
search in response to ████'s OPRA Request of 3/13/18 or 3/16/18.
b. The metadata showing the folders, sub-folders and files containing the records of the Records
Custodian's search in response to ████'s OPRA Request of 3/13/18 or 3/16/18 Record Request."

Please note the following information regarding your request:

(1) academic records: ████'s file kept by Dr. Edward Bonder, Associate Professor, Faculty Arts and
Sciences - Department of Biological Sciences; (b) Dr. Wayne Eastman, Professor Rutgers Business
School – Supply Chain Management; (c) Dr. Francis Bartkowski, Professor Faculty Arts and Sciences –
Department of English; (d) Dr. Kinna Perry, Associate Dean Graduate School-Newark; (e) Dr. Kyle
Farmbry, Dean of the Graduate School-Newark. Date range 1/1/17 to present.

Please see attached for academic records provide by Dr. Edward Bonder in response to this portion of the request. The University is processing the remainder of this portion of the request. Please note, due to the State of New Jersey being under a public health emergency, processing and response to this request may be delayed. The University requires an extension until April 22, 2021.

**Pa-7**

(2) communications records such as emails, memos, text messages, voice mail, letters, etc., sent or
received by staff, administrators, contractors or agents of the University.
search information:
senders or recipients: Dr. Edward Bonder, Associate Professor, Faculty Arts and Sciences -
Department of Biological Sciences; (b) Dr. Wayne Eastman, Professor Rutgers Business School –
Supply Chain Management; (c) Dr. Francis Bartkowski, Professor Faculty Arts and Sciences –
Department of English; (d) Dr. Kinna Perry, Associate Dean Graduate School-Newark; (e) Dr. Kyle
Farmbry, Dean of the Graduate School-Newark: (e) ██████████████
body or subject: ██████████████
date range: 1/1/2017 to present

The University is still processing this portion of your request. Please note, due to the State of New Jersey being under a public health emergency, processing and response to this request may be delayed. The University requires an extension until April 22, 2021.

(3) other student discipline records: with all personal identification information (PII) redacted:
the disciplinary case file of any Rutgers Newark Graduate Student charged with aseparable1 offense from 1/1/2015 to present.

Please note, as written this portion of your request is overly broad. OPRA provides access to "identifiable" government records that are not otherwise exempt. New Jersey courts have held that a request under OPRA must specifically describe the document sought. "A proper request for access to government records must identify with reasonable clarity those documents that are desired, and a party cannot satisfy this requirement by simply requesting all of an agency's documents." Bent v. Stafford Police Department, 381 N.J. Super. 30, 38 (App. Div. 2005). A blanket request for a class of various documents is not a request for specific identifiable documents, and a custodian is not required to conduct research to locate records potentially responsive to a request. See Elcavage v. West Milford Twp., GRC Complaint No. 2006-64 (May 28, 2008). Moreover, OPRA does not require a custodian to conduct research or an agency to expend "indisputably limited agency resources to sift through the [agency's] vast files and identify, analyze and select potentially relevant and responsive public records." Spectraserv v. Middlesex County Utilities Authority, 416 N.J. Super. 565, 578 (App. Div. 2010), Burnett v. Gloucester County, 415 N.J. Super. 506, 515 (App. Div. 2010). Nor does OPRA require an agency to analyze, collate and compile records in

**Pa-8**

order to respond to a request. MAG Entertainment v. Division of Alcoholic Beverage Control, 375 N.J. Super. 534, 549 (App. Div. 2005). "In short, OPRA does not countenance open-ended searches of an agency's files." Id. at 549.

You may clarify your request or submit narrower search terms by including a time frame, or specifying precisely what records you are seeking.

4. OPRA Requests Response Search Records:
a. Emails with attachments of the University Ethics and Compliance Office of the Custodian's
search in response to ███'s OPRA Request of 3/13/18 or 3/16/18.
b. The metadata showing the folders, sub-folders and files containing the records of the Records
Custodian's search in response to ███'s OPRA Request of 3/13/18 or 3/16/18 Record Request."

The University is still processing this portion of your request. Please note, due to the State of New Jersey being under a public health emergency, processing and response to this request may be delayed. The University requires an extension until April 22, 2021.

If you have any questions or need additional information, please feel free to contact my office at 973.972.1981.

Sincerely,

Jewell Battle
University Custodian of Records
Rutgers, The State University of New Jersey

973.972.1981



To monitor the progress or update this request please log into the Open Public Records Center.

**Subject:** [Records Center] Open Public Records Act Request :: R006575-040521
**From:** Rutgers Open Public Records Center <rutgers@mycusthelp.net>
**Date:** 6/22/2021, 7:20 PM
**To:** "je@jamieepsteinlaw.com" <je@jamieepsteinlaw.com>

**Attachments:**
190208 SIG.png
210403_OPRA_REQUEST+█_OPRA.pdf
AI_Prelim_Report._███(1).pdf
Comparison_Report_(1).docx
Impact_of_Employee_Referral_copy.pdf
Open_Case.docx
R006575_Redacted.pdf
truman_thesis.pdf
Wentzel_Tomczak_Henkel_2014.pdf
██████ring_Board_Roster.pdf
██████im_AI_Report.pdf
██████.pdf
Metadata_Part_3_of_Request.csv

--- Please respond above this line ---

Reference: Rutgers Open Public Records Request # R006575-040521

Dear Mr. Mr. Jamie Epstein,

Please accept this letter as the University Custodian of Records response to your request for records pursuant to the Open Public Records Act ("OPRA"). On April 05, 2021, this office received your request for the following:

"Record Request Information:
Records, whether in electronic or paper media, which make reference to ████████ (a.k.a. ████) student id #███████. Documents requested include, but are not limited to:

(1) academic records: ████'s file kept by Dr. Edward Bonder, Associate Professor, Faculty Arts and
Sciences - Department of Biological Sciences; (b) Dr. Wayne Eastman, Professor Rutgers Business

**Pa-10**

School – Supply Chain Management; (c) Dr. Francis Bartkowski, Professor Faculty Arts and Sciences –
Department of English; (d) Dr. Kinna Perry, Associate Dean Graduate School-Newark; (e) Dr. Kyle
Farmbry, Dean of the Graduate School-Newark. Date range 1/1/17 to present.

(2) communications records such as emails, memos, text messages, voice mail, letters, etc., sent or
received by staff, administrators, contractors or agents of the University.
search information:
senders or recipients: Dr. Edward Bonder, Associate Professor, Faculty Arts and Sciences -
Department of Biological Sciences; (b) Dr. Wayne Eastman, Professor Rutgers Business School –
Supply Chain Management; (c) Dr. Francis Bartkowski, Professor Faculty Arts and Sciences –
Department of English; (d) Dr. Kinna Perry, Associate Dean Graduate School-Newark; (e) Dr. Kyle
Farmbry, Dean of the Graduate School-Newark: (e) ███████████████
body or subject: ███████████████
date range: 1/1/2017 to present

(3) other student discipline records: with all personal identification information (PII) redacted:
the disciplinary case file of any Rutgers Newark Graduate Student charged with
aseparable1 offense from 1/1/2015 to present.
4. OPRA Requests Response Search Records:
a. Emails with attachments of the University Ethics and Compliance Office of the Custodian's
search in response to ███ 's OPRA Request of 3/13/18 or 3/16/18.
b. The metadata showing the folders, sub-folders and files containing the records of the Records
Custodian's search in response to ███ 's OPRA Request of 3/13/18 or 3/16/18 Record Request.”

Please note the following regarding your request:

1.    We have provided you responsive records for portion 1 of your request. The number of pages for these records does not count towards the calculation of the special services fee.

2.    In accordance with your previous correspondence, we are not processing the portion of your request seeking ███████████'s emails. The number of responsive records are as follows for the remainder of individuals identified in this portion of your request:

-    Bonder: 134 pages of responsive email records
-    Bartkowski: 372 pages of responsive email records
-    Perry: 751 pages of responsive email records
-    Farmbry: 703 pages of responsive email records

The total number of pages of responsive email records is 1960. The University understands that you do not wish to further narrow your request. Please see below for information regarding the special services fee to process portion 2 of your request.

Pursuant to N.J.S.A. 47:1A-5(c), an agency is authorized to impose a special service charge where the agency must make an extraordinary expenditure of time and effort to accommodate a request to inspect government records.

This request has 1,960 pages to be reviewed and potentially redacted. At the rate of 40 pages per hour, the request will require 49 hours. As the University does not charge for the first four hours of review and redaction, the special services fee shall be $2,025 based on 45 hours at $45.00 dollars per hour, as summarized below:

Total Pages: 1960

Total time for review/redaction (40 pages/hour): 49 hours

Actual cost ($45.00/hour x 49 hours): $2,205

Total waived ($45.00 x first 4 hours): $180.00

Total charged: $2,025

If you choose to request the records, you must pay the special service charge prior to the work commencing. You may send a check in the amount of $2,025 payable to "Rutgers University" to the following address:

Rutgers, The State University of New Jersey
Custodian of Records
University Ethics and Compliance
335 George Street, Suite 2400

**Pa-12**

New Brunswick, NJ 08901.

3.    We have provided you responsive records for portion 3 of your request. The number of pages for these records does not count towards the calculation of the special services fee. Please see attached for the metadata related to this portion of your request.

Sincerely,

Jewell Battle
OPRA Custodian
University Ethics & Compliance
Rutgers, The State University of New Jersey
973.972.1981

RUTGERS
THE STATE UNIVERSITY
OF NEW JERSEY

To monitor the progress or update this request please log into the Open Public Records Center.

**Pa-13**

**Subject:** [Records Center] Open Public Records Act Request :: R006587-041321
**From:** Rutgers Open Public Records Center <rutgers@mycusthelp.net>
**Date:** 7/12/2021, 3:21 PM
**To:** "je@jamieepsteinlaw.com" <je@jamieepsteinlaw.com>

**Attachments:**
&#9608;&#9608;&#9608;&#9608;&#9608;&#9608;&#9608; NOTES.docx
Event_Data_Term_Paper_-_Truman_Hong.docx
truman_thesis.pdf
truman_thesis_highlights.pdf
&#9608;&#9608;&#9608;&#9608;&#9608; _Thesis_Highlighted.pdf

--- Please respond above this line ---

Reference: Rutgers Open Public Records Request, # R006587-041321

Dear Mr. Epstein,

Please accept this letter as the University Custodian of Records response to your request for records pursuant to the Open Public Records Act ("OPRA"). On April 13, 2021, this office received your request for the following:

"Record Request Information:
Records, whether in electronic or paper media, which make reference to &#9608;&#9608;&#9608;&#9608;&#9608;&#9608; (a.k.a. &#9608;&#9608;&#9608; )
student id # &#9608;&#9608;&#9608;&#9608;&#9608; Documents requested include, but are not limited to:
(1) academic records: &#9608;&#9608;&#9608; 's file kept by (a) Dr. Daniel Wentzel, Distinguished Professor Materials
Science and Engineering and (b) Dr. Sengu Yeniyurt, Dean's Research Professor and the Chair of the
Marketing Department . Date range 1/1/17 to present.
(2) communications records such as emails, memos, text messages, voice mail, letters, etc., sent or
received by staff, administrators, contractors or agents of the University.
search information:
senders or recipients: (a) Dr. Daniel Wentzel, Distinguished Professor Materials Science and
Engineering and (b) Dr. Sengu Yeniyurt, Dean's Research Professor and the Chair of the Marketing
Department . (e) &#9608;&#9608;&#9608;&#9608;&#9608;&#9608;&#9608;

**Pa-14**

body or subject: ████████████
date range: 1/1/2017 to present
(3) OPRA Requests Response Search Records:
a. Emails with attachments of the University Ethics and Compliance Office of the Custodian's
search in response to ████'s OPRA Request of 4/3/21.
b. The metadata showing the folders, sub-folders and files containing the records of the Records
Custodian's search in response to ████'s OPRA Request of 4/3/21."

(1)   academic records: ████'s file kept by (a) Dr. Daniel Wentzel, Distinguished Professor Materials Science and Engineering and (b) Dr. Sengu Yeniyurt, Dean's Research Professor and the Chair of the Marketing Department . Date range 1/1/17 to present.

Please see attached for the responsive records from Dr. Sengu Yeniyurt for this portion of your request. The University has reviewed your request. The responsive document(s) is available to you through the Rutgers University Open Records Center. Please log in to the Records Center and "My Request Center" to retrieve the appropriate responsive document(s). The document(s) is also attached to this email for your convenience.

Please note, as Dr. Daniel Wentzel is not an employee of the University, we are not able to obtain responsive records from him.

(2)   communications records such as emails, memos, text messages, voice mail, letters, etc., sent or received by staff, administrators, contractors or agents of the University. search information: senders or recipients: (a) Dr. Daniel Wentzel, Distinguished Professor Materials Science and Engineering and (b) Dr. Sengu Yeniyurt, Dean's Research Professor and the Chair of the Marketing Department . (e) ████████████ or
████████████████████████ date range: 1/1/2017 to present

We are only able to process the portions of your request seeking communications records of Dr. Sengu Yeniyurt and ████████████. We were not able to conduct a search of Dr. Wentzel's emails as he is not in our IT system. However, we have included his name as a keyword in the search of Dr. Yeniyurt and Mr. ████'s emails in addition to the keywords you provided. As stated in your other public records request, we are aware that you do not wish to narrow:

The number of responsive records are as follows for the remainder of individuals identified in this portion of your request:

**Pa-15**

- Yeniyurt: 4031 pages of responsive email records
- Hong: 577 pages of responsive email records

The total number of pages of responsive email records is 4608. Please see below for information regarding the special services fee to process portion 2 of your request.

Pursuant to N.J.S.A. 47:1A-5(c), an agency is authorized to impose a special service charge where the agency must make an extraordinary expenditure of time and effort to accommodate a request to inspect government records.

This request has 4608 pages to be reviewed and potentially redacted. At the rate of 40 pages per hour, the request will require 115 hours. As the University does not charge for the first four hours of review and redaction, the special services fee shall be $4995 based on 111 hours at $45.00 dollars per hour, as summarized below:

Total Pages: 4608

Total time for review/redaction (40 pages/hour): 115 hours

Actual cost ($45.00/hour x 49 hours): $5175

Total waived ($45.00 x first 4 hours): $180

Total charged: $4995

If you choose to request the records, you must pay the special service charge prior to the work commencing. You may send a check in the amount of $4995 payable to "Rutgers University" to the following address:

Rutgers, The State University of New Jersey
Custodian of Records
University Ethics and Compliance
335 George Street, Suite 2400
New Brunswick, NJ 08901.

(3) OPRA Requests Response Search Records: a. Emails with attachments of the University Ethics and Compliance Office of the Custodian's search in response to ███'s OPRA Request of 4/3/21. b. The metadata showing the folders, sub-folders and files containing the records of the Records Custodian's search in response to ███'s OPRA Request of 4/3/21.

**Pa-16**

This portion of your request refers to your previous request which is still open. We can process this portion of your request prior to the closing of your other request. Please confirm if you would like us to process this portion of your request after your precious request has been completed.

If you have any questions or need additional information, please feel free to contact my office at 973.972.1981.

Sincerely,

Jewell Battle
University Custodian of Records
Rutgers, The State University of New Jersey

973.972.1981



To monitor the progress or update this request please log into the Open Public Records Center.

| From: | Charnette Hockaday |
| To: | Casey Woods |
| Subject: | Automatic reply: OPRA Request 4112-031918:: R004112-031918 |
| Date: | Tuesday, March 20, 2018 3:39:10 PM |

I am out of the office and will return on March 23rd.  I will not have access to emails during this time.

If you need to reach a member of the Office of Community Standards & Student Development staff during this time please email: communitystandards@newark.rutgers.edu or call (973) 353-5063

In case of emergency please contact RUPD at (973) 353-5111 or Dial 911

| From: | Tammy Khaleque |
|---|---|
| To: | Casey Woods |
| Subject: | Automatic reply: Work Order: R004095-031318:: R004095-031318 |
| Date: | Wednesday, April 4, 2018 5:14:59 PM |

Thank you for your email. I am currently out of the office and will return on Monday, April 9th. For immediate assistance, please contact Pete Camp at peter.camp@rutgers.edu. Otherwise, I will respond to your email upon my return.

Thank you,
Tammy Khaleque

Tammy Khaleque
HRIS Business Analyst
University Human Resources
p: (848) 932-3857
e: tammy.khaleque@rutgers.edu

http://uhr.rutgers.edu/

*CONFIDENTIALITY NOTICE: This email communication is confidential, advisory, and deliberative, and may contain private, confidential, or legally privileged information intended for the sole use of the designated and/or duly authorized recipient(s). If you are not the intended recipient or have received this email in error, please notify the sender immediately by email and permanently delete all copies of this email including all attachments without reading them. If you are the intended recipient, secure the contents in a manner that conforms to all applicable state and/or federal requirements related to privacy and confidentiality of such information.*

| From: | Elizabeth Minott |
|---|---|
| To: | Aron Schwartz; Timothy Fournier; Casey Woods; John Hoffman |
| Subject: | FW: Doe v. Rutgers [R004095-031318-Privileged & Confidential |
| Date: | Tuesday, April 3, 2018 4:08:10 PM |
| Attachments: | 74dc25.png |
| | Doe-original Verified Complaint.pdf |
| | Doe-3-26-2018 Order to Show Cause.pdf |
| | Doe-Brief in Support of OTSC.pdf |
| | Doe-Exhibits to Am. Verified Complaint.pdf |
| | Amended Verified Complaint.pdf |
| | Doe-Track Assignment Notice.pdf |
| | Doe-Notice of Appearance.pdf |



**From:** James P. Lidon [mailto:jlidon@mdmc-law.com]
**Sent:** Tuesday, April 03, 2018 3:52 PM
**To:** Elizabeth Minott
**Subject:** Doe v. Rutgers [R004095-031318-Privileged & Confidential

Elizabeth,

Jim



**James P. Lidon**
Partner
**McElroy, Deutsch, Mulvaney & Carpenter, LLP**

www.mdmc-law.com
1300 Mt. Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962-2075

jlidon@mdmc-law.com
Download vCard
973-425-8751
973-425-0161

**New Jersey | New York | Colorado | Pennsylvania | Connecticut | Massachusetts | Delaware**

THE INFORMATION CONTAINED IN THIS MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS NAMED ABOVE. This message may be an attorney-client communication, and as such is privileged and confidential. If the reader of this message is not the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by reply e-mail message or by telephone and delete the original message from your e-mail system and/or computer database.

Circular 230 requires that we notify you that, in the absence of written advice that strictly complies with such rules, you cannot rely on a tax advice given to you relating to any Internal Revenue Code matter for protection against a tax penalty. This notice is neither intended to be used for the purpose of avoiding any tax penalty nor can it be relied on in support of any marketed transaction. It is our intention to continue to deliver the highest quality services to you and in a cost efficient manner. Please call us if you have any questions about how the Circular may affect our representation of you.

🖐 Please consider the environment before printing this e-mail.

# MDM C

**James P. Lidon**
Partner
**McElroy, Deutsch, Mulvaney & Carpenter, LLP**

www.mdmc-law.com
1300 Mt. Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962-2075

jlidon@mdmc-law.com
Download vCard
973-425-8751
973-425-0161

**New Jersey | New York | Colorado | Pennsylvania | Connecticut | Massachusetts | Delaware | Florida | Rhode Island**

THE INFORMATION CONTAINED IN THIS MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS NAMED ABOVE. This message may be an attorney-client communication, and as such is privileged and confidential. If the reader of this message is not the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by reply e-mail message or by telephone and delete the original message from your e-mail system and/or computer database.

🖐 Please consider the environment before printing this e-mail.

| | |
|---|---|
| **From:** | Peter Camp |
| **To:** | Casey Woods |
| **Cc:** | Carolyn Knight-Cole |
| **Subject:** | FW: Work Order: R004095-031318:: R004095-031318 |
| **Date:** | Thursday, April 19, 2018 8:19:20 AM |

**Advisory; Consultative; Deliberative**

**From:** Peggy Pouliot
**Sent:** Wednesday, April 18, 2018 8:35 PM
**To:** Peter Camp <ppc36@hr.rutgers.edu>
**Cc:** Alexa Lepucki <al908@hr.rutgers.edu>
**Subject:** Re: Work Order: R004095-031318:: R004095-031318

HI Pete,

**Advisory; Consultative; Deliberative**

Peg



**R**UTGERS

UNIVERSITY HUMAN RESOURCES

Margaret S. Pouliot (Peggy)
University Human Resources
Manager Faculty & Staff Resource Center
p: (848-932-3942)
f: (732-932-0047)
e: pouliot@hr.rutgers.edu

**From:** Peter Camp
**Sent:** Wednesday, April 18, 2018 3:54 PM
**To:** Peggy Pouliot
**Subject:** Fwd: Work Order: R004095-031318:: R004095-031318

**Pa-22**

Is there anything I can do to help?

Sent from my iPhone

Begin forwarded message:

> **From:** Casey Woods <caseywoo@uec.rutgers.edu>
> **Date:** April 18, 2018 at 3:41:24 PM EDT
> **To:** Peggy Pouliot <mpouliot@hr.rutgers.edu>
> **Cc:** Peter Camp <ppc36@hr.rutgers.edu>, Elizabeth Minott
> <eminott@ogc.rutgers.edu>
> **Subject: Re: Work Order: R004095-031318:: R004095-031318**
>
> Hi Peggy and Peter,



Advisory, Consultative, Deliberative

> Thanks again,
>
>
> Casey

> **From:** Casey Woods
> **Sent:** Tuesday, April 17, 2018 3:19:21 PM
> **To:** Peggy Pouliot
> **Cc:** Peter Camp; Elizabeth Minott
> **Subject:** RE: Work Order: R004095-031318:: R004095-031318
>
> Thanks Peggy!
>
> **From:** Peggy Pouliot
> **Sent:** Tuesday, April 17, 2018 3:18 PM

**Pa-23**

**To:** Casey Woods <caseywoo@uec.rutgers.edu>
**Cc:** Peter Camp <ppc36@hr.rutgers.edu>
**Subject:** Work Order: R004095-031318:: R004095-031318

Hi Casey,

Advisory, Consultative, Deliberative

Peggy



Margaret S. Pouliot (Peggy)
University Human Resources
Manager Faculty & Staff Resource Center
p: (848-932-3942)
f: (732-932-0047)
e: pouliot@hr.rutgers.edu

CONFIDENTIALITY NOTICE: This email communication is confidential, advisory, and deliberative, and may contain private, confidential, or legally privileged information intended for the sole use of the designated and/or duly authorized recipient(s). If you are not the intended recipient or have received this email in error, please notify the sender immediately by email and permanently delete all copies of this email including all attachments without reading them. If you are the intended recipient, secure the contents in a manner that conforms to all applicable state and/or federal requirements related to privacy and confidentiality of such information.

| | |
|---|---|
| **From:** | Elizabeth Minott |
| **To:** | Casey Woods |
| **Cc:** | jildon@mdmc-law.com |
| **Subject:** | FW: Work Order: R004112-031918:: R004112-031918 |
| **Date:** | Tuesday, March 20, 2018 1:29:18 PM |

Hi Jim:



Elizabeth

**From:** Casey Woods [mailto:caseywoo@uec.rutgers.edu]
**Sent:** Tuesday, March 20, 2018 12:57 PM
**To:** Elizabeth Minott
**Subject:** Work Order: R004112-031918:: R004112-031918



Reference No: R004112-031918
Request Status: Assigned
Service Request Type: Open Public Records Act Request
Priority: Medium
Assigned To: Casey Woods
Customer Email: je@jamieepsteinlaw.com
Name: Mr. Jamie Epstein
Customer Phone: 8569799925
Create Date: 3/19/2018 10:29:28 AM
Update Date: 3/19/2018 10:29:32 AM
Last Reviewed: 3/19/2018 10:29:32 AM
Source: Email
: Open Public Records Center
: Rutgers University

**Pa-25**

:
:
Is this request related to athletics?: No
Category of Requestor: Attorney
Type of Record(s) Requested: Other/Unknown
Describe the Record(s) Requested: With all personal identification information (PII) redacted1, any and all documents, whether in electronic or paper media of the following: a. the disciplinary case file of any and all Rutgers Newark Graduate Student charged with a separable offense from 1/1/2013 to present.
Preferred Method to Receive Records: Electronic via Records Center
:
Please Choose: I agree with the statement above.
Exemptions:
Additional Exemptions Applied:
Estimated Page Count:
Estimated Hours:
Hourly Wage Applied:
Special Services Fee Total:
Date Payment Received:
Amount of Payment Received:
**Legal Information**:
Legal Review Required:
Initial Legal Review Completed:
Executive Order No. 21 (McGreevey 2002) - 1:
Executive Order No. 26 (McGreevey 2002) - 9:

| | |
|---|---|
| **From:** | Aron Schwartz |
| **To:** | John Hoffman; Elizabeth Minott; Casey Woods; Timothy Fournier; Alex Perez |
| **Subject:** | RE: Doe v. Rutgers [R004095-031318-Privileged & Confidential |
| **Date:** | Monday, April 9, 2018 4:51:45 PM |
| **Attachments:** | image001.png |



**From:** John Hoffman
**Sent:** Sunday, April 08, 2018 11:55 AM
**To:** Elizabeth Minott; Casey Woods; Aron Schwartz; Timothy Fournier; Alex Perez
**Subject:** RE: Doe v. Rutgers [R004095-031318-Privileged & Confidential

Thanks. John.

**From:** Elizabeth Minott
**Sent:** Tuesday, April 03, 2018 4:42 PM
**To:** Casey Woods <caseywoo@uec.rutgers.edu>; Aron Schwartz
<aschwartz@ogc.rutgers.edu>; Timothy Fournier <tfournier@uec.rutgers.edu>; John
Hoffman <jhoffman@ogc.rutgers.edu>; Alex Perez <aperez@ogc.rutgers.edu>
**Subject:** RE: Doe v. Rutgers [R004095-031318-Privileged & Confidential



**From:** Casey Woods
**Sent:** Tuesday, April 03, 2018 4:38 PM
**To:** Elizabeth Minott; Aron Schwartz; Timothy Fournier; John Hoffman
**Subject:** RE: Doe v. Rutgers [R004095-031318-Privileged & Confidential

**From:** Elizabeth Minott
**Sent:** Tuesday, April 3, 2018 4:08 PM
**To:** Aron Schwartz <aschwartz@ogc.rutgers.edu>; Timothy Fournier
<tfournier@uec.rutgers.edu>; Casey Woods <caseywoo@uec.rutgers.edu>; John Hoffman

<jhoffman@ogc.rutgers.edu>

**Subject:** FW: Doe v. Rutgers [R004095-031318-Privileged & Confidential



Advisory, Consultative, Deliberative

**From:** James P. Lidon [mailto:jlidon@mdmc-law.com]
**Sent:** Tuesday, April 03, 2018 3:52 PM
**To:** Elizabeth Minott
**Subject:** Doe v. Rutgers [R004095-031318-Privileged & Confidential

Elizabeth,



Attorney Client Privilege

Advisory, Consultative, Deliberative

Jim



**MDM C**

www.mdmc-law.com
1300 Mt. Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962-2075

**James P. Lidon**
Partner
**McElroy, Deutsch, Mulvaney & Carpenter, LLP**

jlidon@mdmc-law.com
Download vCard
973-425-8751
973-425-0161

**New Jersey | New York | Colorado | Pennsylvania | Connecticut | Massachusetts | Delaware**

THE INFORMATION CONTAINED IN THIS MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS NAMED ABOVE. This message may be an attorney-client communication and as such is privileged and confidential. If the reader of this message is not the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution or copying of this message is strictly

prohibited. If you have received this communication in error, please notify us immediately by reply e-mail message or by telephone and delete the original message from your e-mail system and/or computer database.

Circular 230 requires that we notify you that, in the absence of written advice that strictly complies with such rules, you cannot rely on advice given to you relating to any Internal Revenue Code matter for protection against a tax penalty. This notice is neither intended to be used for the purpose of avoiding any tax penalty nor can it be relied on in support of any marketed transaction. It is our intention to continue to deliver the highest quality services to you and in a cost efficient manner. Please call us if you have any questions about how the Circular may affect our representation of you.

🖨 Please consider the environment before printing this e-mail.



# MDM C

**James P. Lidon**
Partner
**McElroy, Deutsch, Mulvaney & Carpenter, LLP**

www.mdmc-law.com
1300 Mt. Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962-2075

jlidon@mdmc-law.com
Download vCard
973-425-8751
973-425-0161

**New Jersey | New York | Colorado | Pennsylvania | Connecticut | Massachusetts | Delaware | Florida | Rhode Island**

THE INFORMATION CONTAINED IN THIS MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS NAMED ABOVE. This message may be an attorney-client communication, and as such is privileged and confidential. If the reader of this message is not the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by reply e-mail message or by telephone and delete the original message from your e-mail system and/or computer database.

🖨 Please consider the environment before printing this e-mail.

| | |
|---|---|
| **From:** | Elizabeth Minott |
| **To:** | Casey Woods; Aron Schwartz; Timothy Fournier; John Hoffman; Alex Perez |
| **Subject:** | RE: Doe v. Rutgers [R004095-031318-Privileged & Confidential |
| **Date:** | Tuesday, April 3, 2018 4:42:09 PM |
| **Attachments:** | image001.png |

Advisory, Consultative, Deliberative

**From:** Casey Woods
**Sent:** Tuesday, April 03, 2018 4:38 PM
**To:** Elizabeth Minott; Aron Schwartz; Timothy Fournier; John Hoffman
**Subject:** RE: Doe v. Rutgers [R004095-031318-Privileged & Confidential



Advisory, Consultative, Deliberative

**From:** Elizabeth Minott
**Sent:** Tuesday, April 3, 2018 4:08 PM
**To:** Aron Schwartz <aschwartz@ogc.rutgers.edu>; Timothy Fournier <tfournier@uec.rutgers.edu>;
Casey Woods <caseywoo@uec.rutgers.edu>; John Hoffman <jhoffman@ogc.rutgers.edu>
**Subject:** FW: Doe v. Rutgers [R004095-031318-Privileged & Confidential



Advisory, Consultative, Deliberative

**From:** James P. Lidon [mailto:jlidon@mdmc-law.com]
**Sent:** Tuesday, April 03, 2018 3:52 PM
**To:** Elizabeth Minott
**Subject:** Doe v. Rutgers [R004095-031318-Privileged & Confidential

Elizabeth,

Attorney Client Privilege

Advisory, Consultative, Deliberative

**Pa-30**



Attorney Client Privilege

Advisory, Consultative, Deliberative

Jim

# MDM C

**James P. Lidon**
Partner
**McElroy, Deutsch, Mulvaney & Carpenter, LLP**

www.mdmc-law.com
1300 Mt. Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962-2075

jlidon@mdmc-law.com
Download vCard
973-425-8751
973-425-0161

**New Jersey | New York | Colorado | Pennsylvania | Connecticut | Massachusetts | Delaware**

THE INFORMATION CONTAINED IN THIS MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS NAMED ABOVE. This message may be an attorney client communication, and as such is privileged and confidential. If the reader of this message is not the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by reply e-mail message or by telephone and delete the original message from your e-mail system and/or computer database.

Circular 230 requires that we notify you that, in the absence of written advice that strictly complies with such rules, you cannot rely on advice given to you relating to any Internal Revenue Code matter for protection against a tax penalty. This notice is neither intended to be used for the purpose of avoiding any tax penalty nor can it be relied on in support of any marketed transaction. It is our intention to continue to deliver the highest quality services to you and in a cost efficient manner. Please call us if you have any questions about how the Circular may affect our representation of you.

Please consider the environment before printing this e-mail.

# MDM C

**James P. Lidon**
Partner
**McElroy, Deutsch, Mulvaney & Carpenter, LLP**

www.mdmc-law.com
1300 Mt. Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962-2075

jlidon@mdmc-law.com
Download vCard
973-425-8751
973-425-0161

**New Jersey | New York | Colorado | Pennsylvania | Connecticut | Massachusetts | Delaware | Florida | Rhode Island**

THE INFORMATION CONTAINED IN THIS MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS NAMED ABOVE. This message may be an attorney client communication, and as such is privileged and

Confidential. If the reader of this message is not the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by reply e-mail message or by telephone and delete the original message from your e-mail system and/or computer database.

✦ Please consider the environment before printing this e-mail.

| | |
|---|---|
| **From:** | John Hoffman |
| **To:** | Elizabeth Minott; Casey Woods; Aron Schwartz; Timothy Fournier; Alex Perez |
| **Subject:** | RE: Doe v. Rutgers [R004095-031318-Privileged & Confidential |
| **Date:** | Sunday, April 8, 2018 11:54:34 AM |
| **Attachments:** | image001.png |

Private/Personal

Thanks. John.

**From:** Elizabeth Minott
**Sent:** Tuesday, April 03, 2018 4:42 PM
**To:** Casey Woods <caseywoo@uec.rutgers.edu>; Aron Schwartz <aschwartz@ogc.rutgers.edu>; Timothy Fournier <tfournier@uec.rutgers.edu>; John Hoffman <jhoffman@ogc.rutgers.edu>; Alex Perez <aperez@ogc.rutgers.edu>
**Subject:** RE: Doe v. Rutgers [R004095-031318-Privileged & Confidential



Advisory, Consultative, Deliberative

**From:** Casey Woods
**Sent:** Tuesday, April 03, 2018 4:38 PM
**To:** Elizabeth Minott; Aron Schwartz; Timothy Fournier; John Hoffman
**Subject:** RE: Doe v. Rutgers [R004095-031318-Privileged & Confidential

Advisory, Consultative, Deliberative

**From:** Elizabeth Minott
**Sent:** Tuesday, April 3, 2018 4:08 PM
**To:** Aron Schwartz <aschwartz@ogc.rutgers.edu>; Timothy Fournier <tfournier@uec.rutgers.edu>; Casey Woods <caseywoo@uec.rutgers.edu>; John Hoffman <jhoffman@ogc.rutgers.edu>
**Subject:** FW: Doe v. Rutgers [R004095-031318-Privileged & Confidential



Advisory, Consultative, Deliberative

**Pa-33**

**From:** James P. Lidon [mailto:jlidon@mdmc-law.com]
**Sent:** Tuesday, April 03, 2018 3:52 PM
**To:** Elizabeth Minott
**Subject:** Doe v. Rutgers [R004095-031318-Privileged & Confidential

Elizabeth,



Attorney-Client Privilege

Advisory, Consultative, Deliberative

MDM C

www.mdmc-law.com
1300 Mt. Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962-2075

**James P. Lidon**
Partner
**McElroy, Deutsch, Mulvaney & Carpenter, LLP**

jlidon@mdmc-law.com
Download vCard
973-425-8751
973-425-0161

**New Jersey | New York | Colorado | Pennsylvania | Connecticut | Massachusetts | Delaware**

THE INFORMATION CONTAINED IN THIS MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS NAMED ABOVE. This message may be an attorney-client communication, and as such is privileged and confidential. If the reader of this message is not the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by reply e-mail message or by telephone and delete the original message from your e-mail system and/or computer database.

Circular 230 requires that we notify you that, in the absence of written advice that strictly complies with such rules, you cannot rely on advice given to you relating to any Internal Revenue Code matter for protection against a tax penalty. This notice is neither intended to be used for the purpose of avoiding any tax penalty nor can it be relied on in support of any marketed transaction. It is our intention to continue to deliver the highest quality services to you and in a cost efficient manner. Please call us if you have any questions about how the Circular may affect our representation of you.

Please consider the environment before printing this e-mail.



**James P. Lidon**
Partner
**McElroy, Deutsch, Mulvaney & Carpenter, LLP**

www.mdmc-law.com
1300 Mt. Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962-2075

jlidon@mdmc-law.com
Download vCard
973-425-8751
973-425-0161

**New Jersey | New York | Colorado | Pennsylvania | Connecticut | Massachusetts | Delaware | Florida | Rhode Island**

THE INFORMATION CONTAINED IN THIS MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS NAMED ABOVE. This message may be an attorney-client communication, and as such is privileged and confidential. If the reader of this message is not the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by reply e-mail message or by telephone and delete the original message from your e-mail system and/or computer database.

Please consider the environment before printing this e-mail.

**Pa-35**

| | |
|---|---|
| **From:** | Michael O"B. Boldt |
| **To:** | Casey Woods |
| **Cc:** | James P. Lidon; Elizabeth Minott |
| **Subject:** | RE: Doe vs. Rutgers -- faculty/staff information |
| **Date:** | Tuesday, April 17, 2018 5:47:09 PM |
| **Attachments:** | image001.png |
| | 26df9a.png |

Casey,

Thanks.



Attorney Client Privilege

Advisory, Consultative, Deliberative

Thanks,

**Pa-36**

MOB

# MDM C

**Michael O'B. Boldt**
Of Counsel
**McElroy, Deutsch, Mulvaney & Carpenter, LLP**

www.mdmc-law.com
1300 Mt. Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962-2075

mboldt@mdmc-law.com
Download vCard
973-425-8777
973-425-0161

**New Jersey | New York | Colorado | Pennsylvania | Connecticut | Massachusetts | Delaware | Florida | Rhode Island**

THE INFORMATION CONTAINED IN THIS MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS NAMED ABOVE. This message may be an attorney-client communication, and as such is privileged and confidential. If the reader of this message is not the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by reply e-mail message or by telephone and delete the original message from your e-mail system and/or computer database.

Please consider the environment before printing this e-mail.

**From:** Casey Woods [mailto:caseywoo@uec.rutgers.edu]
**Sent:** Tuesday, April 17, 2018 4:10 PM
**To:** Michael O'B. Boldt; Elizabeth Minott
**Cc:** James P. Lidon
**Subject:** RE: Doe vs. Rutgers -- faculty/staff information

Hi Michael,



Attorney Client Privilege

Advisory, Consultative; Deliberative

**From:** Peggy Pouliot
**Sent:** Tuesday, April 17, 2018 3:18 PM
**To:** Casey Woods <caseywoo@uec.rutgers.edu>
**Cc:** Peter Camp <ppc36@hr.rutgers.edu>
**Subject:** Work Order: R004095-031318:: R004095-031318

Hi Casey

Advisory, Consultative; Deliberative

**Pa-37**

Peggy

**From:** Michael O'B. Boldt [mailto:mboldt@mdmc-law.com]
**Sent:** Monday, April 16, 2018 5:02 PM
**To:** 'Elizabeth Minott (minott@oldqueens.rutgers.edu)' <minott@oldqueens.rutgers.edu>
**Cc:** Casey Woods <caseywoo@uec.rutgers.edu>; James P. Lidon <jlidon@mdmc-law.com>
**Subject:** RE: Doe vs. Rutgers -- faculty/staff information

Elizabeth,

**Attorney Client Privilege**

**Advisory, Consultative, Deliberative**

Thanks,

MOB



## MDM C

www.mdmc-law.com
1300 Mt. Kemble Avenue
P.O. Bo 2075
Morristown, New Jersey 07962-2075

**Michael O'B. Boldt**
Of Counsel
**McElroy, Deutsch, Mulvaney & Carpenter, LLP**

✉ mboldt@mdmc-law.com
📇 Download vCard
☎ 973-425-8777
📠 973-425-0161

**New Jersey | New York | Colorado | Pennsylvania | Connecticut | Massachusetts | Delaware | Florida | Rhode Island**

THE INFORMATION CONTAINED IN THIS MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS NAMED ABOVE. This message may be an attorney client communication, and as such is privileged and confidential. If the reader of this message is not the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by reply e-mail message or by telephone and delete the original message from your e-mail system and/or computer database.

🖨 Please consider the environment before printing this e-mail.

| From: | Michael O"B. Boldt |
|-------|---------------------|
| To: | Casey Woods; Elizabeth Minott |
| Cc: | James P. Lidon |
| Subject: | RE: Doe vs. Rutgers -- faculty/staff information |
| Date: | Wednesday, April 18, 2018 11:52:10 AM |
| Attachments: | 641083.png |

Casey and Elizabeth,



Thanks,

MOB



**Michael O'B. Boldt**
Of Counsel
**McElroy, Deutsch, Mulvaney & Carpenter, LLP**

www.mdmc-law.com
1300 Mt. Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962-2075

mboldt@mdmc-law.com
Download vCard
973-425-8777
973-425-0161

**New Jersey | New York | Colorado | Pennsylvania | Connecticut | Massachusetts | Delaware | Florida | Rhode Island**

THE INFORMATION CONTAINED IN THIS MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS NAMED ABOVE. This message may be an attorney-client communication, and as such is privileged and confidential. If the reader of this message is not the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by reply e-mail message or by telephone and delete the original message from your e-mail system and/or computer database.

Please consider the environment before printing this e-mail.

**From:** Casey Woods [mailto:caseywoo@uec.rutgers.edu]
**Sent:** Tuesday, April 17, 2018 6:22 PM
**To:** Michael O'B. Boldt
**Cc:** James P. Lidon; Elizabeth Minott
**Subject:** Re: Doe vs. Rutgers -- faculty/staff information

Hi all,



Attorney Client Privilege

Advisory, Consultative, Deliberative

Casey Woods
848.239.0042

On Apr 17, 2018, at 5:47 PM, Michael O'B. Boldt <mboldt@mdmc-law.com> wrote:

**Pa-40**

Casey,

Thanks.



Attorney Client Privilege

Advisory, Consultative, Deliberative

Thanks,

MOB



&lt;26df9a.png&gt;

**Michael O'B. Boldt**
Of Counsel
**McElroy, Deutsch, Mulvaney & Carpenter, LLP**

www.mdmc-law.com
1300 Mt. Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962-2075

&lt;image63d430.GIF&gt;mboldt@mdmc-law.com
&lt;image17f91d.GIF&gt;Download vCard
&lt;imagedcf000.GIF&gt;973-425-8777
&lt;image0b0d5a.GIF&gt;973-425-0161

**New Jersey | New York | Colorado | Pennsylvania | Connecticut | Massachusetts | Delaware | Florida | Rhode Island**

THE INFORMATION CONTAINED IN THIS MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS NAMED ABOVE. This message may be an attorney-client communication, and as such is privileged and confidential. If the reader of this message is not the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by reply e-mail message or by telephone and delete the original message from your e-mail system and/or computer database.

🖨 Please consider the environment before printing this e-mail.

**From:** Casey Woods [mailto:caseywoo@uec.rutgers.edu]
**Sent:** Tuesday, April 17, 2018 4:10 PM
**To:** Michael O'B. Boldt; Elizabeth Minott
**Cc:** James P. Lidon
**Subject:** RE: Doe vs. Rutgers -- faculty/staff information

Hi Michael,

Attorney Client Privilege
Advisory, Consultative; Deliberative

**From:** Peggy Pouliot
**Sent:** Tuesday, April 17, 2018 3:18 PM
**To:** Casey Woods &lt;caseywoo@uec.rutgers.edu&gt;
**Cc:** Peter Camp &lt;ppc36@hr.rutgers.edu&gt;
**Subject:** Work Order: R004095-031318:: R004095-031318

Hi Casey

Advisory, Consultative, Deliberative

Peggy

**Pa-42**

**From:** Michael O'B. Boldt [mailto:mboldt@mdmc-law.com]
**Sent:** Monday, April 16, 2018 5:02 PM
**To:** 'Elizabeth Minott (minott@oldqueens.rutgers.edu)'
<minott@oldqueens.rutgers.edu>
**Cc:** Casey Woods <caseywoo@uec.rutgers.edu>; James P. Lidon <jlidon@mdmc-law.com>
**Subject:** RE: Doe vs. Rutgers -- faculty/staff information

Elizabeth,

Attorney Client Privilege

Advisory, Consultative, Deliberative

Thanks,

MOB

<image001.png>

**Michael O'B. Boldt**
Of Counsel
**McElroy, Deutsch, Mulvaney & Carpenter, LLP**

www.mdmc-law.com
1300 Mt. Kemble Avenue
P.O. Bo 2075
Morristown, New Jersey 07962-2075

<image002.gif>mboldt@mdmc-law.com
<image003.jpg>Download vCard
<image004.gif>973-425-8777
<image005.gif>973-425-0161

**New Jersey | New York | Colorado | Pennsylvania | Connecticut | Massachusetts | Delaware | Florida | Rhode Island**

THE INFORMATION CONTAINED IN THIS MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS NAMED ABOVE. This message may be an attorney-client communication, and as such is privileged and confidential. If the reader of this message is not the intended recipient you are hereby notified that you have received this document in error and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by reply e-mail message or by telephone and delete the original message from your e-mail system and/or computer database.

Please consider the environment before printing this e-mail.

| | |
|---|---|
| **From:** | Michael O"B. Boldt |
| **To:** | Casey Woods |
| **Cc:** | James P. Lidon; Elizabeth Minott |
| **Subject:** | RE: Doe vs. Rutgers -- faculty/staff information |
| **Date:** | Tuesday, April 17, 2018 6:31:06 PM |
| **Attachments:** | 1473b2.png |

Casey,

Thanks very much for the quick response. Let's circle up in the morning. I can be available for calls tomorrow.

MOB

# MDM C

**Michael O'B. Boldt**
Of Counsel
**McElroy, Deutsch, Mulvaney & Carpenter, LLP**

www.mdmc-law.com
1300 Mt. Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962-2075

✉ mboldt@mdmc-law.com
📇 Download vCard
☎ 973-425-8777
📠 973-425-0161

**New Jersey | New York | Colorado | Pennsylvania | Connecticut | Massachusetts | Delaware | Florida | Rhode Island**

THE INFORMATION CONTAINED IN THIS MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS NAMED ABOVE. This message may be an attorney-client communication, and as such is privileged and confidential. If the reader of this message is not the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by reply e-mail message or by telephone and delete the original message from your e-mail system and/or computer database.

♻ Please consider the environment before printing this e-mail.

**From:** Casey Woods [mailto:caseywoo@uec.rutgers.edu]
**Sent:** Tuesday, April 17, 2018 6:22 PM
**To:** Michael O'B. Boldt
**Cc:** James P. Lidon; Elizabeth Minott
**Subject:** Re: Doe vs. Rutgers -- faculty/staff information

Hi all,



Attorney Client Privilege

Advisory, Consultative, Deliberative



Casey Woods
848.239.0042


On Apr 17, 2018, at 5:47 PM, Michael O'B. Boldt <mboldt@mdmc-law.com> wrote:

Casey,

Thanks.





Attorney Client Privilege

Advisory, Consultative, Deliberative

Thanks,

MOB

<26df9a.png>

**Michael O'B. Boldt**
Of Counsel
**McElroy, Deutsch, Mulvaney & Carpenter, LLP**

www.mdmc-law.com
1300 Mt. Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962-2075

<image63d430.GIF>mboldt@mdmc-law.com
<image17f91d.GIF>Download vCard
<imagedcf000.GIF>973-425-8777
<image0b0d5a.GIF>973-425-0161

**New Jersey | New York | Colorado | Pennsylvania | Connecticut | Massachusetts | Delaware | Florida | Rhode Island**

THE INFORMATION CONTAINED IN THIS MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS NAMED ABOVE. This message may be an attorney-client communication, and as such is privileged and confidential. If the reader of this message is not the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by reply e-mail message or by telephone and delete the original message from your e-mail system and/or computer database.

♣ Please consider the environment before printing this e-mail.

**From:** Casey Woods [mailto:caseywoo@uec.rutgers.edu]
**Sent:** Tuesday, April 17, 2018 4:10 PM
**To:** Michael O'B. Boldt; Elizabeth Minott
**Cc:** James P. Lidon
**Subject:** RE: Doe vs. Rutgers -- faculty/staff information

**Pa-46**

Hi Michael,



**From:** Peggy Pouliot
**Sent:** Tuesday, April 17, 2018 3:18 PM
**To:** Casey Woods <caseywoo@uec.rutgers.edu>
**Cc:** Peter Camp <ppc36@hr.rutgers.edu>
**Subject:** Work Order: R004095-031318:: R004095-031318

Hi Casey,



Peggy

**From:** Michael O'B. Boldt [mailto:mboldt@mdmc-law.com]
**Sent:** Monday, April 16, 2018 5:02 PM
**To:** 'Elizabeth Minott (minott@oldqueens.rutgers.edu)'
<minott@oldqueens.rutgers.edu>
**Cc:** Casey Woods <caseywoo@uec.rutgers.edu>; James P. Lidon <jlidon@mdmc-law.com>
**Subject:** RE: Doe vs. Rutgers -- faculty/staff information

Elizabeth,



Thanks,

                                                            MOB


image001.png          **Michael O'B. Boldt**
                                     Of Counsel
                                     **McElroy, Deutsch, Mulvaney & Carpenter, LLP**

**Pa-47**

www.mdmc-law.com          &lt;image002.gif&gt;mboldt@mdmc-law.com
1300 Mt. Kemble Avenue     &lt;image003.jpg&gt;Download vCard
P.O. Bo 2075               &lt;image004.gif&gt;973-425-8777
Morristown, New Jersey 07962-2075   &lt;image005.gif&gt;973-425-0161

**New Jersey | New York | Colorado | Pennsylvania | Connecticut | Massachusetts | Delaware | Florida | Rhode Island**

THE INFORMATION CONTAINED IN THIS MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS NAMED ABOVE. This message may be an attorney-client communication, and as such is privileged and confidential. If the reader of this message is not the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by reply e-mail message or by telephone and delete the original message from your e-mail system and/or computer database.

Please consider the environment before printing this e-mail.

| From: | Michael O"B. Boldt |
|---|---|
| To: | Casey Woods; Elizabeth Minott |
| Cc: | James P. Lidon; Jennifer McGruther |
| Subject: | RE: Doe vs. Rutgers -- faculty/staff information |
| Date: | Wednesday, April 18, 2018 3:18:20 PM |
| Attachments: | image001.png |

Casey,

Thanks. 



MOB

**From:** Casey Woods [mailto:caseywoo@uec.rutgers.edu]
**Sent:** Wednesday, April 18, 2018 3:05 PM
**To:** Michael O'B. Boldt; Elizabeth Minott
**Cc:** James P. Lidon; Jennifer McGruther
**Subject:** Re: Doe vs. Rutgers -- faculty/staff information





**From:** Michael O'B. Boldt <mboldt@mdmc-law.com>
**Sent:** Wednesday, April 18, 2018 12:55:02 PM
**To:** Elizabeth Minott; Casey Woods
**Cc:** James P. Lidon; Jennifer McGruther
**Subject:** RE: Doe vs. Rutgers -- faculty/staff information

Elizabeth,

Thanks.



**From:** Elizabeth Minott [mailto:eminott@ogc.rutgers.edu]
**Sent:** Wednesday, April 18, 2018 12:53 PM

**To:** Michael O'B. Boldt; Casey Woods
**Cc:** James P. Lidon; Jennifer McGruther
**Subject:** RE: Doe vs. Rutgers -- faculty/staff information



**From:** Michael O'B. Boldt [mailto:mboldt@mdmc-law.com]
**Sent:** Wednesday, April 18, 2018 11:52 AM
**To:** Casey Woods; Elizabeth Minott
**Cc:** James P. Lidon
**Subject:** RE: Doe vs. Rutgers -- faculty/staff information

Casey and Elizabeth,





Advisory, Consultative, Deliberative

Thanks,

MOB

# MDM C

**Michael O'B. Boldt**
Of Counsel
**McElroy, Deutsch, Mulvaney & Carpenter, LLP**

www.mdmc-law.com
1300 Mt. Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962-2075

mboldt@mdmc-law.com
Download vcard
973-425-8777
973-425-0161

**New Jersey | New York | Colorado | Pennsylvania | Connecticut | Massachusetts | Delaware | Florida | Rhode Island**

This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.

🌿 Please consider the environment before printing this e-mail

**From:** Casey Woods [mailto:caseywoo@uec.rutgers.edu]
**Sent:** Tuesday, April 17, 2018 6:22 PM
**To:** Michael O'B. Boldt
**Cc:** James P. Lidon; Elizabeth Minott
**Subject:** Re: Doe vs. Rutgers -- faculty/staff information

Hi all,



Advisory, Consultative, Deliberative



Casey Woods
848.239.0042

On Apr 17, 2018, at 5:47 PM, Michael O'B. Boldt <mboldt@mdmc-law.com> wrote:

Casey,

Thanks.





Advisory, Consultative, Deliberative

Thanks,

MOB

<26df9a.png>

**Michael O'B. Boldt**
Of Counsel
**McElroy, Deutsch, Mulvaney & Carpenter, LLP**

www.mdmc-law.com
1300 Mt. Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962-2075

<image63d430.GIF>mboldt@mdmc-law.com
<image17f91d.GIF>Download vCard
<imagedcf000.GIF>973-425-8777
<image0b0d5a.GIF>973-425-0161

**New Jersey** | **New York** | **Colorado** | **Pennsylvania** | **Connecticut** | **Massachusetts** | **Delaware** | **Florida** | **Rhode Island**

THE INFORMATION CONTAINED IN THIS MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS NAMED ABOVE. This message may be an attorney-client communication, and as such is privileged and confidential. If the reader of this message is not the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by reply e-mail message or by telephone and delete the original message from your e-mail system and/or computer database.

🖶 Please consider the environment before printing this e-mail.

**From:** Casey Woods [mailto:caseywoo@uec.rutgers.edu]
**Sent:** Tuesday, April 17, 2018 4:10 PM

**To:** Michael O'B. Boldt; Elizabeth Minott
**Cc:** James P. Lidon
**Subject:** RE: Doe vs. Rutgers -- faculty/staff information

Hi Michael,



**From:** Peggy Pouliot
**Sent:** Tuesday, April 17, 2018 3:18 PM
**To:** Casey Woods <caseywoo@uec.rutgers.edu>
**Cc:** Peter Camp <ppc36@hr.rutgers.edu>
**Subject:** Work Order: R004095-031318:: R004095-031318

Hi Casey,



Peggy

**From:** Michael O'B. Boldt [mailto:mboldt@mdmc-law.com]
**Sent:** Monday, April 16, 2018 5:02 PM
**To:** 'Elizabeth Minott (minott@oldqueens.rutgers.edu)'
<minott@oldqueens.rutgers.edu>
**Cc:** Casey Woods <caseywoo@uec.rutgers.edu>; James P. Lidon <jlidon@mdmc-law.com>
**Subject:** RE: Doe vs. Rutgers -- faculty/staff information

Elizabeth,



Thanks,

**Pa-55**

MOB

                    **Michael O'B. Boldt**
Of Counsel
**McElroy, Deutsch, Mulvaney & Carpenter, LLP**

www.mdmc-law.com          <image002.gif>mboldt@mdmc-law.com
1300 Mt. Kemble Avenue    <image003.jpg>Download vCard
P.O. Bo 2075              <image004.gif>973-425-8777
Morristown, New Jersey 07962-2075  <image005.gif>973-425-0161

**New Jersey | New York | Colorado | Pennsylvania | Connecticut | Massachusetts | Delaware | Florida | Rhode Island**

THE INFORMATION CONTAINED IN THIS MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS NAMED ABOVE. This message may be an attorney-client communication, and as such is privileged and confidential. If the reader of this message is not the intended recipient you are hereby notified that you have received this document in error and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by reply e-mail message or by telephone and delete the original message from your e-mail system and/or computer database.

♻ Please consider the environment before printing this e-mail.

| From: | Michael O"B. Boldt |
|---|---|
| To: | Elizabeth Minott; Casey Woods |
| Cc: | James P. Lidon; Jennifer McGruther |
| Subject: | RE: Doe vs. Rutgers -- faculty/staff information |
| Date: | Wednesday, April 18, 2018 12:55:15 PM |
| Attachments: | image001.png |

Elizabeth,

Thanks.



**From:** Elizabeth Minott [mailto:eminott@ogc.rutgers.edu]
**Sent:** Wednesday, April 18, 2018 12:53 PM
**To:** Michael O'B. Boldt; Casey Woods
**Cc:** James P. Lidon; Jennifer McGruther
**Subject:** RE: Doe vs. Rutgers -- faculty/staff information



**From:** Michael O'B. Boldt [mailto:mboldt@mdmc-law.com]
**Sent:** Wednesday, April 18, 2018 11:52 AM
**To:** Casey Woods; Elizabeth Minott
**Cc:** James P. Lidon
**Subject:** RE: Doe vs. Rutgers -- faculty/staff information

Casey and Elizabeth,

**Pa-57**



Attorney Client Privilege

Advisory, Consultative, Deliberative

Thanks,

MOB



**Michael O'B. Boldt**
Of Counsel
**McElroy, Deutsch, Mulvaney & Carpenter, LLP**

www.mdmc-law.com
1300 Mt. Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962-2075

mboldt@mdmc-law.com
Download vCard
973-425-8777
973-425-0161

**New Jersey** | **New York** | **Colorado** | **Pennsylvania** | **Connecticut** | **Massachusetts** | **Delaware** | **Florida** | **Rhode Island**

THE INFORMATION CONTAINED IN THIS MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS NAMED ABOVE. This message may be an attorney-client communication, and as such is privileged and confidential. If the reader of this message is not the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by reply e-mail message or by telephone and delete the original message from your

e-mail system and/or computer database.

👍 Please consider the environment before printing this e-mail.

**From:** Casey Woods [mailto:caseywoo@uec.rutgers.edu]
**Sent:** Tuesday, April 17, 2018 6:22 PM
**To:** Michael O'B. Boldt
**Cc:** James P. Lidon; Elizabeth Minott
**Subject:** Re: Doe vs. Rutgers -- faculty/staff information

Hi all,



Casey Woods
848.239.0042

On Apr 17, 2018, at 5:47 PM, Michael O'B. Boldt <mboldt@mdmc-law.com> wrote:

Casey,

Thanks.

Pa-59



**Attorney Client Privilege**

Advisory, Consultative, Deliberative

Thanks,

MOB

<26df9a.png>     **Michael O'B. Boldt**
                  Of Counsel

**McElroy, Deutsch, Mulvaney & Carpenter, LLP**

www.mdmc-law.com     <image63d430.GIF>mboldt@mdmc-law.com
1300 Mt. Kemble Avenue     <image17f91d.GIF>Download vCard
P.O. Box 2075     <imagedef000.GIF>973-425-8777
Morristown, New Jersey 07962-2075     <imageob0d5a.GIF>973-425-0161

**New Jersey | New York | Colorado | Pennsylvania | Connecticut | Massachusetts | Delaware | Florida | Rhode Island**

THE INFORMATION CONTAINED IN THIS MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS NAMED ABOVE. This message may be an attorney-client communication, and as such is privileged and confidential. If the reader of this message is not the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by reply e-mail message or by telephone and delete the original message from your e-mail system and/or computer database.

🖨 Please consider the environment before printing this e-mail.

**From:** Casey Woods [mailto:caseywoo@uec.rutgers.edu]
**Sent:** Tuesday, April 17, 2018 4:10 PM
**To:** Michael O'B. Boldt; Elizabeth Minott
**Cc:** James P. Lidon
**Subject:** RE: Doe vs. Rutgers -- faculty/staff information

Hi Michael,



**From:** Peggy Pouliot
**Sent:** Tuesday, April 17, 2018 3:18 PM
**To:** Casey Woods <caseywoo@uec.rutgers.edu>
**Cc:** Peter Camp <ppc36@hr.rutgers.edu>
**Subject:** Work Order: R004095-031318:: R004095-031318

Hi Casey,



Peggy

**Pa-61**

**From:** Michael O'B. Boldt [mailto:mboldt@mdmc-law.com]
**Sent:** Monday, April 16, 2018 5:02 PM
**To:** 'Elizabeth Minott (minott@oldqueens.rutgers.edu)'
<minott@oldqueens.rutgers.edu>
**Cc:** Casey Woods <caseywoo@uec.rutgers.edu>; James P. Lidon <jlidon@mdmc-law.com>
**Subject:** RE: Doe vs. Rutgers -- faculty/staff information

Elizabeth,

Attorney Client Privilege
Advisory, Consultative, Deliberative

Thanks,

MOB

<image001.png>

**Michael O'B. Boldt**
Of Counsel
**McElroy, Deutsch, Mulvaney & Carpenter, LLP**

www.mdmc-law.com
1300 Mt. Kemble Avenue
P.O. Bo 2075
Morristown, New Jersey 07962-2075

<image002.gif> mboldt@mdmc-law.com
<image003.jpg> Download vCard
<image004.gif> 973-425-8777
<image005.gif> 973-425-0161

**New Jersey | New York | Colorado | Pennsylvania | Connecticut | Massachusetts | Delaware | Florida | Rhode Island**

THE INFORMATION CONTAINED IN THIS MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS NAMED ABOVE. This message may be an attorney client communication, and as such is privileged and confidential. If the reader of this message is not the intended recipient you are hereby notified that you have received this document in error and that any review, dissemination, distribution or copying of the message is strictly prohibited. If you have received this communication in error, please notify us immediately by reply e-mail message or by telephone and delete the original message from your e-mail system and/or computer database.

Please consider the environment before printing this e-mail.

| | |
|---|---|
| **From:** | Elizabeth Minott |
| **To:** | "Michael O"B. Boldt"; Casey Woods |
| **Cc:** | James P. Lidon; Jennifer McGruther |
| **Subject:** | RE: Doe vs. Rutgers -- faculty/staff information |
| **Date:** | Wednesday, April 18, 2018 12:52:57 PM |
| **Attachments:** | image001.png |



**From:** Michael O'B. Boldt [mailto:mboldt@mdmc-law.com]
**Sent:** Wednesday, April 18, 2018 11:52 AM
**To:** Casey Woods; Elizabeth Minott
**Cc:** James P. Lidon
**Subject:** RE: Doe vs. Rutgers -- faculty/staff information

Casey and Elizabeth,





Thanks,

MOB

# MDM C

www.mdmc-law.com
1300 Mt. Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962-2075

**Michael O'B. Boldt**
Of Counsel
**McElroy, Deutsch, Mulvaney & Carpenter, LLP**

mboldt@mdmc-law.com
Download vCard
973-425-8777
973-425-0161

**New Jersey | New York | Colorado | Pennsylvania | Connecticut | Massachusetts | Delaware | Florida | Rhode Island**

THE INFORMATION CONTAINED IN THIS MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS NAMED ABOVE. This message may be an attorney-client communication, and as such is privileged and confidential. If the reader of this message is not the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by reply e-mail message or by telephone and delete the original message from your e-mail system and/or computer database.

🖐 Please consider the environment before printing this e-mail.

**From:** Casey Woods [mailto:caseywoo@uec.rutgers.edu]
**Sent:** Tuesday, April 17, 2018 6:22 PM
**To:** Michael O'B. Boldt
**Cc:** James P. Lidon; Elizabeth Minott
**Subject:** Re: Doe vs. Rutgers -- faculty/staff information

Hi all,





Casey Woods
848.239.0042

On Apr 17, 2018, at 5:47 PM, Michael O'B. Boldt <mboldt@mdmc-law.com> wrote:

Casey,

Thanks.



**Pa-65**



Attorney Client Privilege

Advisory, Consultative, Deliberative

Thanks,

MOB

<26df9a.png>

**Michael O'B. Boldt**
Of Counsel
**McElroy, Deutsch, Mulvaney & Carpenter, LLP**

www.mdmc-law.com
1300 Mt. Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962-2075

\<image63d430.GIF\>mboldt@mdmc-law.com
\<image17f91d.GIF\>Download vCard
\<imagedef000.GIF\>973-425-8777
\<image0b0d5a.GIF\>973-425-0161

**New Jersey | New York | Colorado | Pennsylvania | Connecticut | Massachusetts | Delaware | Florida | Rhode Island**

THE INFORMATION CONTAINED IN THIS MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS NAMED ABOVE. This message may be an attorney-client communication, and as such is privileged and confidential. If the reader of this message is not the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by reply e-mail message or by telephone and delete the original message from your e-mail system and/or computer database.

♲ Please consider the environment before printing this e-mail.

**From:** Casey Woods [mailto:caseywoo@uec.rutgers.edu]
**Sent:** Tuesday, April 17, 2018 4:10 PM
**To:** Michael O'B. Boldt; Elizabeth Minott
**Cc:** James P. Lidon
**Subject:** RE: Doe vs. Rutgers -- faculty/staff information

Hi Michael,

Attorney Client Privilege



**From:** Peggy Pouliot
**Sent:** Tuesday, April 17, 2018 3:18 PM
**To:** Casey Woods <caseywoo@uec.rutgers.edu>
**Cc:** Peter Camp <ppc36@hr.rutgers.edu>
**Subject:** Work Order: R004095-031318:: R004095-031318

Hi Casey,

Advisory, Consultative, Deliberative

Peggy

**From:** Michael O'B. Boldt [mailto:mboldt@mdmc-law.com]
**Sent:** Monday, April 16, 2018 5:02 PM
**To:** 'Elizabeth Minott (minott@oldqueens.rutgers.edu)'
<minott@oldqueens.rutgers.edu>
**Cc:** Casey Woods <caseywoo@uec.rutgers.edu>; James P. Lidon <jlidon@mdmc-law.com>
**Subject:** RE: Doe vs. Rutgers -- faculty/staff information

Elizabeth,

Attorney Client Privilege
Advisory, Consultative, Deliberative

Thanks,

MOB

<image001.png>

**Michael O'B. Boldt**
Of Counsel
**McElroy, Deutsch, Mulvaney & Carpenter, LLP**

www.mdmc-law.com
1300 Mt. Kemble Avenue
P.O. Bo 2075
Morristown, New Jersey 07962-2075

<image002.gif>mboldt@mdmc-law.com
<image003.jpg>Download vCard
<image004.gif>973-425-8777
<image005.gif>973-425-0161

**Pa-67**

**New Jersey** | **New York** | **Colorado** | **Pennsylvania** | **Connecticut** | **Massachusetts** |
**Delaware** | **Florida** | **Rhode Island**

THE INFORMATION CONTAINED IN THIS MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS NAMED ABOVE. This message may be an attorney-client communication and as such is privileged and confidential. If the reader of this message is not the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by reply e-mail message or by telephone and delete the original message from your e-mail system and/or computer database.

Please consider the environment before printing this e-mail.

| | |
|---|---|
| **From:** | Elizabeth Minott |
| **To:** | Casey Woods; Peter Englot |
| **Subject:** | RE: OPRA Request 4112-031918:: R004112-031918 |
| **Date:** | Tuesday, March 20, 2018 1:32:37 PM |



Advisory, Consultative, Deliberative

Thanks

**From:** Casey Woods [mailto:caseywoo@uec.rutgers.edu]
**Sent:** Tuesday, March 20, 2018 12:57 PM
**To:** Nancy Cantor; Elizabeth Minott
**Subject:** OPRA Request 4112-031918:: R004112-031918

Nancy,



Advisory, Consultative, Deliberative

Reference No: R004112-031918
Request Status: Assigned
Service Request Type: Open Public Records Act Request
Priority: Medium
Assigned To: Casey Woods
Customer Email: je@jamieepsteinlaw.com
Name: Mr. Jamie Epstein
Customer Phone: 8569799925
Create Date: 3/19/2018 10:29:28 AM
Update Date: 3/19/2018 10:29:32 AM
Last Reviewed: 3/19/2018 10:29:32 AM
Source: Email
: Open Public Records Center
: Rutgers University
:
:
Is this request related to athletics?: No
Category of Requestor: Attorney
Type of Record(s) Requested: Other/Unknown
Describe the Record(s) Requested: With all personal identification information (PII)
redacted1, any and all documents, whether in electronic or paper media of the following: a. the
disciplinary case file of any and all Rutgers Newark Graduate Student charged with a

**Pa-69**

separable offense from 1/1/2013 to present.
Preferred Method to Receive Records: Electronic via Records Center
:
Please Choose: I agree with the statement above.
Exemptions:
Additional Exemptions Applied:
Estimated Page Count:
Estimated Hours:
Hourly Wage Applied:
Special Services Fee Total:
Date Payment Received:
Amount of Payment Received:
**Legal Information**:
Legal Review Required:
Initial Legal Review Completed:
Executive Order No. 21 (McGreevey 2002) - 1:
Executive Order No. 26 (McGreevey 2002) - 9:

| From: | Peter Englot |
|---|---|
| To: | Elizabeth Minott; Casey Woods |
| Cc: | Charnette Hockaday; erica.williams@rutgers.edu |
| Subject: | RE: OPRA Request 4112-031918:: R004112-031918 |
| Date: | Tuesday, March 20, 2018 3:20:19 PM |

Elizabeth,



Sincerely,
Peter

**From:** Elizabeth Minott
**Sent:** Tuesday, March 20, 2018 1:33 PM
**To:** Casey Woods <caseywoo@uec.rutgers.edu>; Peter Englot <peter.englot@rutgers.edu>
**Subject:** RE: OPRA Request 4112-031918:: R004112-031918



Thanks

**From:** Casey Woods [mailto:caseywoo@uec.rutgers.edu]
**Sent:** Tuesday, March 20, 2018 12:57 PM
**To:** Nancy Cantor; Elizabeth Minott
**Subject:** OPRA Request 4112-031918:: R004112-031918

Nancy,

Reference No: R004112-031918
Request Status: Assigned
Service Request Type: Open Public Records Act Request
Priority: Medium

Assigned To: Casey Woods
Customer Email: je@jamieepsteinlaw.com
Name: Mr. Jamie Epstein
Customer Phone: 8569799925
Create Date: 3/19/2018 10:29:28 AM
Update Date: 3/19/2018 10:29:32 AM
Last Reviewed: 3/19/2018 10:29:32 AM
Source: Email
: Open Public Records Center
: Rutgers University
:
:
Is this request related to athletics?: No
Category of Requestor: Attorney
Type of Record(s) Requested: Other/Unknown
Describe the Record(s) Requested: With all personal identification information (PII)
redacted1, any and all documents, whether in electronic or paper media of the following: a. the
disciplinary case file of any and all Rutgers Newark Graduate Student charged with a
separable offense from 1/1/2013 to present.
Preferred Method to Receive Records: Electronic via Records Center
:
Please Choose: I agree with the statement above.
Exemptions:
Additional Exemptions Applied:
Estimated Page Count:
Estimated Hours:
Hourly Wage Applied:
Special Services Fee Total:
Date Payment Received:
Amount of Payment Received:
**Legal Information**:
Legal Review Required:
Initial Legal Review Completed:
Executive Order No. 21 (McGreevey 2002) - 1:
Executive Order No. 26 (McGreevey 2002) - 9:

| From: | Jewell Battle |
|---|---|
| To: | Basil Kmech; Jack Chen; Rutgers Connect E-Discoveries |
| Cc: | Elizabeth Minott; Casey Woods |
| Subject: | RE: OPRA Request R006575 |
| Date: | Thursday, April 15, 2021 12:22:03 PM |



Jewell Battle

Ethics Training Officer & OPRA Administrator

University Ethics and Compliance

Rutgers, The State University of New Jersey

973.972.1981

jewellb@uec.rutgers.edu

ethics@uec.rutgers.edu

RUTGERS
THE STATE UNIVERSITY
OF NEW JERSEY

**From:** Jewell Battle
**Sent:** Wednesday, April 14, 2021 10:59 PM
**To:** Basil Kmech <kmech@oit.rutgers.edu>; Jack Chen <jcc@oit.rutgers.edu>; Rutgers Connect E-Discoveries <ediscovery@oit.rutgers.edu>
**Cc:** Elizabeth Minott <eminott@ogc.rutgers.edu>; Casey Woods <caseywoo@uec.rutgers.edu>
**Subject:** RE: OPRA Request R006575



Jewell Battle

Ethics Training Officer & OPRA Administrator

University Ethics and Compliance

Rutgers, The State University of New Jersey

973.972.1981

jewellb@uec.rutgers.edu

ethics@uec.rutgers.edu

RUTGERS
THE STATE UNIVERSITY
OF NEW JERSEY

**Pa-73**

**From:** Jewell Battle
**Sent:** Wednesday, April 14, 2021 2:32 PM
**To:** Basil Kmech <kmech@oit.rutgers.edu>; Jack Chen <jcc@oit.rutgers.edu>; Rutgers Connect E-
Discoveries <ediscovery@oit.rutgers.edu>
**Cc:** Elizabeth Minott <eminott@ogc.rutgers.edu>; Casey Woods <caseywoo@uec.rutgers.edu>
**Subject:** OPRA Request R006575



Advisory, Consultative, Deliberative

Jewell Battle

Ethics Training Officer & OPRA Administrator

University Ethics and Compliance

Rutgers, The State University of New Jersey

973.972.1981

jewellb@uec.rutgers.edu

ethics@uec.rutgers.edu



| From: | Jewell Battle |
|---|---|
| To: | Basil Kmech; Jack Chen; Rutgers Connect E-Discoveries |
| Cc: | Elizabeth Minott; Casey Woods |
| Subject: | RE: OPRA Request R006575 |
| Date: | Saturday, April 17, 2021 5:54:04 PM |

**Advisory, Consultative, Deliberative**

Jewell Battle
Ethics Training Officer & OPRA Administrator
University Ethics and Compliance
Rutgers, The State University of New Jersey
973.972.1981
jewellb@uec.rutgers.edu
ethics@uec.rutgers.edu


-----Original Message-----
From: Basil Kmech
Sent: Saturday, April 17, 2021 11:26 AM
To: Jewell Battle <jewellb@uec rutgers.edu>; Jack Chen <jcc@oit.rutgers.edu>; Rutgers Connect E-Discoveries <ediscovery@oit rutgers.edu>
Cc: Elizabeth Minott <eminott@ogc rutgers.edu>; Casey Woods <caseywoo@uec rutgers.edu>
Subject: Re: OPRA Request R006575

**Advisory, Consultative, Deliberative**

kmech


From: Jewell Battle <jewellb@uec.rutgers.edu>
Sent: Thursday, April 15, 2021 12:22
To: Basil Kmech; Jack Chen; Rutgers Connect E-Discoveries
Cc: Elizabeth Minott; Casey Woods
Subject: RE: OPRA Request R006575

Jewell Battle
Ethics Training Officer & OPRA Administrator University Ethics and Compliance Rutgers, The State University of New Jersey
973.972.1981
jewellb@uec.rutgers.edu<mailto:jewellb@uec rutgers.edu>
ethics@uec.rutgers.edu<mailto:ethics@uec rutgers.edu>
[RU_SHIELD_SIG_ST]

From: Jewell Battle
Sent: Wednesday, April 14, 2021 10:59 PM
To: Basil Kmech <kmech@oit rutgers.edu>; Jack Chen <jcc@oit.rutgers.edu>; Rutgers Connect E-Discoveries <ediscovery@oit rutgers.edu>
Cc: Elizabeth Minott <eminott@ogc rutgers.edu>; Casey Woods <caseywoo@uec rutgers.edu>
Subject: RE: OPRA Request R006575

**Pa-75**



Advisory, Consultative, Deliberative

Jewell Battle
Ethics Training Officer & OPRA Administrator University Ethics and Compliance Rutgers, The State University of New Jersey
973.972.1981
jewellb@uec.rutgers.edu<mailto:jewellb@uec.rutgers.edu>
ethics@uec.rutgers.edu<mailto:ethics@uec.rutgers.edu>
[RU_SHIELD_SIG_ST]

From: Jewell Battle
Sent: Wednesday, April 14, 2021 2:32 PM
To: Basil Kmech <kmech@oit.rutgers.edu<mailto:kmech@oit.rutgers.edu>>; Jack Chen <jcc@oit.rutgers.edu<mailto:jcc@oit.rutgers.edu>>; Rutgers Connect E-Discoveries <ediscovery@oit.rutgers.edu<mailto:ediscovery@oit.rutgers.edu>>
Cc: Elizabeth Minott <eminott@ogc.rutgers.edu<mailto:eminott@ogc.rutgers.edu>>; Casey Woods <caseywoo@uec.rutgers.edu<mailto:caseywoo@uec.rutgers.edu>>
Subject: OPRA Request R006575



Advisory, Consultative, Deliberative

Jewell Battle
Ethics Training Officer & OPRA Administrator University Ethics and Compliance Rutgers, The State University of New Jersey
973.972.1981
jewellb@uec.rutgers.edu<mailto:jewellb@uec.rutgers.edu>
ethics@uec.rutgers.edu<mailto:ethics@uec.rutgers.edu>
[RU_SHIELD_SIG_ST]

| From: | Jewell Battle |
|---|---|
| To: | Basil Kmech; Jack Chen; Rutgers Connect E-Discoveries |
| Cc: | Elizabeth Minott; Casey Woods |
| Subject: | RE: OPRA Request R006575 |
| Date: | Wednesday, April 14, 2021 10:58:59 PM |



Advisory, Consultative, Deliberative

Jewell Battle

Ethics Training Officer & OPRA Administrator

University Ethics and Compliance

Rutgers, The State University of New Jersey

973.972.1881

jewellb@uec.rutgers.edu

ethics@uec.rutgers.edu



**From:** Jewell Battle
**Sent:** Wednesday, April 14, 2021 2:32 PM
**To:** Basil Kmech <kmech@oit.rutgers.edu>; Jack Chen <jcc@oit.rutgers.edu>; Rutgers Connect E-Discoveries <ediscovery@oit.rutgers.edu>
**Cc:** Elizabeth Minott <eminott@ogc.rutgers.edu>; Casey Woods <caseywoo@uec.rutgers.edu>
**Subject:** OPRA Request R006575



Advisory, Consultative, Deliberative

**Pa-77**



Advisory, Consultative, Deliberative

Jewell Battle

Ethics Training Officer & OPRA Administrator

University Ethics and Compliance

Rutgers, The State University of New Jersey

973.972.1981

jewellb@uec.rutgers.edu

ethics@uec.rutgers.edu



| From: | Basil Kmech |
|-------|-------------|
| To: | Jewell Battle; Jack Chen; Rutgers Connect E-Discoveries |
| Cc: | Elizabeth Minott; Casey Woods |
| Subject: | Re: OPRA Request R006575 |
| Date: | Saturday, April 17, 2021 11:26:15 AM |

**Advisory, Consultative, Deliberative**

kmech

---

From: Jewell Battle <jewellb@uec.rutgers.edu>
Sent: Thursday, April 15, 2021 12:22
To: Basil Kmech; Jack Chen; Rutgers Connect E-Discoveries
Cc: Elizabeth Minott; Casey Woods
Subject: RE: OPRA Request R006575

**Advisory, Consultative, Deliberative**

Jewell Battle
Ethics Training Officer & OPRA Administrator
University Ethics and Compliance
Rutgers, The State University of New Jersey
973.972.1981
jewellb@uec.rutgers.edu<mailto:jewellb@uec.rutgers.edu>
ethics@uec.rutgers.edu<mailto:ethics@uec.rutgers.edu>
[RU_SHIELD_SIG_ST]

From: Jewell Battle
Sent: Wednesday, April 14, 2021 10:59 PM
To: Basil Kmech <kmech@oit.rutgers.edu>; Jack Chen <jcc@oit.rutgers.edu>; Rutgers Connect E-Discoveries <ediscovery@oit.rutgers.edu>
Cc: Elizabeth Minott <eminott@ogc.rutgers.edu>; Casey Woods <caseywoo@uec.rutgers.edu>
Subject: RE: OPRA Request R006575

**Advisory, Consultative, Deliberative**

Jewell Battle
Ethics Training Officer & OPRA Administrator
University Ethics and Compliance
Rutgers, The State University of New Jersey
973.972.1981
jewellb@uec.rutgers.edu<mailto:jewellb@uec.rutgers.edu>
ethics@uec.rutgers.edu<mailto:ethics@uec.rutgers.edu>
[RU_SHIELD_SIG_ST]

From: Jewell Battle
Sent: Wednesday, April 14, 2021 2:32 PM
To: Basil Kmech <kmech@oit.rutgers.edu<mailto:kmech@oit.rutgers.edu>>; Jack Chen <jcc@oit.rutgers.edu<mailto:jcc@oit.rutgers.edu>>; Rutgers Connect E-Discoveries

<ediscovery@oit rutgers.edu<mailto:ediscovery@oit rutgers.edu>>
Cc: Elizabeth Minott <eminott@ogc rutgers.edu<mailto:eminott@ogc rutgers.edu>>; Casey Woods
<caseywoo@uec.rutgers.edu<mailto:caseywoo@uec rutgers.edu>>
Subject: OPRA Request R006575



Advisory, Consultative, Deliberative

Jewell Battle
Ethics Training Officer & OPRA Administrator
University Ethics and Compliance
Rutgers, The State University of New Jersey
973.972.1981
jewellb@uec.rutgers.edu<mailto:jewellb@uec rutgers.edu>
ethics@uec.rutgers.edu<mailto:ethics@uec rutgers.edu>
[RU_SHIELD_SIG_ST]

| | |
|---|---|
| **From:** | Peter Camp |
| **To:** | Casey Woods |
| **Cc:** | Carolyn Knight-Cole |
| **Subject:** | RE: Work Order: R004095-031318:: R004095-031318 |
| **Date:** | Thursday, April 19, 2018 11:05:38 AM |



**From:** Casey Woods
**Sent:** Thursday, April 19, 2018 10:16 AM
**To:** Peter Camp <ppc36@hr.rutgers.edu>
**Cc:** Carolyn Knight-Cole <ckcole@hr.rutgers.edu>
**Subject:** RE: Work Order: R004095-031318:: R004095-031318



**From:** Peter Camp
**Sent:** Thursday, April 19, 2018 8:19 AM
**To:** Casey Woods <caseywoo@uec.rutgers.edu>
**Cc:** Carolyn Knight-Cole <ckcole@hr.rutgers.edu>
**Subject:** FW: Work Order: R004095-031318:: R004095-031318

**From:** Peggy Pouliot
**Sent:** Wednesday, April 18, 2018 8:35 PM
**To:** Peter Camp <ppc36@hr.rutgers.edu>
**Cc:** Alexa Lepucki <al908@hr.rutgers.edu>
**Subject:** Re: Work Order: R004095-031318:: R004095-031318

HI Pete,

Peg

Pa-81



**RUTGERS**
UNIVERSITY HUMAN RESOURCES

Margaret S. Pouliot (Peggy)
University Human Resources
Manager Faculty & Staff Resource Center
p: (848-932-3942)
f: (732-932-0047)
e: pouliot@hr.rutgers.edu

---

**From:** Peter Camp
**Sent:** Wednesday, April 18, 2018 3:54 PM
**To:** Peggy Pouliot
**Subject:** Fwd: Work Order: R004095-031318:: R004095-031318

Is there anything I can do to help?

Sent from my iPhone

Begin forwarded message:

> **From:** Casey Woods <caseywoo@uec.rutgers.edu>
> **Date:** April 18, 2018 at 3:41:24 PM EDT
> **To:** Peggy Pouliot <mpouliot@hr.rutgers.edu>
> **Cc:** Peter Camp <ppc36@hr.rutgers.edu>, Elizabeth Minott <eminott@ogc.rutgers.edu>
> **Subject: Re: Work Order: R004095-031318:: R004095-031318**

Hi Peggy and Peter,



Advisory, Consultative, Deliberative

**Pa-82**

Thanks again,


Casey

---

**From:** Casey Woods
**Sent:** Tuesday, April 17, 2018 3:19:21 PM
**To:** Peggy Pouliot
**Cc:** Peter Camp; Elizabeth Minott
**Subject:** RE: Work Order: R004095-031318:: R004095-031318

Thanks Peggy!

**From:** Peggy Pouliot
**Sent:** Tuesday, April 17, 2018 3:18 PM
**To:** Casey Woods <caseywoo@uec.rutgers.edu>
**Cc:** Peter Camp <ppc36@hr.rutgers.edu>
**Subject:** Work Order: R004095-031318:: R004095-031318

Hi Casey,



Peggy

**RUTGERS**

UNIVERSITY HUMAN RESOURCES

Margaret S. Pouliot (Peggy)
University Human Resources
Manager Faculty & Staff Resource Center
p: (848-932-3942)
f: (732-932-0047)
e: pouliot@hr.rutgers.edu

CONFIDENTIALITY NOTICE: This email communication is confidential, advisory, and deliberative, and may contain private, confidential, or legally privileged information intended for the sole use of the designated and/or duly authorized recipient(s). If you are not the intended recipient or have received this email in error, please notify the sender immediately by email and permanently delete all copies of this email including all attachments without reading them. If you are the

**Pa-83**

intended recipient, secure the contents in a manner that conforms to all applicable state and/or federal requirements related to privacy and confidentiality of such information.

| From: | Michael O"B. Boldt |
|-------|-------------------|
| To: | Casey Woods; Elizabeth Minott; James P. Lidon |
| Subject: | RE: Work Order: R004095-031318:: R004095-031318 |
| Date: | Thursday, April 19, 2018 10:31:42 AM |
| Attachments: | d6b9a7.png |

Casey,

**Attorney Client Privilege**

Advisory, Consultative, Deliberative

Thanks,

MOB

# MDM C

www.mdmc-law.com
1300 Mt. Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962-2075

**Michael O'B. Boldt**
Of Counsel
**McElroy, Deutsch, Mulvaney & Carpenter, LLP**

mboldt@mdmc-law.com
Download vCard
973-425-8777
973-425-0161

**New Jersey | New York | Colorado | Pennsylvania | Connecticut | Massachusetts | Delaware | Florida | Rhode Island**

THE INFORMATION CONTAINED IN THIS MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS NAMED ABOVE. This message may be an attorney-client communication, and as such is privileged and confidential. If the reader of this message is not the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by reply e-mail message or by telephone and delete the original message from your e-mail system and/or computer database.

Please consider the environment before printing this e-mail.

**From:** Casey Woods [mailto:caseywoo@uec.rutgers.edu]
**Sent:** Thursday, April 19, 2018 10:13 AM
**To:** Elizabeth Minott; Michael O'B. Boldt; James P. Lidon
**Subject:** FW: Work Order: R004095-031318:: R004095-031318

What is our time line on this?

**From:** Peter Camp
**Sent:** Thursday, April 19, 2018 8:19 AM
**To:** Casey Woods <caseywoo@uec.rutgers.edu>
**Cc:** Carolyn Knight-Cole <ckcole@hr.rutgers.edu>
**Subject:** FW: Work Order: R004095-031318:: R004095-031318



**From:** Peggy Pouliot
**Sent:** Wednesday, April 18, 2018 8:35 PM
**To:** Peter Camp <ppc36@hr.rutgers.edu>
**Cc:** Alexa Lepucki <al908@hr.rutgers.edu>
**Subject:** Re: Work Order: R004095-031318:: R004095-031318

HI Pete,



Advisory, Consultative, Deliberative

Peg

RUTGERS
UNIVERSITY HUMAN RESOURCES

Margaret S. Pouliot (Peggy)
University Human Resources
Manager Faculty & Staff Resource Center
p: (848-932-3942)
f: (732-932-0047)
e: pouliot@hr.rutgers.edu

**From:** Peter Camp
**Sent:** Wednesday, April 18, 2018 3:54 PM
**To:** Peggy Pouliot
**Subject:** Fwd: Work Order: R004095-031318:: R004095-031318

Is there anything I can do to help?

Sent from my iPhone

Begin forwarded message:

**Pa-86**

**From:** Casey Woods <caseywoo@uec.rutgers.edu>
**Date:** April 18, 2018 at 3:41:24 PM EDT
**To:** Peggy Pouliot <mpouliot@hr.rutgers.edu>
**Cc:** Peter Camp <ppc36@hr.rutgers.edu>, Elizabeth Minott
<eminott@ogc.rutgers.edu>
**Subject: Re: Work Order: R004095-031318:: R004095-031318**

Hi Peggy and Peter,



Advisory, Consultative, Deliberative

Thanks again,

Casey

**From:** Casey Woods
**Sent:** Tuesday, April 17, 2018 3:19:21 PM
**To:** Peggy Pouliot
**Cc:** Peter Camp; Elizabeth Minott
**Subject:** RE: Work Order: R004095-031318:: R004095-031318

Thanks Peggy!

**From:** Peggy Pouliot
**Sent:** Tuesday, April 17, 2018 3:18 PM
**To:** Casey Woods <caseywoo@uec.rutgers.edu>
**Cc:** Peter Camp <ppc36@hr.rutgers.edu>
**Subject:** Work Order: R004095-031318:: R004095-031318

Hi Casey,

**Pa-87**



Advisory, Consultative, Deliberative

Peggy



UNIVERSITY HUMAN RESOURCES

Margaret S. Pouliot (Peggy)
University Human Resources
Manager Faculty & Staff Resource Center
p: (848-932-3942)
f: (732-932-0047)
e: pouliot@hr.rutgers.edu

CONFIDENTIALITY NOTICE: This email communication is confidential, advisory, and deliberative, and may contain private, confidential, or legally privileged information intended for the sole use of the designated and/or duly authorized recipient(s). If you are not the intended recipient or have received this email in error, please notify the sender immediately by email and permanently delete all copies of this email including all attachments without reading them. If you are the intended recipient, secure the contents in a manner that conforms to all applicable state and/or federal requirements related to privacy and confidentiality of such information.

**Pa-88**

| | |
|---|---|
| **From:** | Peter Camp |
| **To:** | Casey Woods |
| **Cc:** | Carolyn Knight-Cole |
| **Subject:** | RE: Work Order: R004095-031318:: R004095-031318 |
| **Date:** | Thursday, April 19, 2018 1:13:35 PM |



**From:** Casey Woods
**Sent:** Thursday, April 19, 2018 11:11 AM
**To:** Peter Camp <ppc36@hr.rutgers.edu>
**Cc:** Carolyn Knight-Cole <ckcole@hr.rutgers.edu>
**Subject:** RE: Work Order: R004095-031318:: R004095-031318



**From:** Peter Camp
**Sent:** Thursday, April 19, 2018 11:06 AM
**To:** Casey Woods <caseywoo@uec.rutgers.edu>
**Cc:** Carolyn Knight-Cole <ckcole@hr.rutgers.edu>
**Subject:** RE: Work Order: R004095-031318:: R004095-031318



**From:** Casey Woods
**Sent:** Thursday, April 19, 2018 10:16 AM
**To:** Peter Camp <ppc36@hr.rutgers.edu>
**Cc:** Carolyn Knight-Cole <ckcole@hr.rutgers.edu>
**Subject:** RE: Work Order: R004095-031318:: R004095-031318

**From:** Peter Camp
**Sent:** Thursday, April 19, 2018 8:19 AM
**To:** Casey Woods <caseywoo@uec.rutgers.edu>
**Cc:** Carolyn Knight-Cole <ckcole@hr.rutgers.edu>

**Subject:** FW: Work Order: R004095-031318:: R004095-031318



Advisory, Consultative, Deliberative

**From:** Peggy Pouliot
**Sent:** Wednesday, April 18, 2018 8:35 PM
**To:** Peter Camp <ppc36@hr.rutgers.edu>
**Cc:** Alexa Lepucki <al908@hr.rutgers.edu>
**Subject:** Re: Work Order: R004095-031318:: R004095-031318

HI Pete,



Peg

RUTGERS
UNIVERSITY HUMAN RESOURCES

Margaret S. Pouliot (Peggy)
University Human Resources
Manager Faculty & Staff Resource Center
p: (848-932-3942)
f: (732-932-0047)
e: pouliot@hr.rutgers.edu

**From:** Peter Camp
**Sent:** Wednesday, April 18, 2018 3:54 PM
**To:** Peggy Pouliot
**Subject:** Fwd: Work Order: R004095-031318:: R004095-031318

Is there anything I can do to help?

Sent from my iPhone

**Pa-90**

Begin forwarded message:

**From:** Casey Woods <caseywoo@uec.rutgers.edu>
**Date:** April 18, 2018 at 3:41:24 PM EDT
**To:** Peggy Pouliot <mpouliot@hr.rutgers.edu>
**Cc:** Peter Camp <ppc36@hr.rutgers.edu>, Elizabeth Minott
<eminott@ogc.rutgers.edu>
**Subject: Re: Work Order: R004095-031318:: R004095-031318**

Hi Peggy and Peter,



Thanks again,


Casey

---

**From:** Casey Woods
**Sent:** Tuesday, April 17, 2018 3:19:21 PM
**To:** Peggy Pouliot
**Cc:** Peter Camp; Elizabeth Minott
**Subject:** RE: Work Order: R004095-031318:: R004095-031318

Thanks Peggy!

**From:** Peggy Pouliot
**Sent:** Tuesday, April 17, 2018 3:18 PM
**To:** Casey Woods <caseywoo@uec.rutgers.edu>
**Cc:** Peter Camp <ppc36@hr.rutgers.edu>
**Subject:** Work Order: R004095-031318:: R004095-031318

**Pa-91**

Hi Casey,

**Advisory, Consultative, Deliberative**

Peggy



RUTGERS

UNIVERSITY HUMAN RESOURCES

Margaret S. Pouliot (Peggy)
University Human Resources
Manager Faculty & Staff Resource Center
p: (848-932-3942)
f: (732-932-0047)
e: pouliot@hr.rutgers.edu

CONFIDENTIALITY NOTICE: This email communication is confidential, advisory, and deliberative, and may contain private, confidential, or legally privileged information intended for the sole use of the designated and/or duly authorized recipient(s). If you are not the intended recipient or have received this email in error, please notify the sender immediately by email and permanently delete all copies of this email including all attachments without reading them. If you are the intended recipient, secure the contents in a manner that conforms to all applicable state and/or federal requirements related to privacy and confidentiality of such information.

**From:** Peter Camp
**To:** Casey Woods
**Cc:** Carolyn Knight-Cole; Sonia Robell (sonia.robell@rutgers.edu)
**Subject:** RE: Work Order: R004095-031318:: R004095-031318
**Date:** Thursday, April 19, 2018 11:16:56 AM



**From:** Casey Woods
**Sent:** Thursday, April 19, 2018 11:11 AM
**To:** Peter Camp <ppc36@hr.rutgers.edu>
**Cc:** Carolyn Knight-Cole <ckcole@hr.rutgers.edu>
**Subject:** RE: Work Order: R004095-031318:: R004095-031318



Advisory, Consultative, Deliberative

**From:** Peter Camp
**Sent:** Thursday, April 19, 2018 11:06 AM
**To:** Casey Woods <caseywoo@uec.rutgers.edu>
**Cc:** Carolyn Knight-Cole <ckcole@hr.rutgers.edu>
**Subject:** RE: Work Order: R004095-031318:: R004095-031318



**From:** Casey Woods
**Sent:** Thursday, April 19, 2018 10:16 AM
**To:** Peter Camp <ppc36@hr.rutgers.edu>
**Cc:** Carolyn Knight-Cole <ckcole@hr.rutgers.edu>
**Subject:** RE: Work Order: R004095-031318:: R004095-031318



Advisory, Consultative, Deliberative

**From:** Peter Camp
**Sent:** Thursday, April 19, 2018 8:19 AM
**To:** Casey Woods <caseywoo@uec.rutgers.edu>
**Cc:** Carolyn Knight-Cole <ckcole@hr.rutgers.edu>
**Subject:** FW: Work Order: R004095-031318:: R004095-031318



**From:** Peggy Pouliot
**Sent:** Wednesday, April 18, 2018 8:35 PM
**To:** Peter Camp <ppc36@hr.rutgers.edu>
**Cc:** Alexa Lepucki <al908@hr.rutgers.edu>
**Subject:** Re: Work Order: R004095-031318:: R004095-031318

HI Pete,



Advisory, Consultative, Deliberative

Peg

RUTGERS
UNIVERSITY HUMAN RESOURCES

Margaret S. Pouliot (Peggy)
University Human Resources
Manager Faculty & Staff Resource Center
p: (848-932-3942)
f: (732-932-0047)
e: pouliot@hr.rutgers.edu

**From:** Peter Camp
**Sent:** Wednesday, April 18, 2018 3:54 PM
**To:** Peggy Pouliot
**Subject:** Fwd: Work Order: R004095-031318:: R004095-031318

Is there anything I can do to help?

Sent from my iPhone

Begin forwarded message:

**Pa-94**

**From:** Casey Woods <caseywoo@uec.rutgers.edu>
**Date:** April 18, 2018 at 3:41:24 PM EDT
**To:** Peggy Pouliot <mpouliot@hr.rutgers.edu>
**Cc:** Peter Camp <ppc36@hr.rutgers.edu>, Elizabeth Minott
<eminott@ogc.rutgers.edu>
**Subject: Re: Work Order: R004095-031318:: R004095-031318**

Hi Peggy and Peter,



Thanks again,


Casey

**From:** Casey Woods
**Sent:** Tuesday, April 17, 2018 3:19:21 PM
**To:** Peggy Pouliot
**Cc:** Peter Camp; Elizabeth Minott
**Subject:** RE: Work Order: R004095-031318:: R004095-031318

**Thanks Peggy!**

**From:** Peggy Pouliot
**Sent:** Tuesday, April 17, 2018 3:18 PM
**To:** Casey Woods <caseywoo@uec.rutgers.edu>
**Cc:** Peter Camp <ppc36@hr.rutgers.edu>
**Subject:** Work Order: R004095-031318:: R004095-031318

Hi Casey,



Peggy



Margaret S. Pouliot (Peggy)
University Human Resources
Manager Faculty & Staff Resource Center
p: (848-932-3942)
f: (732-932-0047)
e: pouliot@hr.rutgers.edu
CONFIDENTIALITY NOTICE: This email communication is confidential, advisory,
and deliberative, and may contain private, confidential, or legally privileged
information intended for the sole use of the designated and/or duly authorized
recipient(s). If you are not the intended recipient or have received this email in
error, please notify the sender immediately by email and permanently delete all
copies of this email including all attachments without reading them. If you are the
intended recipient, secure the contents in a manner that conforms to all
applicable state and/or federal requirements related to privacy and
confidentiality of such information.

| From: | Michael O"B. Boldt |
|---|---|
| To: | Casey Woods |
| Cc: | Elizabeth Minott; James P. Lidon; Jennifer McGruther |
| Subject: | RE: Work Order: R004095-031318:: R004095-031318 |
| Date: | Friday, April 20, 2018 4:01:39 PM |
| Attachments: | image001.png |

Casey,



MOB

**From:** Casey Woods [mailto:caseywoo@uec.rutgers.edu]
**Sent:** Friday, April 20, 2018 3:51 PM
**To:** Michael O'B. Boldt; Elizabeth Minott; James P. Lidon
**Subject:** RE: Work Order: R004095-031318:: R004095-031318

Hello all,



Casey

**From:** Casey Woods
**Sent:** Thursday, April 19, 2018 10:58 AM
**To:** 'Michael O'B. Boldt' <mboldt@mdmc-law.com>; Elizabeth Minott <eminott@ogc.rutgers.edu>;
James P. Lidon <jlidon@mdmc-law.com>
**Subject:** RE: Work Order: R004095-031318:: R004095-031318

OK,



**From:** Michael O'B. Boldt [mailto:mboldt@mdmc-law.com]
**Sent:** Thursday, April 19, 2018 10:31 AM

**Pa-97**

**To:** Casey Woods <caseywoo@uec.rutgers.edu>; Elizabeth Minott <eminott@ogc.rutgers.edu>;
James P. Lidon <jlidon@mdmc-law.com>
**Subject:** RE: Work Order: R004095-031318:: R004095-031318

Casey,



Attorney Client Privilege

Advisory, Consultative, Deliberative

Thanks,

MOB

## MDM C

www.mdmc-law.com
1300 Mt. Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962-2075

**Michael O'B. Boldt**
Of Counsel
**McElroy, Deutsch, Mulvaney & Carpenter, LLP**

mboldt@mdmc-law.com
Download vCard
973-425-8777
973-425-0161

**New Jersey | New York | Colorado | Pennsylvania | Connecticut | Massachusetts | Delaware | Florida | Rhode Island**

THE INFORMATION CONTAINED IN THIS MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS NAMED ABOVE. This message may be an attorney-client communication, and as such is privileged and confidential. If the reader of this message is not the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by reply e-mail message or by telephone and delete the original message from your e-mail system and/or computer database.

Please consider the environment before printing this e-mail.

**From:** Casey Woods [mailto:caseywoo@uec.rutgers.edu]
**Sent:** Thursday, April 19, 2018 10:13 AM
**To:** Elizabeth Minott; Michael O'B. Boldt; James P. Lidon
**Subject:** FW: Work Order: R004095-031318:: R004095-031318

What is our time line on this?

**From:** Peter Camp
**Sent:** Thursday, April 19, 2018 8:19 AM
**To:** Casey Woods <caseywoo@uec.rutgers.edu>
**Cc:** Carolyn Knight-Cole <ckcole@hr.rutgers.edu>
**Subject:** FW: Work Order: R004095-031318:: R004095-031318

Advisory, Consultative, Deliberative

**From:** Peggy Pouliot
**Sent:** Wednesday, April 18, 2018 8:35 PM
**To:** Peter Camp <ppc36@hr.rutgers.edu>
**Cc:** Alexa Lepucki <al908@hr.rutgers.edu>
**Subject:** Re: Work Order: R004095-031318:: R004095-031318

HI Pete,


Advisory, Consultative, Deliberative

Peg

UHR_SHIELD_SIG



Margaret S. Pouliot (Peggy)
University Human Resources
Manager Faculty & Staff Resource Center
p: (848-932-3942)
f: (732-932-0047)
e: pouliot@hr.rutgers.edu

---

**From:** Peter Camp
**Sent:** Wednesday, April 18, 2018 3:54 PM
**To:** Peggy Pouliot
**Subject:** Fwd: Work Order: R004095-031318:: R004095-031318



Sent from my iPhone

Begin forwarded message:

> **From:** Casey Woods <caseywoo@uec.rutgers.edu>

**Pa-99**

**Date:** April 18, 2018 at 3:41:24 PM EDT
**To:** Peggy Pouliot <mpouliot@hr.rutgers.edu>
**Cc:** Peter Camp <ppc36@hr.rutgers.edu>, Elizabeth Minott
<eminott@ogc.rutgers.edu>
**Subject: Re: Work Order: R004095-031318:: R004095-031318**

Hi Peggy and Peter,



Advisory, Consultative, Deliberative

Thanks again,


Casey

**From:** Casey Woods
**Sent:** Tuesday, April 17, 2018 3:19:21 PM
**To:** Peggy Pouliot
**Cc:** Peter Camp; Elizabeth Minott
**Subject:** RE: Work Order: R004095-031318:: R004095-031318

Thanks Peggy!

**From:** Peggy Pouliot
**Sent:** Tuesday, April 17, 2018 3:18 PM
**To:** Casey Woods <caseywoo@uec.rutgers.edu>
**Cc:** Peter Camp <ppc36@hr.rutgers.edu>
**Subject:** Work Order: R004095-031318:: R004095-031318

Hi Casey,

Advisory, Consultative, Deliberative

**Pa-100**

Peggy

 RUTGERS
UNIVERSITY HUMAN RESOURCES

Margaret S. Pouliot (Peggy)
University Human Resources
Manager Faculty & Staff Resource Center
p: (848-932-3942)
f: (732-932-0047)
e: pouliot@hr.rutgers.edu
CONFIDENTIALITY NOTICE: This email communication is confidential, advisory, and deliberative, and may contain private, confidential, or legally privileged information intended for the sole use of the designated and/or duly authorized recipient(s). If you are not the intended recipient or have received this email in error, please notify the sender immediately by email and permanently delete all copies of this email including all attachments without reading them. If you are the intended recipient, secure the contents in a manner that conforms to all applicable state and/or federal requirements related to privacy and confidentiality of such information.

| | |
|---|---|
| **From:** | Peggy Pouliot |
| **To:** | Casey Woods |
| **Cc:** | Peter Camp; Elizabeth Minott |
| **Subject:** | RE: Work Order: R004095-031318:: R004095-031318 |
| **Date:** | Monday, April 23, 2018 7:35:43 AM |
| **Attachments:** | PDR PAF E Bonner.pdf |

Hi Casey,



Peggy

**From:** Casey Woods
**Sent:** Wednesday, April 18, 2018 3:41 PM
**To:** Peggy Pouliot <mpouliot@hr.rutgers.edu>
**Cc:** Peter Camp <ppc36@hr.rutgers.edu>; Elizabeth Minott <eminott@ogc.rutgers.edu>
**Subject:** Re: Work Order: R004095-031318:: R004095-031318

Hi Peggy and Peter,

Thanks again,

Casey

**From:** Casey Woods
**Sent:** Tuesday, April 17, 2018 3:19:21 PM
**To:** Peggy Pouliot
**Cc:** Peter Camp; Elizabeth Minott
**Subject:** RE: Work Order: R004095-031318:: R004095-031318

Thanks Peggy!

**From:** Peggy Pouliot
**Sent:** Tuesday, April 17, 2018 3:18 PM
**To:** Casey Woods <caseywoo@uec.rutgers.edu>
**Cc:** Peter Camp <ppc36@hr.rutgers.edu>
**Subject:** Work Order: R004095-031318:: R004095-031318

Hi Casey,



Peggy

![RUTGERS UNIVERSITY HUMAN RESOURCES]

Margaret S. Pouliot (Peggy)
University Human Resources
Manager Faculty & Staff Resource Center
p: (848-932-3942)
f: (732-932-0047)
e: pouliot@hr.rutgers.edu

CONFIDENTIALITY NOTICE: This email communication is confidential, advisory, and deliberative, and may contain private, confidential, or legally privileged information intended for the sole use of the designated and/or duly authorized recipient(s). If you are not the intended recipient or have received this email in error, please notify the sender immediately by email and permanently delete all copies of this email including all attachments without reading them. If you are the intended recipient, secure the contents in a manner that conforms to all applicable state and/or federal requirements related to privacy and confidentiality of such information.

| | |
|---|---|
| **From:** | Peter Camp |
| **To:** | Casey Woods; Elizabeth Minott |
| **Cc:** | Carolyn Knight-Cole; tammy.khaleque@rutgers.edu |
| **Subject:** | RE: Work Order: R004095-031318:: R004095-031318 |
| **Date:** | Thursday, March 22, 2018 10:18:01 AM |

Advisory, Consultative, Deliberative

**From:** Casey Woods
**Sent:** Tuesday, March 20, 2018 3:52 PM
**To:** Peter Camp <ppc36@hr.rutgers.edu>; Elizabeth Minott <eminott@ogc.rutgers.edu>
**Cc:** Carolyn Knight-Cole <ckcole@hr.rutgers.edu>; tammy.khaleque@rutgers.edu
**Subject:** RE: Work Order: R004095-031318:: R004095-031318

Hi Peter,



Advisory, Consultative, Deliberative

**From:** Peter Camp
**Sent:** Thursday, March 15, 2018 11:30 AM
**To:** Casey Woods <caseywoo@uec.rutgers.edu>; Elizabeth Minott <eminott@ogc.rutgers.edu>
**Cc:** Carolyn Knight-Cole <ckcole@hr.rutgers.edu>; tammy.khaleque@rutgers.edu
**Subject:** RE: Work Order: R004095-031318:: R004095-031318



Advisory, Consultative, Deliberative

**From:** Casey Woods <caseywoo@uec.rutgers.edu>
**Sent:** Tuesday, March 13, 2018 5:55 PM
**To:** Elizabeth Minott <eminott@ogc.rutgers.edu>

**Pa-104**

**Cc:** Peter Camp <ppc36@hr.rutgers.edu>; Carolyn Knight-Cole <ckcole@hr.rutgers.edu>
**Subject:** Work Order: R004095-031318:: R004095-031318

**Attachments:**
SKM_C55818031317330.pdf



Advisory, Consultative, Deliberative

Reference No: R004095-031318
Request Status: Assigned
Service Request Type: Open Public Records Act Request
Priority: Medium
Assigned To: Casey Woods
Customer Email: je@jamieepsteinlaw.com
Name: Mr. Jamie Epstein
Customer Phone: 8569799925
Create Date: 3/13/2018 5:48:19 PM
Update Date: 3/13/2018 5:49:02 PM
Last Reviewed: 3/13/2018 5:48:22 PM
Source: Fax
: Open Public Records Center
: Rutgers University
:
:

Is this request related to athletics?: No
Category of Requestor: Attorney
Type of Record(s) Requested: Other/Unknown
Describe the Record(s) Requested: 1. Any and all documents, whether in electronic or paper media, which make reference to Zhijian Hong (aka ZH) and are dated between 1/1/2017 to present. Documents requested include, but are not limited to: (a) financial records (requested immediately pursuant to N.J.S.A. 47:1A-5) such as bills, invoices, receipts, ledger accounts, payments, both sides of canceled checks, etc.; (b) academic records such as records kept by staff who provided ZH educational services, transcripts, notes, letters, emails, reports, tests, etc.; (c) administrative records such as health records, discipline records, etc.; (d) communication records such as emails, memos, text messages, voice mail, letters, etc. sent or received by staff, administrators, contractors or agents of the University. Email search: where the sender or recipients is a staff, administrator, contractor or

agent of the University and the body or subject of the email refers to Zhijian Hong or ZH 136003725
2. Regarding each employee listed below the following information is requested: title, position,
salary, payroll record, length of service, data contained in the information which disclose conformity
with specific experiential, educational or medical qualifications required for employment, date of
separation (if any) and the reason and the employee's employment contract (which is requested
immediately pursuant to NJSA 47:1A-5). (a) Dr. Edward Bonder, Associate Professor Faculty Arts and
Sciences - Department Biological Sciences (b) Dr. Wayne Eastman, Professor Rutgers Business School
- Supply Chain Management (c) Dr. Francis Bartkowski, Professor Faculty Arts and Sciences -
Department of English; (d) Dr. Kinna Perry, Associate Dean Graduate School-Newark (e) Dr. Kyle
Farmbry, Dean of the Graduate School-Newark. 3. Any and all documents or emails which refer to
Record Request Information Item #1 and #2 above either in the body of the email or document or in
its attachment. 4. Any and all records created including metadata in responding to this OPRA
request.
Preferred Method to Receive Records: Electronic via Records Center
:
Please Choose: I agree with the statement above.
Exemptions:
Additional Exemptions Applied:
Estimated Page Count:
Estimated Hours:
Hourly Wage Applied:
Special Services Fee Total:
Date Payment Received:
Amount of Payment Received:
**Legal Information**:
Legal Review Required:
Initial Legal Review Completed:
Executive Order No. 21 (McGreevey 2002) - 1:
Executive Order No. 26 (McGreevey 2002) - 9:

| | |
|---|---|
| **From:** | Jennifer McGruther |
| **To:** | Michael O'B, Boldt; Casey Woods |
| **Cc:** | Elizabeth Minott; James P. Lidon |
| **Subject:** | RE: Work Order: R004095-031318:: R004095-031318 |
| **Date:** | Friday, April 20, 2018 4:46:32 PM |
| **Attachments:** | image001.png |

I agree.


**From:** Michael O'B. Boldt <mboldt@mdmc-law.com>
**Sent:** Friday, April 20, 2018 4:01 PM
**To:** Casey Woods <caseywoo@uec.rutgers.edu>
**Cc:** Elizabeth Minott <eminott@ogc.rutgers.edu>; James P. Lidon <jlidon@mdmc-law.com>; Jennifer McGruther <jmcgruther@ogc.rutgers.edu>
**Subject:** RE: Work Order: R004095-031318:: R004095-031318

Casey,



                                                  MOB

**From:** Casey Woods [mailto:caseywoo@uec.rutgers.edu]
**Sent:** Friday, April 20, 2018 3:51 PM
**To:** Michael O'B. Boldt; Elizabeth Minott; James P. Lidon
**Subject:** RE: Work Order: R004095-031318:: R004095-031318

Hello all,



Casey

**From:** Casey Woods
**Sent:** Thursday, April 19, 2018 10:58 AM
**To:** 'Michael O'B. Boldt' <mboldt@mdmc-law.com>; Elizabeth Minott <eminott@ogc.rutgers.edu>;
James P. Lidon <jlidon@mdmc-law.com>

**Subject:** RE: Work Order: R004095-031318:: R004095-031318

OK,

**Attorney Client Privilege**

**Advisory, Consultative, Deliberative**

**From:** Michael O'B. Boldt [mailto:mboldt@mdmc-law.com]
**Sent:** Thursday, April 19, 2018 10:31 AM
**To:** Casey Woods <caseywoo@uec.rutgers.edu>; Elizabeth Minott <eminott@ogc.rutgers.edu>;
James P. Lidon <jlidon@mdmc-law.com>
**Subject:** RE: Work Order: R004095-031318:: R004095-031318

Casey,

**Attorney Client Privilege**

**Advisory, Consultative, Deliberative**

Thanks,

MOB

## MDM C

www.mdmc-law.com
1300 Mt. Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962-2075

**Michael O'B. Boldt**
Of Counsel
**McElroy, Deutsch, Mulvaney & Carpenter, LLP**

mboldt@mdmc-law.com
Download vCard
973-425-8777
973-425-0161

**New Jersey | New York | Colorado | Pennsylvania | Connecticut | Massachusetts | Delaware |**
**Florida | Rhode Island**

THE INFORMATION CONTAINED IN THIS MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS NAMED ABOVE. This message may be an attorney-client communication, and as such is privileged and confidential. If the reader of this message is not the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by reply e-mail message or by telephone and delete the original message from your e-mail system and/or computer database.

Please consider the environment before printing this e-mail.

**From:** Casey Woods [mailto:caseywoo@uec.rutgers.edu]
**Sent:** Thursday, April 19, 2018 10:13 AM
**To:** Elizabeth Minott; Michael O'B. Boldt; James P. Lidon
**Subject:** FW: Work Order: R004095-031318:: R004095-031318

What is our time line on this?

**From:** Peter Camp
**Sent:** Thursday, April 19, 2018 8:19 AM
**To:** Casey Woods <caseywoo@uec.rutgers.edu>
**Cc:** Carolyn Knight-Cole <ckcole@hr.rutgers.edu>
**Subject:** FW: Work Order: R004095-031318:: R004095-031318

Advisory, Consultative, Deliberative

**From:** Peggy Pouliot
**Sent:** Wednesday, April 18, 2018 8:35 PM
**To:** Peter Camp <ppc36@hr.rutgers.edu>
**Cc:** Alexa Lepucki <al908@hr.rutgers.edu>
**Subject:** Re: Work Order: R004095-031318:: R004095-031318

HI Pete,

Advisory, Consultative, Deliberative

Peg

UHR_SHIELD_SIG

Margaret S. Pouliot (Peggy)
University Human Resources
Manager Faculty & Staff Resource Center
p: (848-932-3942)
f: (732-932-0047)
e: pouliot@hr.rutgers.edu

**From:** Peter Camp
**Sent:** Wednesday, April 18, 2018 3:54 PM

**To:** Peggy Pouliot
**Subject:** Fwd: Work Order: R004095-031318:: R004095-031318

Is there anything I can do to help?

Sent from my iPhone

Begin forwarded message:

> **From:** Casey Woods <caseywoo@uec.rutgers.edu>
> **Date:** April 18, 2018 at 3:41:24 PM EDT
> **To:** Peggy Pouliot <mpouliot@hr.rutgers.edu>
> **Cc:** Peter Camp <ppc36@hr.rutgers.edu>, Elizabeth Minott <eminott@ogc.rutgers.edu>
> **Subject: Re: Work Order: R004095-031318:: R004095-031318**
>
> Hi Peggy and Peter,



Advisory, Consultative, Deliberative

Thanks again,

Casey

**From:** Casey Woods
**Sent:** Tuesday, April 17, 2018 3:19:21 PM
**To:** Peggy Pouliot
**Cc:** Peter Camp; Elizabeth Minott
**Subject:** RE: Work Order: R004095-031318:: R004095-031318

Thanks Peggy!

**Pa-110**

**From:** Peggy Pouliot
**Sent:** Tuesday, April 17, 2018 3:18 PM
**To:** Casey Woods <caseywoo@uec.rutgers.edu>
**Cc:** Peter Camp <ppc36@hr.rutgers.edu>
**Subject:** Work Order: R004095-031318:: R004095-031318

Hi Casey,

Advisory, Consultative, Deliberative

Peggy



**RUTGERS**
UNIVERSITY HUMAN RESOURCES

Margaret S. Pouliot (Peggy)
University Human Resources
Manager Faculty & Staff Resource Center
p: (848-932-3942)
f: (732-932-0047)
e: pouliot@hr.rutgers.edu
CONFIDENTIALITY NOTICE: This email communication is confidential, advisory, and deliberative, and may contain private, confidential, or legally privileged information intended for the sole use of the designated and/or duly authorized recipient(s). If you are not the intended recipient or have received this email in error, please notify the sender immediately by email and permanently delete all copies of this email including all attachments without reading them. If you are the intended recipient, secure the contents in a manner that conforms to all applicable state and/or federal requirements related to privacy and confidentiality of such information.

| From: | Peter Camp |
|---|---|
| To: | Casey Woods; Elizabeth Minott |
| Cc: | Carolyn Knight-Cole; tammy.khaleque@rutgers.edu |
| Subject: | RE: Work Order: R004095-031318:: R004095-031318 |
| Date: | Thursday, March 15, 2018 11:31:50 AM |
| Attachments: | OPRA 4095 Q2.xls |



**From:** Casey Woods <caseywoo@uec.rutgers.edu>
**Sent:** Tuesday, March 13, 2018 5:55 PM
**To:** Elizabeth Minott <eminott@ogc.rutgers.edu>
**Cc:** Peter Camp <ppc36@hr.rutgers.edu>; Carolyn Knight-Cole <ckcole@hr.rutgers.edu>
**Subject:** Work Order: R004095-031318:: R004095-031318

**Attachments:**
SKM_C55818031317330.pdf



Reference No: R004095-031318
Request Status: Assigned
Service Request Type: Open Public Records Act Request
Priority: Medium
Assigned To: Casey Woods

**Pa-112**

Customer Email: je@jamieepsteinlaw.com
Name: Mr. Jamie Epstein
Customer Phone: 8569799925
Create Date: 3/13/2018 5:48:19 PM
Update Date: 3/13/2018 5:49:02 PM
Last Reviewed: 3/13/2018 5:48:22 PM
Source: Fax
: Open Public Records Center
: Rutgers University
:
:
Is this request related to athletics?: No
Category of Requestor: Attorney
Type of Record(s) Requested: Other/Unknown
Describe the Record(s) Requested: 1. Any and all documents, whether in electronic or paper media, which make reference to Zhijian Hong (aka ZH) and are dated between 1/1/2017 to present. Documents requested include, but are not limited to: (a) financial records (requested immediately pursuant to N.J.S.A. 47:1A-5) such as bills, invoices, receipts, ledger accounts, payments, both sides of canceled checks, etc.; (b) academic records such as records kept by staff who provided ZH educational services, transcripts, notes, letters, emails, reports, tests, etc.; (c) administrative records such as health records, discipline records, etc.; (d) communication records such as emails, memos, text messages, voice mail, letters, etc. sent or received by staff, administrators, contractors or agents of the University. Email search: where the sender or recipients is a staff, administrator, contractor or agent of the University and the body or subject of the email refers to Zhijian Hong or ZH 136003725
2. Regarding each employee listed below the following information is requested: title, position, salary, payroll record, length of service, data contained in the information which disclose conformity with specific experiential, educational or medical qualifications required for employment, date of separation (if any) and the reason and the employee's employment contract (which is requested immediately pursuant to NJSA 47:1A-5). (a) Dr. Edward Bonder, Associate Professor Faculty Arts and Sciences - Department Biological Sciences (b) Dr. Wayne Eastman, Professor Rutgers Business School - Supply Chain Management (c) Dr. Francis Bartkowski, Professor Faculty Arts and Sciences - Department of English; (d) Dr. Kinna Perry, Associate Dean Graduate School-Newark (e) Dr. Kyle Farmbry, Dean of the Graduate School-Newark. 3. Any and all documents or emails which refer to Record Request Information Item #1 and #2 above either in the body of the email or document or in its attachment. 4. Any and all records created including metadata in responding to this OPRA request.
Preferred Method to Receive Records: Electronic via Records Center
:
Please Choose: I agree with the statement above.
Exemptions:
Additional Exemptions Applied:
Estimated Page Count:
Estimated Hours:
Hourly Wage Applied:
Special Services Fee Total:

Date Payment Received:
Amount of Payment Received:
**Legal Information**:
Legal Review Required:
Initial Legal Review Completed:
Executive Order No. 21 (McGreevey 2002) - 1:
Executive Order No. 26 (McGreevey 2002) - 9:

| | |
|---|---|
| **From:** | Elizabeth Minott |
| **To:** | Casey Woods |
| **Subject:** | RE: Work Order: R004112-031918:: R004112-031918 |
| **Date:** | Monday, April 2, 2018 10:31:45 AM |

Agreed

**From:** Casey Woods [mailto:caseywoo@uec.rutgers.edu]
**Sent:** Wednesday, March 28, 2018 1:53 PM
**To:** Elizabeth Minott
**Subject:** Work Order: R004112-031918:: R004112-031918

Advisory, Consultative, Deliberative

Reference No: R004112-031918
Request Status: Assigned
Service Request Type: Open Public Records Act Request
Priority: Medium
Assigned To: Casey Woods
Customer Email: je@jamieepsteinlaw.com
Name: Mr. Jamie Epstein
Customer Phone: 8569799925
Create Date: 3/19/2018 10:29:28 AM
Update Date: 3/20/2018 12:56:19 PM
Last Reviewed: 3/19/2018 10:29:32 AM
Source: Email
: Open Public Records Center
: Rutgers University
:
:
Is this request related to athletics?: No
Category of Requestor: Attorney
Type of Record(s) Requested: Other/Unknown
Describe the Record(s) Requested: With all personal identification information (PII)
redacted1, any and all documents, whether in electronic or paper media of the following: a. the
disciplinary case file of any and all Rutgers Newark Graduate Student charged with a
separable offense from 1/1/2013 to present.
Preferred Method to Receive Records: Electronic via Records Center
:
Please Choose: I agree with the statement above.
Exemptions:
Additional Exemptions Applied:
Estimated Page Count:
Estimated Hours:

**Pa-115**

Hourly Wage Applied:
Special Services Fee Total:
Date Payment Received:
Amount of Payment Received:
**Legal Information**:
Legal Review Required:
Initial Legal Review Completed:
Executive Order No. 21 (McGreevey 2002) - 1:
Executive Order No. 26 (McGreevey 2002) - 9:

| From: | Peggy Pouliot |
|-------|---------------|
| To: | Casey Woods |
| Cc: | Peter Camp |
| Subject: | Work Order: R004095-031318:: R004095-031318 |
| Date: | Tuesday, April 17, 2018 3:18:12 PM |

Hi Casey,

Advisory, Consultative, Deliberative

Peggy

 RUTGERS
UNIVERSITY HUMAN RESOURCES

Margaret S. Pouliot (Peggy)
University Human Resources
Manager Faculty & Staff Resource Center
p: (848-932-3942)
f: (732-932-0047)
e: pouliot@hr.rutgers.edu

CONFIDENTIALITY NOTICE: This email communication is confidential, advisory, and deliberative, and may contain private, confidential, or legally privileged information intended for the sole use of the designated and/or duly authorized recipient(s). If you are not the intended recipient or have received this email in error, please notify the sender immediately by email and permanently delete all copies of this email including all attachments without reading them. If you are the intended recipient, secure the contents in a manner that conforms to all applicable state and/or federal requirements related to privacy and confidentiality of such information.

| From: | je |
| --- | --- |
| To: | Casey Woods |
| Cc: | Walter Luers |
| Subject: | ZH: [Records Center] Open Public Records Act Request :: R004095-031318 |
| Date: | Saturday, April 7, 2018 11:32:20 AM |

Mr. Woods:

I do not waive my right to complain that the response to the March 13 request delayed until April 20 violates the Open Public Records Act.

Jamie Epstein Law.com


On 4/6/2018 5:03 PM, Rutgers Open Public Records Center wrote:


--- Please respond above this line ---

Reference: Rutgers Open Public Records Request # R004095-031318

Dear Mr. Epstein,

Please accept this letter as the University Custodian of Records response to your request for records pursuant to the Open Public Records Act ("OPRA"). On March 13, 2018, this office received your request for the following:

"1. Any and all documents, whether in electronic or paper media, which make reference to Zhijian Hong (aka ZH) and are dated between 1/1/2017 to present. Documents requested include, but are not limited to: (a) financial records (requested immediately pursuant to N.J.S.A. 47:1A-5) such as bills, invoices, receipts, ledger accounts, payments, both sides of canceled checks, etc.; (b) academic records such as records kept by staff who provided ZH educational services, transcripts, notes, letters, emails, reports, tests, etc.; (c) administrative records such as health records, discipline records, etc.; (d) communication records such as emails, memos, text messages, voice mail, letters, etc. sent or received by staff, administrators, contractors or agents of the University. Email search: where the sender or recipients is a staff, administrator, contractor or agent of the University and the body or subject of the email refers to Zhijian Hong or ZH 136003725

2. Regarding each employee listed below the following information is requested: title, position, salary, payroll record, length of service, data contained in the information which disclose conformity with specific experiential, educational or medical qualifications required for employment, date of separation (if any) and the reason and the employee's employment contract (which is requested immediately pursuant to NJSA 47:1A-5). (a) Dr. Edward Bonder, Associate Professor Faculty Arts and Sciences - Department Biological Sciences (b) Dr. Wayne Eastman, Professor Rutgers Business School - Supply Chain Management

**Pa-118**

(c) Dr. Francis Bartkowski, Professor Faculty Arts and Sciences - Department of English; (d) Dr. Kinna Perry, Associate Dean Graduate School-Newark (e) Dr. Kyle Farmbry, Dean of the Graduate School-Newark.
3. Any and all documents or emails which refer to Record Request Information Item #1 and #2 above either in the body of the email or document or in its attachment.
4. Any and all records created including metadata in responding to this OPRA request."

The University is attempting to locate offer letters for the individuals mentioned in portion 2 of this request in our archives. We require an extension until April 20, 2018 to determine whether there are any further responsive records.

If you have any questions or concerns, please contact me at my office at 973.972.1887.

Sincerely,

Casey Woods
Office of Custodian of Records
Rutgers, The State University of New Jersey
973.972.1887

To monitor the progress or update this request please log into the Open Public Records Center.

# EXHIBIT E

COHN LIFLAND PEARLMAN
HERRMANN & KNOPF LLP
Walter M. Luers, Esq., No. 034041999
Park 80 West - Plaza One
250 Pehle Avenue, Suite 401
Saddle Brook, New Jersey 07663
(201) 845-9600
JAMIE EPSTEIN, ESQ.- 008081990
17 Fleetwood Drive
Hamilton, New Jersey 08690
Telephone: 856.979.9925
Attorneys for Plaintiff

| | |
|---|---|
| Chris Doe,                    Plaintiff,<br>v.<br>RUTGERS, THE STATE UNIVERSITY OF NEW JERSEY and Jewell Battle in her official capacity as the OPRA ADMINISTRATOR and RECORDS CUSTODIAN of Rutgers University, Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: MIDDLESEX COUNTY<br>DOCKET NO. MID-L-_____-____<br>CIVIL ACTION<br>**(PROPOSED) FINAL ORDER** |

THIS MATTER having been brought before the Court pursuant to R. 4:67-1 and 2(a) by

Jamie Epstein, ESQ and Walter M. Luers, ESQ, for Plaintiff, by Verified Complaint and Order to Show

Cause for an Order requiring Defendants, RUTGERS, THE STATE UNIVERSITY OF NEW JERSEY

and Jewell Battle in her official capacity as the OPRA ADMINISTRATOR and RECORDS

CUSTODIAN of Rutgers University, and the Court having considered the papers submitted by the

parties, and having heard oral argument; and for the reasons set forth on the record on

_____, 2021, and for good cause shown,

IT IS on this _____ day of _____, 2020, ORDERED

1. Defendants shall provide Plaintiff with copies of the following records in pdf media of:

      A.      De-identified disciplinary records of other Rutgers Newark Graduate Students

      charged with a separable offense;

      B.      Plaintiff's own student records of Defendants' communications making

      reference to Plaintiff as requested by Plaintiff in Plaintiff's OPRA Requests of 4/3/21 and

      4/13/21; and

       C.       After *in-camera* review, the non-privileged portion of the redacted 102 page record in response to the 4/3/21 OPRA Request item 4, OPRA search/response records improperly asserting various privileges.

2.       An award of costs of this action and reasonable attorneys' fees;

3.       Such other, further and different relief as the Court may deem equitable and just.

4.       A copy of this Order shall be served upon all parties by operation of the eCourts system.

_____
          HON. _____ , J.S.C.

This order was:

OPPOSED _____

UNOPPOSED _____

# EXHIBIT F

COHN LIFLAND PEARLMAN
HERRMANN & KNOPF LLP
Walter M. Luers, Esq., No. 034041999
Park 80 West - Plaza One
250 Pehle Avenue, Suite 401
Saddle Brook, New Jersey 07663
(201) 845-9600
JAMIE EPSTEIN, ESQ.- 008081990
17 Fleetwood Drive
Hamilton, New Jersey 08690
Telephone: 856.979.9925
Attorneys for Plaintiff

| | |
|---|---|
| Chris Doe[1],                 Plaintiff, <br> v. <br> RUTGERS, THE STATE UNIVERSITY OF NEW JERSEY and Jewell Battle in her official capacity as the OPRA ADMINISTRATOR and RECORDS CUSTODIAN of Rutgers University, Defendants. | SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION: MIDDLESEX COUNTY <br> DOCKET NO. MID-L-_____-\_\_\_ <br> CIVIL ACTION <br> **VERIFIED COMPLAINT** |

Plaintiff Chris Doe, through counsel, Law Offices of Walter M. Luers, LLC &

Jamie Epstein, Attorney at Law, and by way of verified complaint against the Defendants

Rutgers, The State University of New Jersey and Jewell Battle in her official capacity as the

OPRA Administrator and Records Custodian of Rutgers University, alleges as follows:

### PRELIMINARY STATEMENT

1.      This is an action under the Open Public Records Act, N.J.S.A. 47:1A-1 et seq., seeking a copy

of his own student records from 1/1/17 to the present and the de-identified disciplinary records of other

Rutgers Newark Graduate Students charged with a separable offense as per Plaintiff's OPRA Request

received by Defendant on 4/3/21 and 4/13/21.

### PARTIES

---

1 Chris Doe is a fictitious name used to protect the plaintiff/student's right to confidentiality of the plaintiff/student's records under state and federal law which are the subject of civil action. The *Federal Family Educational Rights and Privacy Act of 1974* (FERPA), 20 U.S.C.S. § 1232g, *New Jersey Pupil Records Act*, N.J.S.A. § 18A:36-19, *L.R. v. Camden City Pub. Sch. Dist.*, 452 N.J. Super. 56, 86 (NJAD 2017) ("to safeguard the reasonable privacy interests of parents and students against the opposing interests of third parties who may seek access to their student records ")

1

2.      Plaintiff Chris Doe is a citizen of the State of New Jersey, a natural person and a former student

of Rutgers University. Chris Doe's current State of residence is New Jersey.

3.      Defendant Rutgers, the State University of New Jersey, is a public entity of the State of New

Jersey and is a public agency within the meaning of N.J.S.A. 47:1A-1.1. With respect to requests for

public records, on information and belief, Rutgers' principal place of business is 65 Bergen Street, Suite

1346, Newark, New Jersey.  Rutgers is a public institution of higher education and is subject to all

applicable state and federal laws pertaining to the maintenance and dissemination of its students'

records.

4.      Defendant Jewell Battle, sued in her official capacity as the  OPRA Administrator and Records

Custodian of Rutgers, is a "custodian of a government record" as that term is defined by OPRA,

N.J.S.A. 47:1A-1.1. On information and belief, Defendant University Custodian of Records' principal

place of business is 65 Bergen Street, Suite 1346, Newark, New Jersey.

## JURISDICTION AND VENUE

5.      Venue is properly laid in Middlesex County. R. 4:3-2(a).

6.      This Court has subject matter jurisdiction pursuant to OPRA, N.J.S.A.

47:1A-6.

## FACTUAL ALLEGATIONS

7.      From September 2010 to October 2017, Plaintiff was a student at Rutgers University in the

graduate school of business - Newark.

8.      While at Rutgers University, all of Plaintiff's personally identifiable student records were non-

public records because of Plaintiff's's status as a student.

9.      Rutgers University receives funding under programs that are administered by the United States

Department of Education. As such, Rutgers University is subject to the Family Educational Rights and

Privacy Act ("FERPA"), which requires Rutgers University to not disclose personally identifiable

2

information from a student's records. Doing so risks loss of funding.

10.     Because Plaintiff was a student of Rutgers, Plaintiff was within the class of persons whose

personally identifiable information was protected by FERPA.

11.     Rutgers University's duty to safeguard the privacy of Plaintiff's personally identifiable

information continues indefinitely, regardless of whether Plaintiff is a student at Rutgers.

## I.     THE 4/3/21 OPRA REQUEST (OPRA1)

12.     Via 4/3/21, email, Plaintiff's attorney, Jamie Epstein, Esquire, transmitted Plaintiff's OPRA

Request for Defendants to deliver the following records in pdf format via email:

> Records, whether in electronic or paper media, which make reference to [plaintiff's
> name, initials and student id #]. Documents requested include, but are not limited to:
> **(1) academic records:** [plaintiff's initials] file kept by Dr. Edward Bonder, Associate Professor,
> Faculty Arts and Sciences - Department of Biological Sciences; (b) Dr. Wayne Eastman,
> Professor Rutgers Business School – Supply Chain Management; (c) Dr. Francis Bartkowski,
> Professor Faculty Arts and Sciences – Department of English; (d) Dr. Kinna Perry, Associate
> Dean Graduate School-Newark; (e) Dr. Kyle Farmbry, Dean of the Graduate School-Newark.
> Date range 1/1/17 to present.
> **(2) communications records** such as emails, memos, text messages, voice mail, letters, etc.,
> sent or received by staff, administrators, contractors or agents of the University.
> **search information:**
> **senders or recipients:** Dr. Edward Bonder, Associate Professor, Faculty Arts and Sciences -
> Department of Biological Sciences; (b) Dr. Wayne Eastman, Professor Rutgers Business School
> – Supply Chain Management; (c) Dr. Francis Bartkowski, Professor Faculty Arts and Sciences –
> Department of English; (d) Dr. Kinna Perry, Associate Dean Graduate School-Newark; (e) Dr.
> Kyle Farmbry, Dean of the Graduate School-Newark: (e) [plaintiff's real name] or [plaintiff's
> initials]
> **body or subject:** [plaintiff's name] or [plaintiff's initials].
> **date range:** 1/1/2017 to present
> **(3) other student discipline records:** with all personal identification information (PII)
> redacted: the disciplinary case file of any Rutgers Newark Graduate Student charged with a
> separable[2] offense from 1/1/2015 to present.

---

2    (this footnote was appended to item #3) A separable offense is defined by Rutgers University as, "*2. Separable*
*Violations* Separable violations are very serious violations of academic integrity that affect a more significant portion of
the coursework compared to nonseparable violations. Separable violations are often characterized by substantial
premeditation or planning and clearly dishonest or malicious intent on the part of the student committing the violation.
Below are some examples of violations that are most often considered separable. Again, the list is certainly not
exhaustive and classification of a given violation as separable or nonseparable is always heavily dependent on the exact
facts and circumstances of the violation.
   · A second nonseparable violation.
   · Substantial plagiarism on a major assignment.
   · Copying or using unauthorized materials, devices, or collaboration on a major exam.

3

**4. OPRA Requests Response Search Records:**
    a. Emails with attachments of the University Ethics and Compliance Office of the Custodian's search in response to [plaintiff 's] OPRA Request of 3/13/18 or 3/16/18.
    b. The metadata showing the folders, sub-folders and files containing the records of the Records Custodian's search in response to [plaintiff's] OPRA Request of 3/13/18 or 3/16/18 Record Request.

13.    Attached to the 4/3/21 OPRA Request was Plaintiff's executed Authorization for Defendants to provide the records to Plaintiff's attorney, Jamie Epstein, Esquire.

14.    On 4/14/21, Defendant responded to Plaintiff's 4/3/21 OPRA Request:

    In regards to item 1, academic records, Defendant provided the following partial response: Please see attached for academic records provide by Dr. Edward Bonder in response to this portion of the request consisting of 2 files (Impact_of_Employee_Referral_copy.pdf and Wentzel_Tomczak_Henkel_2014.pdf ) and requested an extension to 4/22/21.
    In regards to item 2, communication records, Defendant requested an extension to 4/22/21.
    In regards to item 3, other students' disciplinary records, Defendants denied the request as overly-broad.
    In regards to item 4, Defendant requested an extension to 4/22/21.

15.    On 4/22/21, in response to the 4/3/21 request, Defendants provided 2 records in response to item 1, academic records (truman_thesis.pdf and Hearing_Board_Roster.pdf) and requested an extension to 4/28/21.

16.    On 4/28/21, Defendants provided 5 records in response to item 1, academic records (AI_Prelim_Report.(1).pdf, Comparison_Report_(1).docx, Open_Case.docx Prelim_AI_Report.pdf, [plaintiffs name].pdf ) and extended their response to 5/6/21.

17.    On 5/6/21, Defendants extended their response deadline to 5/13/21.

18.    On 5/13/21, Defendants extended their response deadline to 5/20/21.

19.    On 5/20/21, Defendants extended their response deadline to 5/27/21.

---

- Having a substitute take an examination.
- Making up or falsifying evidence or data or other source materials for a major assignment, including falsification by selectively omitting or altering data that do not support one's claims or conclusions.
- Facilitating dishonesty by another student on a major exam or assignment.
- Intentionally destroying or obstructing another student's work.
- Knowingly violating research or professional ethics.
- Any violation involving potentially criminal activity."

20.     On 5/27/21, Defendants provided 1 heavily redacted 102 page record in response to item 4,

OPRA search/response records asserting various privileges (i.e., attorney-client, work product,

deliberative, etc.)

21.     On 5/27/21, Defendants extended their response deadline to 6/3/21.

22.     On 6/3/21, Defendants extended their response deadline to 6/10/21.

23.     On 6/10/21, Defendants advised they had located 1,400 responsive records and asked if the

search criteria could be narrowed.

24.     On 6/10/21, Plaintiff responded,

> "its been over 2 months since the request was received by your office. you are saying request
> #2, where "[plaintiff] is in the subject or body of the communication record", there are 1200
> records? I can narrow the request by eliminating sender/recipient "(e) [plaintiff's name]
> [plaintiff's name] or [plaintiff's initials]", how many responsive records do you get now?
> remember to include any attachments to the emails."

25.     On 6/10/21, Defendants extended their response deadline to 6/15/21.

26.     On 6/16/21, Defendants requested the search criteria of "plaintiff's initials" be eliminated.

27.     On 6/16/21, Plaintiffs responded, as per the 6/10/21 email plaintiff's name and initials may only

be eliminated from the sender/recipient search criteria.

28.     On 6/16/21, Defendants extended their response deadline to 6/23/21.

29.     On 6/17/21, Plaintiff wrote Defendant, the request is over 2 months old how many records have

you found are responsive to each item, 1. , 2. , 3?

30.     On 6/22/21, Defendants wrote Plaintiffs;

> Please note the following regarding your request:
> 1. We have provided you responsive records for portion 1 of your request. The number of pages
> for these records does not count towards the calculation of the special services fee.
> 2. In accordance with your previous correspondence, we are not processing the portion of your
> request seeking [plaintiff's name] [plaintiff's name]'s emails. The number of responsive records
> are as follows for the remainder of individuals identified in this portion of your request:
> - Bonder: 134 pages of responsive email records
> - Bartkowski: 372 pages of responsive email records

5

- Perry: 751 pages of responsive email records
- Farmbry: 703 pages of responsive email records

The total number of pages of responsive email records is 1960. The University understands that you do not wish to further narrow your request. Please see below for information regarding the special services fee to process portion 2 of your request.

Pursuant to N.J.S.A. 47:1A-5(c), an agency is authorized to impose a special service charge where the agency must make an extraordinary expenditure of time and effort to accommodate a request to inspect government records.

This request has 1,960 pages to be reviewed and potentially redacted. At the rate of 40 pages per hour, the request will require 49 hours. As the University does not charge for the first four hours of review and redaction, the special services fee shall be $2,025 based on 45 hours at $45.00 dollars per hour, as summarized below:

Total Pages: 1960
Total time for review/redaction (40 pages/hour): 49 hours
Actual cost ($45.00/hour x 49 hours): $2,205
Total waived ($45.00 x first 4 hours): $180.00
Total charged: $2,025

If you choose to request the records, you must pay the special service charge prior to the work commencing.

## II.    THE 4/13/21 OPRA REQUEST (OPRA2)

31.    On 4/13/21, Plaintiff submitted another OPRA Request:

Records, whether in electronic or paper media, which make reference to [plaintiff's name, initials, student id #] Documents requested include, but are not limited to:
(1) **academic records:** [plaintiff's initials]'s file kept by (a) Dr. Daniel Wentzel, Distinguished Professor Materials Science and Engineering and (b) Dr. Sengu Yeniyurt, Dean's Research Professor and the Chair of the Marketing Department . Date range 1/1/17 to present.
(2) **communications records** such as emails, memos, text messages, voice mail, letters, etc., sent or received by staff, administrators, contractors or agents of the University.
**search information:**
**senders or recipients**: (a) Dr. Daniel Wentzel, Distinguished Professor Materials Science and Engineering and (b) Dr. Sengu Yeniyurt, Dean's Research Professor and the Chair of the Marketing Department . (e) [plaintiff] or [plaintiff's initials]
**body or subject:** [plaintiff] or [plaintiff's initials]
**date range:** 1/1/2017 to present
**(3) OPRA Requests Response Search Records:**
    a. Emails with attachments of the University Ethics and Compliance Office of the Custodian's search in response to [plaintiff's] OPRA Request of 4/6/21.
    b. The metadata showing the folders, sub-folders and files containing the records of the Records Custodian's search in response to [plaintiff's] OPRA Request of 4/6/21.

32.    Attached to the 4/13/21 OPRA Request was Plaintiff's executed Authorization for Defendants to

6

provide the records to Plaintiff's attorney, Jamie Epstein, Esquire

33.    On 4/22/21, Defendants extended their response deadline to 4/29/21.

34.    On 4/29/21, Defendants extended their response deadline to 5/6/21.

35.    On 5/6/21, Defendants extended their response deadline to 5/13/21.

36.    On 5/13/21, Defendants extended their response deadline to 5/20/21.

37.    On 5/20/21, Defendants extended their response deadline to 5/27/21.

38.    On 5/27/21, Defendants extended their response deadline to 6/3/21.

39.    On 6/3/21, Defendants extended their response deadline to 6/10/21.

40.    On 6/10/21, Defendants extended their response deadline to 6/15/21.

41.    On 6/17/21, Defendants extended their response deadline to 6/22/21.

42.    On 6/24/21, Defendants extended their response deadline to 7/1/21.

43.    On 7/3/21, Defendants extended their response deadline to 7/9/21.

44.    On 7/12/21, Defendants provided the following 5 records to request 1 academic information;

([plaintiff] NOTES.docx, Event_Data_Term_Paper_-_Truman_[plaintiff].docx

truman_thesis.pdf, truman_thesis_highlights.pdf, [plaintiff] _Thesis_Highlighted.pdf )

45.    Also on 7/12/21, Defendant wrote Plaintiff in response to Request 2 for communication records:

> We are only able to process the portions of your request seeking communications records of Dr.
> Sengu Yeniyurt and [plaintiff's name]. We were not able to conduct a search of Dr. Wentzel's
> emails as he is not in our IT system. However, we have included his name as a keyword in the
> search of Dr. Yeniyurt and [plaintiff's name]'s emails in addition to the keywords you provided.
> As stated in your other public records request, we are aware that you do not wish to narrow:
> The number of responsive records are as follows for the remainder of individuals identified in
> this portion of your request:
> - Yeniyurt: 4031 pages of responsive email records
> - [plaintiff's name]: 577 pages of responsive email records
> The total number of pages of responsive email records is 4608. Please see below for
> information regarding the special services fee to process portion 2 of your request.
> Pursuant to N.J.S.A. 47:1A-5(c), an agency is authorized to impose a special service charge
> where the agency must make an extraordinary expenditure of time and effort to accommodate a
> request to inspect government records.
> This request has 4608 pages to be reviewed and potentially redacted. At the rate of 40 pages per

hour, the request will require 115 hours. As the University does not charge for the first four hours of review and redaction, the special services fee shall be $4995 based on 111 hours at $45.00 dollars per hour, as summarized below:

Total Pages: 4608
Total time for review/redaction (40 pages/hour): 115 hours
Actual cost ($45.00/hour x 49 hours): $5175
Total waived ($45.00 x first 4 hours): $180
Total charged: $4995

If you choose to request the records, you must pay the special service charge prior to the work commencing.

### III.    *Doe v. Rutgers, State Univ. of N.J.*, 466 N.J. Super. 14 (NJAD 2021)

46.    On 1/12/21, the Appellate Division decided the parties' prior OPRA civil action on appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-1651-18. .

47.    Specifically, in regards to Plaintiff's prior request for de-identified disciplinary records of other Rutgers Newark Graduate Students charged with a separable offense, the Appellate Division, at 30, held,

> Lastly, we turn to Request Five seeking disciplinary files — with PII redacted — of all Rutgers Newark graduate students charged with a separable offense from January 1, 2013 to the present. Despite plaintiff's efforts to comply with OPRA's requirement that student records not disclose the student's identity, N.J.S.A. 47:1A-1.1, the trial court was correct in ruling the records were not subject to disclosure because the request was overbroad. Plaintiff fails to provide any reference to disciplinary guidelines indicating what charge might result in a student being separated or expelled from a graduate program. Leaving it to defendants to research and compile a database to determine what discipline records were exempted or could be redacted makes the request overbroad.

48.    Plaintiff's 4/3/21 OPRA Request, item 2 request (*supra,* ¶12, n. 2), fully conforms with the Appellate Division's specifications as how to properly delineate the request for de-identified other students' disciplinary records.

### FIRST COUNT

### (OPEN PUBLIC RECORDS ACT – N.J.S.A. 47:1A-1, ET SEQ.)

50.    Plaintiff hereby repeats and incorporates by reference paragraphs 1-48 of this Verified

Complaint.

51.     Defendants' denial of access to Plaintiff's 4/3/21 OPRA Request, item 2, for de-identified

disciplinary records of other Rutgers Newark Graduate Students charged with a separable offense

because it was overly-broad (*supra,* ¶14) constituted a denial of access in violation of OPRA.

52.     Defendants' service charges of $2,025 and $4,995 constitute a denial of access to Plaintiffs'

4/3/21 and 4/13/21 request for Plaintiff's own student records of Defendants' communications making

reference to Plaintiff.

53.     As matter of law, Defendants are prohibited from charging a student for the costs to search for

or retrieve the student's own education records.  34 CFR § 99.11(b), 20 U.S.C. 1232g(a)(1)

54.     The information requested by Plaintiff and withheld by Defendants are public records within

the definition of N.J.S.A. 47:1A-1.1.

55.     Defendants violated OPRA by not providing access to the information sought by Plaintiff.

        WHEREFORE, Plaintiff demands:

        A.      An order or judgment compelling access to of PDF copies of the following records:

                i.   De-identified disciplinary records of other Rutgers Newark Graduate Students

                     charged with a separable offense;

                ii.  Plaintiff's own student records of Defendants' communications making reference

                     to Plaintiff.;

                iii. Based on an in-camera review, the non-privileged records of the heavily redacted

                     102 page record in response to item 4, OPRA search/response records

                     improperly asserting various privileges.

        B.      An award of costs of this action and reasonable attorneys' fees; and

        C.      Such other, further and different relief as the Court may deem equitable

        and just.

## DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designates Walter M. Luers as trial counsel.

## CERTIFICATION PURSUANT TO R. 1:38-7(B)

I certify that confidential personal identifiers have been redacted from documents now submitted to the Court, and will be redacted from all documents submitted in the future.

## CERTIFICATION OF NO OTHER ACTIONS

Pursuant to R. 4:5-1, it is hereby stated that the matter in controversy is not the subject of any other action pending in any other court or of a pending arbitration proceeding to the best of my knowledge and belief. To the best of my belief, no other action or arbitration proceeding is pending or contemplated. Further, other than the parties set forth in this pleading, I know of no other parties that should be joined in the above action. In addition, I recognize the continuing obligation of each party to file and serve on all parties and the Court an amended certification if there is a change in the facts stated in this original certification.

Respectfully submitted,

*Walter M. Luers, Esq/s*
WALTER M. LUERS, ESQ.
Dated: 8/2/21

JAMIE EPSTEIN, ESQ.
Dated: 8/2/21

## VERIFICATION

I, Chris Doe am the Plaintiff in the within case and do hereby verify the following statements are made based upon personal knowledge or is based upon information and belief, as this is the understanding of the law as it has been explained to me.

I certify on this 31st day of July, 2021, the foregoing statements made by me are true and that if

10

the statements are willfully false or misleading, I understand that I am subject to punishment.

Chris Doe, Plaintiff

11

# Civil Case Information Statement

### Case Details: MIDDLESEX | Civil Part Docket# L-005051-21

**Case Caption:** DOE CHRIS VS RUTGERS, THE STATE U
NIVERSITY

**Case Initiation Date:** 08/26/2021

**Attorney Name:** JAMIE MARK EPSTEIN

**Firm Name:** JAMIE EPSTEIN

**Address:** 17 FLEETWOOD DR
HAMILTON NJ 08690

**Phone:** 8569799925

**Name of Party:** PLAINTIFF : DOE, CHRIS

**Name of Defendant's Primary Insurance Company**
(if known): None

**Case Type:** OPEN PUBLIC RECORDS ACT (SUMMARY ACTION)

**Document Type:** Verified Complaint

**Jury Demand:** NONE

**Is this a professional malpractice case?** NO

**Related cases pending:** YES

**If yes, list docket numbers:** MID-L-001651-18

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: CHRIS DOE?** NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Other(explain)  STUDENT/UNIVERSITY

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
    **If yes, for what language:**


**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO


I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

08/26/2021
Dated

/s/ JAMIE MARK EPSTEIN
Signed